Ronald Wilcox SBN 176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San José, CA 95126-1001
Tel:  (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@yahoo.com

Balám O. Letona SBN 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: (831) 421-0200
Fax: (831) 621-9659
Email: letonalaw@gmail.com

Attorneys for Plaintiff(s):
MARTHA VASQUEZ PINTOR

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSÉ DIVISION

| | |
|---|---|
| MARTHA VASQUEZ PINTOR,<br><br>               Plaintiffs,<br><br>v.<br><br>CREDIGY SERVICES CORPORATION,<br>CREDIGY RECEIVABLES INC.,<br>CREDIGY SOLUTIONS INC., BRETT<br>BOYDE, MARK DOE and DOES 1-10,<br>inclusive,<br><br>               Defendant(s). | Case No. C07-06428 JF-HRL<br><br>**FIRST AMENDED COMPLAINT**<br><br>**FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL**<br>15 United States Code § 1692 *et seq*.,<br>Cal. Civ. Code §1788 *et.seq*., Intrusion<br>Upon Seclusion, Negligence, Negligent<br>Training & Supervision, Tort In Se |

## I.  INTRODUCTION

1.  Plaintiff, Martha Vasquez Pintor, ("Ms. Vasquez") is a disabled, unsophisticated

Spanish speaking consumer that lives in Watsonville, CA.  Defendants Credigy

Services Corporation, Credigy Receivables Inc., Credigy Solutions Inc., is a sophisticated entity that specializes in buying portfolios of old non-performing consumer debts, many of which are time barred, and then attempts to collect on these stale debts by threats of arrest, fear, harassment, and annoyance.

2. Defendants engaged in unlawful and abusive acts directed towards Plaintiff, including: 1) ignoring a refuse to pay/cease communication's order and repeatedly calling and sending collection letters to Plaintiff, 2) false threats of arrest, 3) making repeated telephone calls several times a day with the intent to abuse and annoy, 4) leaving repeated and unlawful pre-recorded telephone messages, and 5) engaging in false, abusive and misleading statements, all in an attempt to collect a debt that is almost 9 years old.  Defendants conduct is part of a pattern, practice and business plan of unlawful collection abuse thereby warranting punitive damages.

3. In enacting the Fair Debt Collection Practices Act in 1978, the U.S. Congress found:

"[t]here is abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of individual privacy.  Existing laws and procedures for redressing these injuries are inadequate to protect consumers.  Means other than misrepresentation or abusive debt collection practices are available for the effective collection of debts.  Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.  It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse."  15 U.S.C. § 1692a.

4. Defendants' unlawful collection practices caused Plaintiff to suffer physical and emotional injury, including fear, extreme anxiety, stress, chest pains, vertigo,

dizziness, fainting sensations, depression, family instability and embarrassment, amongst other injury.

## II.    **FACTUAL ALLEGATIONS**

5. Around 2006, Defendants began sending collection letters to Ms. Vasquez and telephoning her cell phone in an attempt to collect a debt.

6. On or about December 21, 2006, Defendants caused to be mailed a collection letter to Ms. Vasquez, a true and correct copy of which is attached as **Exhibit 1**.  **Exhibit 1** demanded payment for an alleged debt.  **Exhibit 1** is Defendants' initial written communication with Plaintiff.

**Ms. Vasquez refuses to pay and is threatened with arrest**

7. Sometime after December 21, 2006, Ms. Vasquez received the collection letter.  She did not recognize the name Credigy and called the number listed on the collection letter to inquire about the matter.

8. Defendants immediately asked Ms. Vasquez to recite her name, Social Security number, and address, which she did.  Then Defendants told Ms. Vasquez that the information she provided matched their records and that she owed a debt to Wells Fargo for credit card charges.

9. Also, Defendants told Ms. Vasquez that no payment had been made since August of 1999 and she owed Credigy over $17,000.00.  Ms. Vasquez said that she did not recognize the debt and that she would not pay.

10. Ms. Vasquez informed Defendants that she was unemployed, lived on a fixed income and received disability benefits from Social Security.

11. Nonetheless, Defendants demanded that Ms. Vasquez pay the debt.  Defendants told Ms. Vasquez that Defendants knew her name, Social Security number, and address and that if she did not pay they would come and arrest her.

12. Ms. Vasquez felt as if things were coming down on her and felt pressured to pay a debt that she disputed.

3

13. Ms. Vasquez had multiple conversations with Defendants and during each one she told Defendants that she would not pay the debt.

14. Further, during many conversations Ms. Vasquez told Defendants that she was disabled.  However, Defendants did not relent.  Defendants telephoned Ms. Vasquez on a repeated and frequent basis with the intent to annoy, abuse, and harass Ms. Vasquez into paying the time barred debt.

15. Finally, to put a stop to Defendants abuse and to put an end to her constant feelings of worry, anxiety and panic, Ms. Vasquez sent a letter to Defendants.  In that letter, dated January 23, 2007, Ms. Vasquez explained that she refused to pay the debt and that she disputed the debt, a true and correct copy of that letter is attached as **Exhibit 2**.

16. As a result of the Defendants' abusive and unlawful conduct, including the threats of arrest, Ms. Vasquez suffered physical and emotional injury, including fear, extreme anxiety, stress, chest pains, vertigo, dizziness, fainting sensations, depression, family instability and embarrassment, amongst other injury.

**Defendants ignore Ms. Vasquez's refuse to pay/cease communication order**

17. In response to Ms. Vasquez's letter, Defendants sent Ms. Vasquez a letter dated February 20, 2007, a true and correct copy of that letter is attached as **Exhibit 3**.

18. A portion of that letter states …
"I am writing on behalf of Credigy Services Corp. ("Credigy") in response to your prior correspondence.  Please note that an Account Validation letter was previously sent to you.  Accordingly, we are enclosing an Account Verification Statement to assist you in tracking the history of the account, as well as the balance as of February 20, 2007.  This account was originally a Wells Fargo, formerly owned by First Select, and now owned by Credigy Receivables, Inc.  We appreciate the opportunity to provide assistance to you.  For further inquireies, please feel free to call one of our representatives at 1-866-990-9962.  Sincerely, Brett Boyde Dispute Resolution Department"

19. Defendants never sent Plaintiff the Account Validation letter that Defendants purport to have sent.

20. Pursuant to Federal law, Defendants should have ceased all contact with Ms. Vasquez when they received the refuse to pay/cease communication order.  However, Defendants did not.  Instead, Defendants intensified their efforts to collect from Ms.

4

Vasquez by calling her on a repeated and constant basis and sending her more collection letters.

21. Defendants intrusive and abusive conduct caused Ms. Vasquez to suffer severe and substantial physical and emotional injury, including fear, extreme anxiety, stress, chest pains, vertigo, fainting sensations, depression, family instability and embarrassment, amongst other injury.

**Defendants continue to call on a repeated and continuing basis**

22. Defendants continued to call Ms. Vasquez on a constant and frequent basis.  Usually, Ms. Vasquez would not answer the telephone and Defendants would either hang up without leaving a message or leave an automated message.  The automated messages would expend minutes on her cell phone plan.

23. The constant telephone calls and messages continued to cause Ms. Vasquez to become irritated, anxious, worried and stressed.

24. At some point, in April of 2007 Ms. Vasquez became so desperate that she telephoned Defendants and told Defendants not to contact her anymore.  She also told Defendants that they kept calling her on a repeated basis, that she was disabled, that she lived on a fixed income and that she would not pay.

25. Additionally, Ms. Vasquez told Defendants that their contact was causing her a lot of stress.  Defendants acknowledged they were leaving messages for Ms. Vasquez and that they had noted that she was disabled, received disability, and that she would not pay.  Defendants then abusively hung up the phone on Plaintiff.

26. The telephone calls from Defendants continued.  During April 2007, Defendants left at least three prerecorded voice messages on Plaintiff's cell phone.  Plaintiff did not give her prior consent to the prerecorded calls to her cell phone.  In fact, on information and belief, Plaintiffs cell phone number was not obtained by the original creditor during the original transaction that resulted in the debt alleged to be owed.

27. Many times Defendants would call, let the telephone ring repeatedly, hang-up and not leave a message.

28. On information and belief, Defendants left other prerecorded voice messages on Plaintiff's cell phone after and before April 2007  Plaintiff did not giver her prior consent to the prerecorded calls to her cell phone.

29. Defendants also left prerecorded voice messages in June 2007 and September 2007 on Plaintiff's cell phone.  Plaintiff did not giver her prior consent to the prerecorded calls to her cell phone.

30. On information and belief, the prerecorded calls described above were initiated by a predictive dialer or an automatic telephone dialing system.  On information and belief, the prerecorded calls as described above were done willfully and knowingly by Defendants.

31. Additionally, Defendants continued to send letters demanding payment, a true and correct copy of two of those letters are attached as **Exhibit 4** and **Exhibit 5**.

32. All of the telephone conversations between Defendants and Plaintiffs, as described above, were conducted in Spanish

33. On information and belief, Defendants have call centers in Brazil.  On information and belief, many of the telephone calls and communication initiated by Defendants originated in Brazil.

34. Exhibit's 1-5 and all telephone and cell phone contacts described herein from Defendants were a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a (2), and "debt collection" as that term is defined in Cal. Civil Code §1788.2(b).

35. On information and belief, Defendants have a pattern, practice and business plan of abusive, and unlawful collection practices similar to the above.

36. On information and belief, Defendants contacted Plaintiff on other occasions other than those instances listed above.

37. Defendants acted with malice, fraud and/or oppression, warranting exemplary and/or punitive damages.

## III. JURISDICTION

38. Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d), 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

## IV.  VENUE AND PARTIES

39. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

40. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## V.  INTRADISTRICT ASSIGNMENT

41. This lawsuit should be assigned to the San José Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Cruz County.

## VI. PARTIES

42. Plaintiff, Martha Vasquez Pintor is a natural person residing in Santa Cruz County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

43. Ms. Vasquez suffers from arthritis and is "disabled" as that term is defined by Civil Code section 1761.

44. Ms. Vasquez's disability substantially limits major life functions and impacts her ability to work, perform manual tasks, walk, and physical and emotional state.

45. Ms. Vasquez is more vulnerable that other members of the public to Defendant's unlawful conduct because of age, poor health and or infirmity and disability, and suffered substantial physical and emotional damage from the defendant's conduct.

46. Defendant, Credigy Services Corporation, (hereinafter "Defendant Credigy") is a Nevada corporation engaged in the business of collecting debts in this state with its principal place of business located at 1201 W. Peachtree Street, Ste. 3500 Atlanta, GA, 30309.  On information and belief, Defendant Credigy maintains overseas offices in Brazil, and several communications were placed from such offices to Plaintiffs.

7

Defendant Credigy may be served as follows: Credigy Services Corp., c/o Registered Agents, LTD., 1201 West Peachtree Street., #3500, Atlanta, GA 30309, or 3950 Johns Creek Court, Suite 100, Suwannee, GA 30024.

47. The principal business of Defendant Credigy is the collection of debts using the mails and phone and Defendant Credigy regularly attempts to collect debts alleged to be due another. Defendant Credigy is a "debt collector" within the meaning of 15 U.S.C. § 1692a (6). Defendant Credigy is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Additionally, Defendant Credigy is a "debt collector" as that term is defined by Cal. Civil Code § 1788.2(c).

48. Credigy Receivables Inc., (hereinafter "Defendant Credigy Receivables") is a Nevada corporation engaged in the business of collecting debts in this state with its principal place of business located at 1201 W. Peachtree Street, Ste. 3500 Atlanta, GA, 30309. On information and belief, Defendant Credigy Receivables maintains overseas offices in Brazil, and several communications were placed from such offices to Plaintiffs. Defendant Credigy Receivables may be served as follows: Credigy Receivables Inc., c/o Pacific Corporate & Title Services, 914 S. Street, Sacramento, CA 95814.

49. The principal business of Defendant Credigy Receivables is the collection of debts using the mails and phone and Defendant Credigy Receivables regularly attempts to collect debts alleged to be due another. Defendant Credigy Receivables is a "debt collector" within the meaning of 15 U.S.C. § 1692a (6). Defendant Credigy Receivables is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Additionally, Defendant Credigy Receivables is a "debt collector" as that term is defined by Cal. Civil Code § 1788.2(c).

50. Credigy Solutions Inc., (hereinafter "Defendant Credigy Solutions"), is a Georgia corporation engaged in the business of collecting debts in this state with its principal place of business located at 1201 W. Peachtree Street, Ste. 3500 Atlanta, GA, 30309. On information and belief, Defendant Credigy Solutions maintains overseas offices outside of the U.S.A., and several communications were placed from such offices to Plaintiffs. Defendant Credigy Solutions may be served as follows: Credigy Solutions

8

Inc., c/o Registered Agents, LTD., 1201 West Peachtree Street., #3500, Atlanta, GA 30309, or 3950 Johns Creek Court, Suite 100, Suwannee, GA  30024.

51. The principal business of Defendant Credigy Solutions is the collection of debts using the mails and phone and Defendant Credigy Solutions regularly attempts to collect debts alleged to be due another.  Defendant Credigy Solutions is a "debt collector" within the meaning of 15 U.S.C. § 1692a (6).  Defendant Credigy Solutions is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.  Additionally, Defendant Credigy Solutions is a "debt collector" as that term is defined by Cal. Civil Code § 1788.2(c).

52. Defendant Brett Boyde is a natural person, and an employee of Defendants.  Defendant Boyde collects debts using the mails and phone and he regularly attempts to collect debts alleged to be due another.  Defendant Boyde is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c) and a "debt collector" within the meaning of 15 U.S.C. § 1692a (6).

53. Defendant Mark Doe is a natural person, and an employee of Defendants.  Defendant Mark Doe collects debts using the mails and phone and he regularly attempts to collect debts alleged to be due another.  Defendant Mark Doe is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c) and a "debt collector" within the meaning of 15 U.S.C. § 1692a (6).

54. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants, DOES 1 through 10, are unknown to Plaintiffs at this time, who therefore sues said Defendants by such fictitious names.  When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this complaint accordingly.  Defendant is informed and believes, and thereon alleges, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and caused damages thereby to the Plaintiff, as hereinafter alleged.  Defendant, DOES 1-10, are and each of them is, a "debt collector" within the meaning of 15 U.S.C. § 1692a (6) and Cal. Civil Code § 1788.2(c).

9

55. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendant and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture.  Defendants authorized, approved, conducted, and/or ratified the wrongful acts herein.  Any reference to "DEFENDANTS" "Defendant" or "Defendants" without further qualification is meant by Plaintiffs to refer to each Defendant, and all of them, named herein.

56. Plaintiffs are informed and believes, and thereon alleges that at all times herein mentioned, Defendants, DOES 1-10, inclusive, were and are individuals, corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction and that said Defendants, and each of them, have regularly conducted business in the County of Santa Cruz and this judicial district.

## VII. CLAIMS

### FIRST CAUSE OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT

57. Plaintiff bring the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et. seq. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.  Defendants' acts and omissions violated the provisions of the FDCPA 15 U.S.C. 1692 et seq., including but not limited to: 15 U.S.C. §§ 1692c, 1692d, 1692e, and 1692f.

58. Defendants failed to cease communications in an attempt to collect an alleged debt in violation of 15 U.S.C. §1692c.

59. Defendants engaged in conduct the natural consequences of which was to harass, oppress or abuse Plaintiff and others in violation of 15 U.S.C. §1692d.

FIRST AMENDED COMPLAINT FOR DAMAGES

60. Defendants engaged in the use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person, in violation of 15 U.S.C. 1692d(1).

61. Defendants engaged in the use of obscene or profane language the natural consequence of which to abuse the hearer or reader, in violation of 15 U.S.C. 1692d(2).

62. Defendants caused a telephone to ring or engaged a person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number, in violation of 15 U.S.C. 1692d(5).

63. Defendants engaged in the placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. 1692d(6).

64. Defendants used false, deceptive or misleading representation or means in connection with the collection of the debt in violation of 15 U.S.C. §1692e.

65. Defendants falsely represented the character amount or legal status of a debt in violation of 15 U.S.C. §1692e (2).

66. Defendants engaged in the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action, in violation of 15 U.S.C. 1692e (4).

67. Defendants threatened to take action that it intended not to take in violation of 15 U.S.C. §1692e (5).

68. Defendants engaged in the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer, in violation of 15 U.S.C. 1692e (7).

69. Defendants threatened to take action that it did not intend to take in violation of 15 U.S.C. §1692e (5).

70. Defendants threatened to take legal action that cannot be taken in violation of 15 U.S.C. §1692e (5).

FIRST AMENDED COMPLAINT FOR DAMAGES

71. Defendants made false, deceptive, and misleading statements in an attempt to collect the debt in violation of 15 U.S.C. §1692e (10).

72. Defendants violated 15 U.S.C. §1692e and 1692e (10) by using false, deceptive and misleading statements creating a false sense of urgency.

73. Defendants used unfair or unconscionable means to collect the debt in violation of 15 U.S.C. §1692f.

74. Ms. Vasquez is alleged to have incurred a consumer credit obligation ("debt"), to Wells bearing the Wells account number 4465-3900-1043-6793. The debt was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f). Additionally, the debt was acquired by means of a "consumer credit transaction," as that term is defined by Cal. Civil Code § 1788.2(e).

75. At some point, on a date unknown to the Plaintiff, the alleged debt was purchased, assigned, placed or otherwise transferred to Defendants for collection from the Plaintiffs.

## SECOND CAUSE OF ACTION

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

76. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

77. Plaintiff bring the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") Cal. Civ. Code §1788 et.seq.

78. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs. Defendants willfully, and intentionally violated the provisions of the RFDCPA in the following respects:

79. Defendants violated Cal. Civ. Code § 1788.10(a), including the threat of using physical force and criminal means to cause harm to Plaintiff or her reputation.

80. Defendants violated Cal. Civ. Code § 1788.10(b), including the threat that the failure to pay a consumer debt will result in an accusation that Plaintiff has committed a crime.

81. Defendants violated Cal. Civ. Code § 1788.10(e), including threatening Plaintiff that nonpayment of the debt would result in the arrest of the Plaintiff.

82. Defendants violated Cal. Civ. Code § 1788.10(f), including threatening to take action against Plaintiff prohibited by Cal. Civ. Code §1788 et.seq.

83. Defendants violated Cal. Civ. Code § 1788.11(d), including causing a telephone to ring repeatedly or continuously to annoy the person called.

84. Defendants violated Cal. Civ. Code § 1788.11(e), including communicating by telephone with the debtor with such frequency as to be unreasonable to constitute an harassment to Plaintiff under the circumstances.

85. Defendants violated Cal. Civ. Code § 1788.13(j), including its false statement that a legal proceeding is about to be or will be instituted unless payment of the debt was made.

86. Defendants failed to provide Plaintiffs a Spanish translation of Cal. Civ. Code § 1812.700(a) in violation of Cal. Civ. Code § 1812.700(c).

87. Defendants violated Cal. Civ. Code §1788.17 by violating those provisions of 15 U.S.C. §1692 et. seq. and engaging in abusive, unlawful, false and misleading communications, including those set forth above.

## THIRD CAUSE OF ACTION

## TELEPHONE CONSUMER PROTECTION ACT

88. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

89. Defendants violated the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A).

## FOURTH CAUSE OF ACTION

## INTRUSION UPON SECLUSION

90. Plaintiff repeat re-alleges and incorporates by reference all other paragraphs.

91. Plaintiff had a reasonable expectation of privacy.

92. Defendants intentionally intruded in Plaintiffs privacy by, among other things, ignoring a cease communications order, and unlawfully attempting to collect a debt

from Plaintiff, and threatening to arrest Plaintiff and calling on repeated and frequent occasions.

93. Defendants' intrusion would be highly offensive to a reasonable person.

94. Plaintiff was harmed by Defendants conduct.

95. Defendants conduct was a substantial factor in causing Plaintiff's harm.

96. Defendants intentionally caused harm to Plaintiff emotional well being by engaging in highly offensive conduct in the course of collecting this debt, and thereby invading, and intruding upon Plaintiff's rights to privacy.

97. Defendants acted with malice, fraud and/or oppression, warranting exemplary and/or punitive damages.

98. The actions taken by Defendants indicate a willingness to execute, maintain, and pursue improper business practices regardless of the age of a debt, and the actions of an alleged debtor.

99. In pursuing their egregious, and unlawful debt collection efforts against Plaintiffs the Defendants acted with malice, oppression, and fraud as defined by Cal. Civ. Code §3294 (c)(1),(2),(3).

## FIFTH CAUSE OF ACTION
## TORT IN SE

100.    Plaintiff repeat re-alleges and incorporates by reference all other paragraphs.

101.    Defendants violated a statutory duty to another and are thus liable under the doctrine of "Tort-In-Se."

## SIXTH CAUSE OF ACTION
## CRIMINAL CONDUCT

102.    Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs.

103.    Defendants engaged in an unlawful and criminal course of conduct by making repeated telephone calls with the intent to annoy another person at his residence.

104.    Defendants violated Penal Code 653m, by using an electronic communication device to make obscene and offensive statements. Defendants engaged in an unlawful

14

and criminal course of conduct by making offensive statements, and attempting

extortion, in violation California's extortion statutes, including Penal Code §§519 and

524.

105.     A violation of a criminal statute gives rise to a civil claim.  Plaintiff is entitled

to recover actual and punitive damages.

106.     Defendants acted with oppression, malice, and/or fraud, thereby entitling

Plaintiff to punitive damages in an amount according to proof and a finder of fact at

trial.

107.     Plaintiff repeat re-alleges and incorporates by reference all other paragraphs.

## SEVENTH CAUSE OF ACTION

## NEGLIGENCE

108.     Plaintiff repeat re-alleges and incorporates by reference all other paragraphs.

109.     Defendants were negligent in their collection of the alleged debt.

110.     Plaintiff was harmed, and suffered injury as described above.

111.     Defendants' negligence was a substantial factor in causing Plaintiff's harm.

112.     Each of the Defendants had a duty to ensure that their collection actions were

directed to the correct person, and to discontinue all collection activity against the

Plaintiff when they were notified that the Plaintiff desired not to be contacted. After

being notified by Plaintiff that they did not want to be contacted, the Defendants

stepped up their efforts to collect the debt from Plaintiff.

113.     Defendants were negligent for one of the following errors or omissions: failure

to use reasonable care in administering accounts, and debt collection activities;

contacting Plaintiff after it knew, or should have known that Plaintiff did not want to

be contacted; making a threat of arrest; and furnishing inaccurate information, or

failing to furnish accurate information in the process of collecting their debts.

## EIGHTH CAUSE OF ACTION

## NEGLIGENT HIRING, RETENTION, TRAINING AND/OR SUPERVISION

114.     Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

115.    Defendant Credigy, Defendant Credigy Solutions, and Defendant Credigy Receivables were negligent in the hiring, retention, training, and/or supervision of its employees.

116.    Defendants' actions and omissions constitute negligence in that Defendant Credigy, Defendant Credigy Solutions, and Defendant Credigy Receivables owed Plaintiff a duty to hire, retain, train, and/or supervise its employees properly, said duty was breached, and said breach was the proximate cause of damages suffered by Plaintiff.

117.    The action and omissions of Defendant Credigy, Defendant Credigy Solutions, and Defendant Credigy Receivables as described herein constitute grossly negligent, training, and/or supervision in that Defendant Credigy, Defendant Credigy Solutions, and Defendant Credigy Receivables owed Plaintiff a duty to train, and/or supervise its employees properly, said duty was breached, said breach was the proximate cause of damages suffered by Plaintiff, and Defendants' actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff.  The actions of Defendant Credigy, Defendant Credigy Solutions, and Defendant Credigy Receivables were willful, malicious, and wanton.  The actions of Defendant Credigy, Defendant Credigy Solutions, and Defendant Credigy Receivables were highly unreasonable and demonstrate an extreme departure from ordinary care.

118.    Plaintiff suffered damages due to Defendants actions in an amount to be determined by proof by the finder of fact at trial.

119.    Plaintiff is entitled to punitive damages for the actions, and omissions of the Defendant Credigy, Defendant Credigy Solutions, and Defendant Credigy Receivables as described herein.


## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the court grant:

A.  Judgment against Defendants for violation of the FDCPA and the RFDCPA.

B.  Statutory damages pursuant to 15 U.S.C. 1692k, Cal. Civ. Code §1788.17 and Cal. Civ. Code §1788.30.

C.  Costs, expenses incurred in the investigation, filing and prosecution of this action and reasonable attorney's fees pursuant to 15 U.S.C. 1692 k and Cal. Civ. Code §1788.30.

D.  Treble damages pursuant to Cal. Civ. Code §3345.

E.  Award statutory damages in the amount of $1,500.00 for each violation of the TCPA against all of the Defendants, and/or treble damages for each willful or knowing violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

F.  Special, general, and compensatory damages and punitive damages.


Dated 1/10/2008


                                        /s/ Balám O. Letona
                                        _____
                                        Balám O. Letona, Esq.
                                        Attorney for Plaintiff

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, Martha Vasquez Pintor, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

                                         /s/ Balám O. Letona
                                        _____
                                        Balám O. Letona, Esq.
                                        Attorney for Plaintiff

# CREDIGY SERVICES CORP.

3068163P

212 318 00060681 A 431299

PO Box 18070
Hauppauge, NY 11788-8870
RETURN SERVICE REQUESTED

866-990-9972

12/21/2006

MARTHA V PINTOR
15 LASSEN WAY APT B
WATSONVILLE CA 95076-2681

| | |
|---|---|
| Our Client/Current Creditor: | CREDIGY RECEIVABLES INC. |
| Original Creditor: | WELLS FARGO |
| Original Account Number: | 4465390010436793 |
| Balance as of today: | $17,326.88 |

I am writing on behalf of our client CREDIGY RECEIVABLES INC., regarding the above referenced account purchased from FIRST SELECT, INC. and originally issued by WELLS FARGO identified above. Our firm has been engaged to collect this unpaid account, together with all applicable accrued and accruing interest if permitted by law or contract.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. **NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

▼ Detach Here ▼                    *** Please detach And Return Bottom Portion With Payment ***                    ▼ Detach Here ▼

"I want to settle this Account!"

Settlement Offer

CREDIGY RECEIVABLES INC. is willing at this time to accept a payment of $8,663.44 which represents 50% of your outstanding balance as a settlement in full on your former WELLS FARGO account (Account No. 4465390010436793) now owned by CREDIGY RECEIVABLES INC. (Account No. 10739155). If you would like to accept this offer, please sign the bottom of this letter and return the letter to our office with your payment within 45 days after you receive this letter. Your willingness to accept or not accept this proposal does not affect your right to dispute the validity of all or a portion of this debt or request the name and address of the original creditor as set forth above.

I understand that I owe the balance listed above, and I intend to repay it by accepting your settlement offer.

Signed: _____        Dated: _____        **EXHIBIT 1**

MARTHA V PINTOR
(Account No. 10739155)

**Important:** If you are unable to accept or take advantage of this offer, do not ignore this letter. Please contact our office at 866-990-9972 to discuss acceptable payment arrangements.

**This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

DD02_CSCCR.V1
CRD.WFD
431299

Your calls may be monitored for quality assurance purposes. The information listed in this letter does not contain a complete list of the rights consumers have under state and federal law.

Regular office hours: Monday – Wednesday 8 a.m. to 11 p.m. EST, Thursday 8 a.m. to 9 p.m. EST, Friday 8 a.m. to 5 p.m. EST, Saturday 8 a.m. to 3 p.m. EST.

**NOTICES TO RESIDENTS OF CALIFORNIA:** As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**NOTICE TO RESIDENTS OF COLORADO:** FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CAB.HTM.

**NOTICE TO RESIDENTS OF MAINE:** *Address/Telephone number of company's licensed location: 1150 John Crest Court, Suwanee, Georgia 30024, 866-940-9172.* [illegible]

**NOTICE TO RESIDENTS OF MASSACHUSETTS:** *Notice of Important Rights*
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

**NOTICE TO RESIDENTS OF MINNESOTA:** This collection agency has been certified as being exempt from licensing by the Minnesota Department of Commerce. The full name of this collection agency as it appears on the Minnesota exemption certificate is Credigy Services Corp.

**NOTICE TO RESIDENTS OF NEW YORK CITY:** New York City Department of Consumer Affairs License Number: 1158518.

**NOTICE TO RESIDENTS OF NORTH CAROLINA:** You are hereby notified that you are not legally obligated to make a written statement, acknowledgment, or waiver of legal rights regarding any debt if you have been declared bankrupt or if said debt is barred by the statute of limitations. N.C. Gen. Stat. § 58-70-115(1).

**NOTICE TO RESIDENTS OF TENNESSEE:** This collection agency is exempt from licensing by the Collection Service Board of the Department of Commerce and Insurance as a non-resident collection agency.

**NOTICE TO RESIDENTS OF UTAH:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit agency if you fail to fulfill the terms of your credit obligations.

**NOTICE TO RESIDENTS OF WISCONSIN:** This collection agency is exempt from licensing by the Office of the Administrator of the Division of Banking, Department of Financial Institutions, P.O. Box 7876, Madison, Wisconsin 53707, as an out-of-state collection agency.

*CSC_DU__ING



**EXHIBIT 1**

MARTEN VASQUEZ

15 LASSEN WAY APT B

WATSONVILLE CA 95626

Date: 1/23/2007

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Credigy Services Corporation
PO Box 18070
Hauppauge, NY 11788-8870

Re: 4465390010436763 | 10705150

To Whom It May Concern:

**I refuse to pay and I dispute this debt. Please mark your files.**

**Thank you for your assistance with this matter.**

**Sincerely,**

Signature: *Martin Vasquez*
Name: MARTIN VASQUEZ

**EXHIBIT 2**

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Joe C. Elenter_   ☐ Agent  ☐ Addressee<br>B. Received by ( *Printed Name* )   C. Date of Delivery<br>_Joe Elenter_   _1-29-07_<br>D. Is delivery address different from item 1? ☐ Yes<br>    If YES, enter delivery address below: ☐ No |
| 1. Article Addressed to:<br><br>Credigy Services Corp.<br>P.O. Box 1F070<br><br>Hauppauge, NY<br>11788-8870 | [postmark: JAN 29 2007 HAUPPAUGE NY 11788 USPS] |
|  | 3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? ( *Extra Fee* )   ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7006 0810 0003 1805 8184 |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Martha V. Pintor
15 Lassen Way Apt B
Watsonville, CA 95076-2681

**EXHIBIT 2**



# CREDIGY™

P.O. Box 2689 Suwanee, GA 30024
Phone: 678.684.4111  Fax: 678.728.7170

February 20, 2007

<u>VIA U.S. MAIL</u>

MARTHA V PINTOR
15 LASSEN WAY APT B
WATSONVILLE, CA 95076-2681

Re:    *Credigy Receivables Inc. Account No. 10739155*
       *Formerly known as First Select Account No. 4168-1000-0442-3610*

Dear MARTHA V PINTOR:

I am writing on behalf of Credigy Services Corp. ("Credigy") in response to your prior correspondence. Please note that an Account Validation letter was previously sent to you. Accordingly, we are enclosing an Account Verification Statement to assist you in tracking the history of the account, as well as the balance as of February 20, 2007. This account was originally a Wells Fargo, formerly owned by First Select, and now owned by Credigy Receivables Inc..

We appreciate the opportunity to provide assistance to you. For further inquiries, please feel free to call one of our representatives at 1-866-990-9962.

Sincerely,

Brett Boyde
Dispute Resolution Department

The above amount represents goods and/or services purchased via a credit account extended to the account holder by the original creditor listed above that has been duly assigned to CREDIGY RECEIVABLES INC

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**

**EXHIBIT 3**

# ACCOUNT VERIFICATION STATEMENT

**Our records indicate that you may have previously had a question regarding your account. This account verification statement is being provided to you in response to your previous inquiry or dispute.**

Account Holder:     MARTHA V PINTOR,     SS#: XXX-XX-1246
                    15 LASSEN WAY APT B
                    WATSONVILLE, CA 95076-2681


Re:     Credigy Receivables Inc. Account #:  10739155
        Former First Select Account #:  4168-1000-0442-3610


## _ACCOUNT HISTORY_

Original Creditor:                          Wells Fargo
Original Account Number:                    4465-3900-1043-6793
Date Account Established:                   June 1, 1995
Original Creditors Address:                 P.O. Box 10347
                                            Des Monies, IA 50306


Original Creditor Balance at Assignment:    $2,918.91
Assignee:                                   First Select
Assignee Address:                           201 Mission Street
                                            San Francisco, CA 94105


Balance at Purchase:                        $5,201.16
Current Owner of Account:                   Credigy Receivables Inc.
Current Owner Address:                      3950 Johns Creek Court, Suite 100
                                            Suwanee, GA 30024


Current Balance:                            $18,044.53 as of February 20, 2007
Customer Service Phone Number:              (866) 204-3457


The above amount represents goods and/or services purchased via a credit account extended to the account holder by the original creditor listed above that has been duly assigned to CREDIGY RECEIVABLES INC..


**EXHIBIT 3**

**Credigy Solutions Corp**
P.O. Box 2689
Suwanee, GA 20034

9507632681 0004

MARTHA V PINTOR
15 LASSEN WAY APT B
WATSONVILLE, CA 95076-2681

stamps.com
C88526.16



$0.390
US POSTAGE
FIRST-CLASS
062S0006155782
30024

**EXHIBIT 3**

# CREDIGY SERVICES CORP.

P.O. BOX 2689
SUWANEE, GA 30024
ADDRESS SERVICE REQUESTED

04/10/2007

866-990-9972

30985

|                          |                              |
|--------------------------|------------------------------|
| Our Client/Current Creditor: | CREDIGY RECEIVABLES INC.  |
| Original Creditor:       | WELLS FARGO                  |
| Original Account Number: | 4465390010436793             |
| Balance as of today:     | $18,755.05                   |

MARTHA V PINTOR
15 LASSEN WAY APT B
WATSONVILLE CA 95076-2681

I am writing on behalf of our client CREDIGY RECEIVABLES INC. regarding the above referenced account purchased from FIRST SELECT, INC., and originally issued by the Original Creditor identified above. Our office has been engaged to collect this unpaid account, together with all applicable accrued and accruing interest if permitted by law or contract.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. **NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

- - - - - - - - - - - - - - - - - - - - - - - - - - -

"I want to settle this Account!"
Settlement Offer

CREDIGY RECEIVABLES INC. is willing at this time to accept a payment of $10,315.28 which represents 55% of your outstanding balance as a settlement in full. If you would like to accept this offer, please sign the bottom of this letter and return the letter to our office with your payment within 45 days after you receive this letter. Your willingness to accept or not accept this proposal does not affect your right to dispute the validity of all or a portion of this debt or request the name and address of the original creditor as set forth above.

I understand that I owe the balance listed above, and I intend to repay it by accepting your settlement offer.

_____        _____
Please sign your name here                        Today's Date

Important: If you are unable to accept or take advantage of this offer, do not ignore this letter. Please contact our office at 866-990-9972 to discuss acceptable payment arrangements.

This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

**EXHIBIT 4**

*DD02_CSC_BZ

1401.2007040645001.30985

Your calls may be monitored for quality assurance purposes. The information listed in this letter does not contain a complete list of the rights consumers have under state and federal law.

Regular office hours: Monday – Friday 10 a.m. to 10 p.m. EST and Saturday 10 a.m. to 4 p.m. EST.

NOTICES TO RESIDENTS OF CALIFORNIA: As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

NOTICE TO RESIDENTS OF COLORADO: FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.ago.state.co.us/CADC/CADCmain.cfm .

NOTICE TO RESIDENTS OF MAINE: Telephone number of agency's licensed location: 866-204-3457.

NOTICE TO RESIDENTS OF MASSACHUSETTS: *Notice of Important Rights*
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

NOTICE TO RESIDENTS OF MINNESOTA: This collection agency has been certified as being exempt from licensing by the Minnesota Department of Commerce. The full name of this collection agency as it appears on the Minnesota exemption certificate is Credigy Services Corp.

NOTICE TO RESIDENTS OF NEW YORK CITY: New York City Department of Consumer Affairs License Number: 1158518.

NOTICE TO RESIDENTS OF TENNESSEE: This collection agency is exempt from licensing by the Collection Service Board of the Department of Commerce and Insurance as a non-resident collection agency.

NOTICE TO RESIDENTS OF UTAH: As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit agency if you fail to fulfill the terms of your credit obligations.

NOTICE TO RESIDENTS OF WISCONSIN: This collection agency is exempt from licensing by the Office of the Administrator of the Division of Banking, Department of Financial Institutions, P.O. Box 7876, Madison, Wisconsin 53707, as an out-of-state collection agency.



EXHIBIT 4

*CSC_DUNNING

Rev Date 06272006



U.S. POSTAGE
00.326
H METER 422761

MAILED FROM ZIP CODE 30034

PRESORTED
FIRST CLASS

P.O. BOX 2689
SUWANEE, GA 30024
ADDRESS SERVICE REQUESTED

30985

MARTHA V PINTOR
15 LASSEN WAY APT B
WATSONVILLE CA 95076-2681

**EXHIBIT 4**

3818616P

||| |||||||||||||||||||| |||    220 423 00063797 462440

PO Box 18070
Hauppauge, NY 11788-8870
RETURN SERVICE REQUESTED

# CREDIGY SERVICES CORP.

PO Box 2689 • Suwanee, GA 30024

866-990-9972                                                                06/06/2007

MARTHA V PINTOR
15 LASSEN WAY APT B
WATSONVILLE CA 95076-2681

| | |
|---|---|
| Our Client/Current Creditor: | CREDIGY RECEIVABLES INC. |
| Original Creditor: | WELLS FARGO |
| Original Account Number: | 4465390010436793 |
| Balance as of today: | $19,126.99 |

||||||||||||||||||||||||||||||||||||||||||||||||||||

I am writing on behalf of our client CREDIGY RECEIVABLES INC., regarding the above referenced account purchased from FIRST SELECT, INC. and originally issued by WELLS FARGO identified above. Our firm has been engaged to collect this unpaid account, together with all applicable accrued and accruing interest if permitted by law or contract.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. **NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

---

▼ Detach Here ▼              *** Please detach And Return Bottom Portion With Payment ***              ▼ Detach Here ▼

"I want to settle this Account!"
Settlement Offer

CREDIGY RECEIVABLES INC. is willing at this time to accept a payment of $10,519.84 which represents 55% of your outstanding balance as a settlement in full on your former WELLS FARGO account (Account No. 4465390010436793) now owned by CREDIGY RECEIVABLES INC. (Account No. 10739155). If you would like to accept this offer, please sign the bottom of this letter and return the letter to our office with your payment within 45 days after you receive this letter. Your willingness to accept or not accept this proposal does not affect your right to dispute the validity of all or a portion of this debt or request the name and address of the original creditor as set forth above.

I understand that I owe the balance listed above, and I intend to repay it by accepting your settlement offer.

Signed: _____        Dated: _____        **EXHIBIT** **5**

MARTHA V PINTOR
(Account No. 10739155)

Important: If you are unable to accept or take advantage of this offer, do not ignore this letter. Please contact our office at 866-990-9972 to discuss acceptable payment arrangements.
**This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

DD02_CSC V1
CRD.WFD
s462440

Your calls may be monitored for quality assurance purposes. The information listed in this letter does not contain a complete list of the rights consumers have under state and federal law.

Regular office hours: Monday – Friday 9 a.m. to 10 p.m. EST, Saturday 9 a.m. to 5 p.m. EST.

**NOTICES TO RESIDENTS OF CALIFORNIA:** As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

*CSC_DUNNING

**EXHIBIT 5**

CREDIGY
PO BOX 2689
SUWANEE GA 30024-0000



3a1ab1bP

PO Box 18070
Hauppauge, NY 11788-8870
RETURN SERVICE REQUESTED

866.000.0073

220 423 00063797 462440

MARTHA V PINTOR
15 LASSEN WAY APT B
WATSONVILLE CA 95076-2681

FIRST CLASS MAIL

FIRST CLASS
PRESORT
U.S. POSTAGE
PAID
SMITHTOWN, NY
P3

**EXHIBIT 5**