1  DAVID J. KAMINSKI, ESQ., (SBN #128509)
   STEPHEN A. WATKINS, ESQ., (SBN #205175)
2  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
3  Los Angeles, California 90045
   (310) 242-2200 Telephone
4  (310) 242-2222 Facsimile

5  Attorneys for Defendants,
   CREDIGY SERVICE CORPORATION,
6  CREDIGY RECEIVABLES INC. and
   CREDIGY SOLUTIONS, INC.
7

8                 UNITED STATES DISTRICT COURT

9     FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

10

11 MARTHA VASZUEZ PINTOR,              )  CASE NO. C07-06 428 JF HRL
                                       )
12                                     )  [Complaint Filed:   12/20/07
                  Plaintiff,           )  1st Amended Complaint Filed: 1/14/08]
13                                     )
       vs.                             )  **ANSWER TO FIRST AMENDED
14                                     )  COMPLAINT**
   CREDIGY SERVICES CORPORATION;       )
15 CREDIGY RECEIVABLES INC.;           )  Magistrate Judge: Howard R. Lloyd
   CREDIGY SOLUTIONS INC.; BRETT       )
16 BOYDE; MARK DOES and DOES 1-10,     )
   inclusive,                          )
17                                     )
                                       )
18                Defendants.          )
                                       )
19

20

21      Defendants, CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC.,

22 and CREDIGY SOLUTIONS INC ("Defendants") answer the First Amended Complaint ("FAC")

23 of Plaintiff MARTHA VASZUEZ PINTOR ("Plaintiff") as follows:

24      1.    Answering Paragraph 1 of the FAC, Defendants deny that they specialize in buying

25 portfolios of mostly time-barred debts and attempts to collect on these stale debts by threats of

26 arrest, fears, harassment and annoyance. As to the remaining allegations in said paragraph,

27 Defendants have insufficient information on which to either admit or deny the allegations and on

28 that basis deny the remaining allegations.

2.	Answering Paragraph 2 of the FAC, Defendants deny each and every allegation.

3.	Answering Paragraph 3 of the FAC, Defendants admit each and every allegation.

4.	Answering Paragraph 4 of the FAC, Defendants deny each and every allegation.

5.	Answering Paragraph 5 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

6.	Answering Paragraph 6 of the FAC, Defendants admit that Exhibit 1 is a copy of one of its collection letters. Defendants have insufficient information to either admit or deny the remaining allegations contained therein and on that basis deny the remainder of the allegations in Paragraph 6.

7.	Answering Paragraph 7 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

8.	Answering Paragraph 8 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

9.	Answering Paragraph 9 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

10.	Answering Paragraph 10 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

11.	Answering Paragraph 11 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

12.	Answering Paragraph 12 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

13.	Answering Paragraph 13 of the FAC, Defendants have insufficient information to

either admit or deny the allegations contained therein and on that basis deny each and every allegation.

14. Answering Paragraph 14 of the FAC, Defendants deny that they telephoned Ms. Vasquez with the intent to annoy, abuse, and harass Ms. Vasquez into paying her debt. Defendants have insufficient information to either admit or deny the remainder of the allegations contained therein and on that basis deny the remainder of Paragraph 14.

15. Answering Paragraph 15 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

16. Answering Paragraph 16 of the FAC, Defendants deny each and every allegation.

17. Answering Paragraph 17 of the FAC, Defendants admit each and every allegation.

18. Answering Paragraph 18 of the FAC, Defendants admit each and every allegation.

19. Answering Paragraph 19 of the FAC, Defendants deny each and every allegation.

20. Answering Paragraph 20 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

21. Answering Paragraph 21 of the FAC, Defendants deny each and every allegation.

22. Answering Paragraph 22 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

23. Answering Paragraph 23 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

24. Answering Paragraph 24 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

25. Answering Paragraph 25 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

26. Answering Paragraph 26 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

27. Answering Paragraph 27 of the FAC, Defendants deny each and every allegation.

28. Answering Paragraph 28 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

29. Answering Paragraph 29 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

30. Answering Paragraph 30 of the FAC, Defendants deny that any prerecorded calls were done willfully and knowingly by Defendant. Defendants have insufficient information to either admit or deny the remainder of allegations contained therein and on that basis deny each the remainder of the allegations in Paragraph 30.

31. Answering Paragraph 31 of the FAC, Defendants admit each and every allegation.

32. Answering Paragraph 32 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

33. Answering Paragraph 33 of the FAC, Defendants admit that they have call centers in Brazil. Defendants have insufficient information to either admit or deny the remainder of the allegations contained therein and on that basis deny the remainder of the allegations in Paragraph 33.

34. Answering Paragraph 34 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

35. Answering Paragraph 35 of the FAC, Defendants deny each and every allegation.

36. Answering Paragraph 36 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every

1 allegation.

2   37. Answering Paragraph 37 of the FAC, Defendants deny each and every allegation.

3   38. Answering Paragraph 38, Defendants admit that the court has jurisdiction for this matter.

5   39. Answering Paragraph 39 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation

8   40. Answering Paragraph 40 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

11   41. Answering Paragraph 41 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

14   42. Answering Paragraph 42 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

17   43. Answering Paragraph 43 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

20   44. Answering Paragraph 44 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

23   45. Answering Paragraph 45 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

26   46. Answering Paragraph 46 of the FAC, Defendants admit that Credigy Services Corporation is a Nevada corporation with its principal place of business in Nevada. Defendants have insufficient information to either admit or deny the allegations regarding Credigy Services

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1  Corporation's agent for service of process, but Defendants are not denying service of Plaintiff's
2  Summons and Complaint. Defendants admit that they maintain overseas offices in Brazil.
3  Defendants have insufficient information to either admit or deny the allegations regarding
4  communications from Brazil to Plaintiff, and therefore deny said allegations.

5     47.    Answering Paragraph 47 of the FAC, Defendants admit each and every allegation.

6     48.    Answering Paragraph 48 of the FAC, Defendants admit that Credigy Receivables,
7  Inc. is a Georgia corporation with its principal place of business in Georgia. Defendants have
8  insufficient information to either admit or deny the allegations regarding Credigy Receivables's
9  agent for service of process, but Defendants are not denying service of Plaintiff's Summons and
10 Complaint. Defendants admit that they maintain overseas offices in Brazil. Defendants have
11 insufficient information to either admit or deny the allegations regarding communications from
12 Brazil to Plaintiff, and therefore deny said allegations

13    49.    Answering Paragraph 49 of the FAC, Defendants deny each and every allegation.

14    50.    Answering Paragraph 50 of the FAC, Defendants admit that Credigy Services
15 Solutions, Inc. is a Nevada corporation with its principal place of business in Nevada. Defendants
16 have insufficient information to either admit or deny the allegations regarding Credigy Services
17 Solutions, Inc.'s agent for service of process, but Defendants are not denying service of Plaintiff's
18 Summons and Complaint. Defendants admit that they maintain overseas offices in Brazil.
19 Defendants have insufficient information to either admit or deny the allegations regarding

20    51.    Answering Paragraph 51 of the FAC, Defendants admit each and every allegation.

21    52.    Answering Paragraph 52 of the FAC, Defendants admit that Brett Boyde is a former
22 employee of Defendants. Defendants have insufficient information to either admit or deny the
23 remainder of the allegations contained therein and on that basis deny the remainder of the
24 allegations in Paragraph 52..

25    53.    Answering Paragraph 53 of the FAC, Defendants have insufficient information to
26 either admit or deny the allegations contained therein and on that basis deny each and every
27 allegation.

28    54.    Answering Paragraph 54 of the FAC, Defendants have insufficient information to

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1 either admit or deny the allegations contained therein and on that basis deny each and every
2 allegation.

     55.     Answering Paragraph 55 of the FAC, Defendants deny each and every allegation.

     56.     Answering Paragraph 56 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

     57.     Answering Paragraph 57 of the FAC, Defendant repeats and incorporates its Paragraphs 1 through 56 of this Answer. Defendants deny the allegation that Defendants violated the Fair Debt Collection Practices Act.

     58.     Answering Paragraph 58 of the FAC, Defendants deny each and every allegation.

     59.     Answering Paragraph 59 of the FAC, Defendants deny each and every allegation.

     60.     Answering Paragraph 60 of the FAC, Defendants deny each and every allegation.

     61.     Answering Paragraph 61 of the FAC, Defendants deny each and every allegation.

     62.     Answering Paragraph 62 of the FAC, Defendants deny each and every allegation.

     63.     Answering Paragraph 63 of the FAC, Defendants deny each and every allegation.

     64.     Answering Paragraph 64 of the FAC, Defendants deny each and every allegation.

     65.     Answering Paragraph 65 of the FAC, Defendants deny each and every allegation.

     66.     Answering Paragraph 66 of the FAC, Defendants deny each and every allegation.

     67.     Answering Paragraph 67 of the FAC, Defendants deny each and every allegation.

     68.     Answering Paragraph 68 of the FAC, Defendants deny each and every allegation.

     69.     Answering Paragraph 69 of the FAC, Defendants deny each and every allegation.

     70.     Answering Paragraph 70 of the FAC, Defendants deny each and every allegation.

     71.     Answering Paragraph 71 of the FAC, Defendants deny each and every allegation.

     72.     Answering Paragraph 72 of the FAC, Defendants deny each and every allegation.

     73.     Answering Paragraph 73 of the FAC, Defendants deny each and every allegation.

     74.     Answering Paragraph 74 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

75. Answering Paragraph 75 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

76. Answering Paragraph 76 of the FAC, Defendant repeats and incorporates its Paragraphs 1 through 75 of this Answer. Defendants deny each and every allegation.

77. Answering Paragraph 77 of the FAC, Defendants admit each and every allegation.

78. Answering Paragraph 78 of the FAC, Defendant repeats and incorporates its Paragraphs 1 through 77 of this Answer. Defendants deny each and every allegation.

79. Answering Paragraph 79 of the FAC, Defendants deny each and every allegation.

80. Answering Paragraph 80 of the FAC, Defendants deny each and every allegation.

81. Answering Paragraph 81 of the FAC, Defendants deny each and every allegation.

82. Answering Paragraph 82 of the FAC, Defendants deny each and every allegation.

83. Answering Paragraph 83 of the FAC, Defendants deny each and every allegation.

84. Answering Paragraph 84 of the FAC, Defendants deny each and every allegation.

85. Answering Paragraph 85 of the FAC, Defendants deny each and every allegation.

86. Answering Paragraph 86 of the FAC, Defendants deny each and every allegation.

87. Answering Paragraph 87 of the FAC, Defendants deny each and every allegation.

88. Answering Paragraph 88 of the FAC, Defendant repeats and incorporates its Paragraphs 1 through 87 of this Answer.

89. Answering Paragraph 89 of the FAC, Defendants deny each and every allegation.

90. Answering Paragraph 90 of the FAC, Defendant repeats and incorporates its Paragraphs 1 through 89 of this Answer.

91. Answering Paragraph 91 of the FAC, Defendants deny each and every allegation.

92. Answering Paragraph 92 of the FAC, Defendants deny each and every allegation.

93. Answering Paragraph 93 of the FAC, Defendants deny each and every allegation.

94. Answering Paragraph 94 of the FAC, Defendants deny each and every allegation.

95. Answering Paragraph 95 of the FAC, Defendants deny each and every allegation.

96. Answering Paragraph 96 of the FAC, Defendants deny each and every allegation.

97. Answering Paragraph 97 of the FAC, Defendants deny each and every allegation.

98. Answering Paragraph 98 of the FAC, Defendants deny each and every allegation.

99. Answering Paragraph 99 of the FAC, Defendants deny each and every allegation.

100. Answering Paragraph 100 of the FAC, Defendant repeats and incorporates its Paragraphs 1 through 99 of this Answer.

101. Answering Paragraph 101 of the FAC, Defendants deny each and every allegation.

102. Answering Paragraph 102 of the FAC, Defendant repeats and incorporates its Paragraphs 1 through 101 of this Answer.

103. Answering Paragraph 103 of the FAC, Defendants deny each and every allegation.

104. Answering Paragraph 104 of the FAC, Defendants deny each and every allegation.

105. Answering Paragraph 105 of the FAC, Defendants deny each and every allegation.

106. Answering Paragraph 106 of the FAC, Defendants deny each and every allegation.

107. Answering Paragraph 107 of the FAC, Defendant repeats and incorporates its Paragraphs 1 through 106 of this Answer.

108. Answering Paragraph 108 of the FAC, Defendant repeats and incorporates its Paragraphs 1 through 107 of this Answer.

109. Answering Paragraph 109 of the FAC, Defendants deny each and every allegation.

110. Answering Paragraph 110 of the FAC, Defendants deny each and every allegation.

111. Answering Paragraph 111 of the FAC, Defendants deny each and every allegation.

112. Answering Paragraph 112 of the FAC, Defendants have insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

113. Answering Paragraph 113 of the FAC, Defendants deny each and every allegation.

114. Answering Paragraph 114 of the FAC, Defendant repeats and incorporates its Paragraphs 1 through 113 of this Answer.   Defendants deny each and every allegation.

115. Answering Paragraph 115 of the FAC, Defendants deny each and every allegation.

116. Answering Paragraph116 of the FAC, Defendants deny each and every allegation.

117. Answering Paragraph 117 of the FAC, Defendants deny each and every allegation.

1   118.   Answering Paragraph 118 of the FAC, Defendants deny each and every allegation.

2   119.   Answering Paragraph 119 of the FAC, Defendants deny each and every allegation.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action)**

1.   Plaintiff's FAC, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2.   Defendants are informed and believes and based thereon alleges that Plaintiff's FAC, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

**(Compliance with Statute)**

3.   The conduct of Defendants at all times complied with all applicable statutes, regulations and laws; accordingly, the FAC and each purported cause of action alleged therein against Defendant is barred.

### FOURTH AFFIRMATIVE DEFENSE

**(Estoppel)**

4.   As a separate, affirmative defense, the FAC, and each cause of action alleged therein against Defendants are barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the FAC.

### FIFTH AFFIRMATIVE DEFENSE

**(Reasonableness and Good Faith)**

5.   Defendants and their agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted, Defendants alleges that it acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose. Further,

Defendants acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendants were justified under the circumstances based on information reasonably available to this answering Defendants. Accordingly, Plaintiff are barred from any recovery in this action.

### SIXTH AFFIRMATIVE DEFENSE
**(Bad Faith Claims)**

6. The allegations and claims asserted in the FAC have always been and continue to be frivolous, groundless and without merit as against Defendants. Plaintiff have brought this action against Defendant in bad faith.

### SEVENTH AFFIRMATIVE DEFENSE
**(Defendants May Recover for Plaintiff's Bad Faith Claim)**

7. Plaintiff's FAC and each purported cause of action alleged therein against Defendants were not brought in good faith and are frivolous. Therefore, the relief requested is precluded and Defendants are entitled to recover its reasonable expenses, including attorneys' fees, incurred herein as a matter of law pursuant to this Court's inherent authority *California Code of Civil Procedure* sections 128.5 and 128.7, and pursuant to the California Rosenthal Act.

### EIGHTH AFFIRMATIVE DEFENSE
**(No Intentional or Reckless Conduct)**

8. As a separate, affirmative defense, Defendants contend that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendants also allege that they never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE
**(No Causation)**

9. Plaintiff is barred from any recovery or relief against Defendants because Defendants were not the actual or proximate cause of any of the damages, if any, alleged in the FAC.

### TENTH AFFIRMATIVE DEFENSE

(No Knowledge, Participation, Approval or Ratification)

10.     Plaintiff's FAC and each purported cause of action alleged therein against Defendants are barred because Defendants had no knowledge of, nor did it participate in, approve of or ratify any of the alleged misconduct of any other Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

(Independent Intervening Cause)

11.     Defendants are informed, and believe and thereon allege, that any damages allegedly sustained by Plaintiff were caused by the actions and/or omissions of someone other than Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

(Mitigation of Damages)

12.     Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the FAC.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

13.     Plaintiff is barred from maintaining the FAC and each purported cause of action alleged therein against Defendants as a result of unclean hands with respect to the events upon which the FAC and purported causes of action allegedly are based.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Waiver)

14.     The FAC and each purported cause of action alleged therein against Defendants is barred by Plaintiff's own conduct, actions, omissions and inaction which amount to and constitute a waiver of such claims and any relief sought thereby.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Laches)

15.     Plaintiff is barred by the doctrine of laches from pursuing her FAC and each

1  purported cause of action alleged therein against Defendants by reason of her inexcusable and
2  unreasonable delay in filing her FAC.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Actions Were Privileged and Justified)

5  16.  As a separate, affirmative defense, the FAC, and each cause of action alleged
6  therein against Defendants, is barred because Defendants were privileged and justified, by statute
7  and by common law, in making the alleged statements and representations, if any, including but
8  not limited to statutes 15 U.S.C. § 1692k(c) and Civil Code §1788.12(e).

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Actions Were Proper)

11  17.  As a separate, affirmative defense, Defendants allege that the alleged actions of
12  Defendant were proper and did not violate any provisions of 15 U.S.C. § 1692 et. seq. or Civil
13  Code § 1788 et seq.)

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Bona Fide Error)

16  18.  As a separate, affirmative defense, assuming *arguendo* that this Defendant violated
17  a statute alleged in the FAC, which presupposition the Defendants deny, such violation was not
18  intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures
19  reasonably adapted to avoid any such error.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Maintained Reasonable FDCPA Procedures)

22  19.  As a separate, affirmative defense, Defendants allege that at all times alleged in the
23  FAC, Defendants maintained reasonable procedures created to prevent any type of intentional or
24  negligent violations of the Fair Debt Collection Practices Act ("FDCPA").

### TWENTIETH AFFIRMATIVE DEFENSE
### (FDCPA damages are limited)

27  20.  As a separate, affirmative defense, Defendants allege that if Plaintiff was damaged
28  in any sum or sums alleged, which Defendants deny, then Plaintiff's damages are limited by 15

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

U.S.C. § 1692k(a)(1), § 1692k(a)(2)(A), § 1692k(a)(3) and 15 U.S.C. § 1692k(b)(1).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Standing)

21.  As a separate, affirmative defense, Defendants allege that Plaintiff lacks standing to assert the causes of action in her FAC.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Preemption)

22.  As a separate, affirmative defense, Federal law preempts all of Plaintiff's claims and causes of action and therefore they are barred as a matter of law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Rosenthal Act damages are limited)

23.  As a separate, affirmative defense, Defendants allege that if Plaintiff were damaged in any sum or sums alleged, which Defendants deny, then Plaintiff's damages are limited by Civil Code sections 1788.30 and 1788.32.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Punitive Damages Violate Due Process)

24.  As a separate, affirmative defense, Defendants allege that the imposition of any punitive damages in this matter would deprive Defendant of its property without due process of law under the United States Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Plaintiff Caused Own Harm)

25.  The injuries, losses, or damages alleged in Plaintiff's FAC were caused solely by the negligence, negligence per se, and/or other culpable conduct of the Plaintiff, for which Defendants are not liable or responsible.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

26.  Plaintiff's injuries, losses, or damages alleged in the FAC were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk,

and/or culpable conduct of the Plaintiff, and the amount of damages, if any, that may be recovered by Plaintiff from Defendants must be diminished in the proportion that Plaintiff's own conduct contributed to the cause of his alleged injuries, losses or damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

27.     If any acts or omissions of Defendants are proved, which these Defendants expressly deny occurred, then such acts or omissions were provoked by Plaintiff, and done with the consent, express and implied, of Plaintiff.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

28.     Plaintiff knowingly, intentionally, and voluntarily assumed the risk of the conduct, events, and matters alleged in the First Amended Complaint and the damages, if any incurred by Plaintiff are the direct and proximate result of the risk so assumed.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Unconstitutional Damages)

29.     The Telephone Consumer Protection Act statute at issue was intended to restrict telemarketers, not those actively engaged in the collection of debt. In this factual context, enforcement of statutory damages against a debt collection agency or financial institution without prior notice would constitute imposition of unexpected, unfair, excessive, punitive, unlawful and constitutional damages.

### THIRTIETH AFFIRMATIVE DEFENSE

### (Unconstitutional Restriction of Business Communications)

30.     To the extent that Defendants were provided plaintiff's number as the primary contact point for an account holder, permission implied or express existed for the calling of the number by defendant. Such contact under those circumstances involves Defendant's right of commercial free speech and is unactionable by law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

**(Calls to Plaintiff Were Not Made By An Automatic Telephone Dialing System)**

31. Any alleged call by Defendants to Plaintiff were not made by an automatic telephone dialing system.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

**(Plaintiff Was Not Charged For Call)**

32. As Plaintiff was not charged for any alleged call by Defendants, her First Amended Complaint is unactionable under the TCPA.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

**(Reservation of Rights)**

33. Defendants reserve the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by reason of her First Amended Complaint;
2. For judgment in favor of Defendants, and against Plaintiff
3. For costs of suit and reasonable attorneys' fees incurred; and
4. For such other and further relief as the Court may deem just and proper.

DATED: February 13, 2008

CARLSON & MESSER LLP

By _____
David J. Kaminski, Esq.
Stephen A. Watkins, Esq.
Attorneys for Defendant,
CREDIGY SERVICE CORPORATION,
CREDIGY RECEIVABLES INC., and
CREDIGY SOLUTIONS, INC.

## PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 5959 W. Century Boulevard, Suite 1214, Los Angeles, California 90045.

On **February 13, 2008**, I served the foregoing document described as: **ANSWER TO FIRST AMENDED COMPLAINT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST.**

☒ (BY MAIL)
I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

☐ (BY FACSIMILE)
I transmitted via telecopier machine such document to the offices of the addressees.

☐ (BY PERSONAL SERVICE)
I hand-delivered said documents to the parties listed on the attached Service List.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this 13th day of February, 2008, at Los Angeles, California.

LINDA BROOKS

<u>**Martha Pintor v. Credigy Services Corporation, et al..**</u>
Our File No. 05713.00

| | |
|---|---|
| Ronald Wilcox, Esq.<br>LAW OFFICE OF RONALD WILCOX<br>2160 The Alameda, First Flr., Suite F<br>San Jose, CA 95126-1001<br>Tel: (408) 296-0400<br>Fax: (408) 296-0486<br>Email: ronaldwilcox@post.harvard.edu | Attorneys for Plaintiff |
| Balam O. Letona, Esq.<br>LAW OFFICE OF BALAM O. LETONA, INC.<br>1347 Pacific Avenue, Suite 203<br>Santa Cruz, CA 95060-3940<br>Tele: (831) 421-0200<br>Fax: (831) 621-9659 | Attorneys for Plaintiff. |

05115.00/97162