DAVID J. KAMINSKI, ESQ., (SBN #128509)
STEPHEN A. WATKINS, ESQ., (SBN #205175)
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendants,
CREDIGY SERVICE CORPORATION,
CREDIGY RECEIVABLES INC.,
CREDIGY SOLUTIONS, INC. and
BRETT BOYDE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| MARTHA VASQUEZ PINTOR,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIGY SERVICES CORPORATION;<br>CREDIGY RECEIVABLES INC.;<br>CREDIGY SOLUTIONS INC.; BRETT<br>BOYDE; MARK DOES and DOES 1-10,<br>inclusive,<br><br>Defendants. | CASE NO. C07-06 428 JF HRL<br><br>[Complaint Filed:  12/20/07<br>1st Amended Complaint Filed: 1/14/08]<br><br>**ANSWER OF BRETT BOYDE TO FIRST AMENDED COMPLAINT**<br><br>Magistrate Judge: Howard R. Lloyd |

Defendant BRETT BOYDE ("Defendant") answers the First Amended Complaint ("FAC") of Plaintiff MARTHA VASQUEZ PINTOR ("Plaintiff") as follows:

1.  Answering Paragraph 1 of the FAC, Defendant denies that Defendants Credigy Services Corporation, Credigy Receivables Inc. and Credigy Solutions Inc. specialize in buying portfolios of mostly time-barred debts and attempts to collect on these stale debts by threats of arrest, fears, harassment and annoyance. As to the remaining allegations in said paragraph, Defendant has insufficient information on which to either admit or deny the allegations and on that basis deny the remaining allegations.

2. Answering Paragraph 2 of the FAC, Defendant denies each and every allegation.

3. Answering Paragraph 3 of the FAC, Defendant answers that said allegations call for a legal conclusion and therefore Defendant cannot respond reasonably thereto.

4. Answering Paragraph 4 of the FAC, Defendant denies each and every allegation.

5. Answering Paragraph 5 of the FAC, Defendant admits that Credigy began sending collection letters to Plaintiff in 2006. Defendant denies that he began telephoning Plaintiff in 2006.

6. Exhibit 1 is a copy of one of Credigy's collection letters. Defendant has insufficient information to either admit or deny the remaining allegations contained therein and on that basis denies the remainder of the allegations in Paragraph 6.

7. Answering Paragraph 7 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

8. Answering Paragraph 8 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

9. Answering Paragraph 9 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis deny each and every allegation.

10. Answering Paragraph 10 of the FAC, Defendant admits that Plaintiff informed Credigy that she was disabled. Defendant has insufficient information to either admit or deny the remainder of the allegations contained therein and on that basis denies those allegations.

11. Answering Paragraph 11 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

12. Answering Paragraph 12 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

13. Answering Paragraph 13 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

14. Answering Paragraph 14 of the FAC, Defendant denies that he telephoned Ms. Vasquez with the intent to annoy, abuse, and harass Ms. Vasquez into paying her debt. Defendant

admits that Plaintiff informed Credigy that she was disabled. Defendant has insufficient information to either admit or deny the remainder of the allegations contained therein and on that basis denies each the remainder of Paragraph 14.

15. Answering Paragraph 15 of the FAC, Defendant denies he abused Plaintiff. Defendant has insufficient information to either admit or deny the remainder of the allegations contained therein and on that basis denies those allegations.

16. Answering Paragraph 16 of the FAC, Defendant denies each and every allegation.

17. Answering Paragraph 17 of the FAC, Defendant admits each and every allegation.

18. Answering Paragraph 18 of the FAC, Defendant admits each and every allegation.

19. Answering Paragraph 19 of the FAC, Defendant denies each and every allegation.

20. Answering Paragraph 20 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

21. Answering Paragraph 21 of the FAC, Defendant denies each and every allegation.

22. Answering Paragraph 22 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

23. Answering Paragraph 23 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

24. Answering Paragraph 24 of the FAC, Defendant admits that Plaintiff called Credigy in April of 2007 and told Credigy that she was disabled. Defendant has insufficient information to either admit or deny the remainder of allegations contained therein and on that basis denies those allegations.

25. Answering Paragraph 25 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

26. Answering Paragraph 26 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every

allegation.

27. Answering Paragraph 27 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

28. Answering Paragraph 28 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

29. Answering Paragraph 29 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

30. Answering Paragraph 30 of the FAC, Defendant denies that any prerecorded calls were left willfully and knowingly by Defendant. Defendant has insufficient information to either admit or deny the remainder of allegations contained therein and on that basis denies each the remainder of the allegations in Paragraph 30.

31. Answering Paragraph 31 of the FAC, Defendant admits each and every allegation.

32. Answering Paragraph 32 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

33. Answering Paragraph 33 of the FAC, Defendant admit that Credigy has call centers in Brazil. Defendant has insufficient information to either admit or deny the remainder of the allegations contained therein and on that basis denies each the remainder of the allegations in Paragraph 33.

34. Answering Paragraph 34 of the FAC, Defendant answers that said allegations call for a legal conclusion and therefore Defendant cannot respond reasonably thereto.

35. Answering Paragraph 35 of the FAC, Defendant denies each and every allegation.

36. Answering Paragraph 36 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

37. Answering Paragraph 37 of the FAC, Defendant denies each and every allegation.

38. Answering Paragraph 38, Defendant admits that the court has jurisdiction for this matter.

39. Answering Paragraph 39 of the FAC, Defendant answers that the allegations in Paragraph 39 state a legal conclusion, and on that basis Defendant cannot respond reasonably thereto.

40. Answering Paragraph 40 of the FAC, Defendant answers that the allegations in Paragraph 40 state a legal conclusion, and on that basis Defendant cannot respond reasonably thereto.

41. Answering Paragraph 41 of the FAC, Defendants has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

42. Answering Paragraph 42 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

43. Answering Paragraph 43 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

44. Answering Paragraph 44 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

45. Answering Paragraph 45 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

46. Answering Paragraph 46 of the FAC, Defendant admits that Credigy Services Corporation is a Nevada corporation with its principal place of business in Nevada. Defendant has insufficient information to either admit or deny the allegations regarding Credigy Services Corporation's agent for service of process, but Credigy is not denying service of Plaintiff's

1   Summons and Complaint. Defendant admits that Credigy maintains overseas offices in Brazil. Defendant has insufficient information to either admit or deny the allegations regarding communications from Brazil to Plaintiff, and therefore denies each said allegations.

   47.   Answering Paragraph 47 of the FAC, Defendant admits each and every allegation.

   48.   Answering Paragraph 48 of the FAC, Defendant admits that Credigy Receivables, Inc. is a Georgia corporation with its principal place of business in Georgia. Defendant has insufficient information to either admit or deny the allegations regarding Credigy Receivables's agent for service of process, but Credigy is not denying service of Plaintiff's Summons and Complaint. Defendant admits that Credigy maintain overseas offices in Brazil. Defendant has insufficient information to either admit or deny the allegations regarding communications from Brazil to Plaintiff, and therefore denies each said allegations

   49.   Answering Paragraph 49 of the FAC, Defendant denies each and every allegation.

   50.   Answering Paragraph 50 of the FAC, Defendant admits that Credigy Services Solutions, Inc. is a Nevada corporation with its principal place of business in Nevada. Defendants has insufficient information to either admit or deny the allegations regarding Credigy Services Solutions, Inc.'s agent for service of process, but Credigy is not denying service of Plaintiff's Summons and Complaint. Defendant admits that Credigy maintains overseas offices in Brazil. Defendant has insufficient information to either admit or deny the allegations regarding communications from Brazil to Plaintiff, and therefore denies each said allegations.

   51.   Answering Paragraph 51 of the FAC, Defendant admits each and every allegation.

   52.   Answering Paragraph 52 of the FAC, Defendant admits that he is a former employee of Credigy. Defendant admits that he collected debts using the mails and phone and regularly attempts to collect debts alleged to be due another. Defendant is unable to answer the remainder of the allegations in paragraph 52 as they call for a legal conclusion and on that basis denies the remainder of the allegations in paragraph 52.

   53.   Answering Paragraph 53 of the FAC, Defendant admits that Defendant Mark Doe is a former employee of Credigy. Defendant has insufficient information to either admit or deny the remainder of the allegations contained therein and on that basis denies those allegations.

54. Answering Paragraph 54 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

55. Answering Paragraph 55 of the FAC, Defendant denies each and every allegation.

56. Answering Paragraph 56 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

57. Answering Paragraph 57 of the FAC, Defendant repeats and incorporates his Paragraphs 1 through 56 of this Answer. Defendant denies the allegation that he violated the Fair Debt Collection Practices Act.

58. Answering Paragraph 58 of the FAC, Defendant denies each and every allegation.

59. Answering Paragraph 59 of the FAC, Defendant denies each and every allegation.

60. Answering Paragraph 60 of the FAC, Defendant denies each and every allegation.

61. Answering Paragraph 61 of the FAC, Defendant denies each and every allegation.

62. Answering Paragraph 62 of the FAC, Defendant denies each and every allegation.

63. Answering Paragraph 63 of the FAC, Defendant denies each and every allegation.

64. Answering Paragraph 64 of the FAC, Defendant denies each and every allegation.

65. Answering Paragraph 65 of the FAC, Defendant denies each and every allegation.

66. Answering Paragraph 66 of the FAC, Defendant denies each and every allegation.

67. Answering Paragraph 67 of the FAC, Defendant denies each and every allegation.

68. Answering Paragraph 68 of the FAC, Defendant denies each and every allegation.

69. Answering Paragraph 69 of the FAC, Defendant denies each and every allegation.

70. Answering Paragraph 70 of the FAC, Defendant denies each and every allegation.

71. Answering Paragraph 71 of the FAC, Defendant denies each and every allegation.

72. Answering Paragraph 72 of the FAC, Defendant denies each and every allegation.

73. Answering Paragraph 73 of the FAC, Defendant denies each and every allegation.

74. Answering Paragraph 74 of the FAC, Defendants has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1 allegation.

2    75. Answering Paragraph 75 of the FAC, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies each and every allegation.

5    76. Answering Paragraph 76 of the FAC, Defendant repeats and incorporates his Paragraphs 1 through 75 of this Answer. Defendant denies each and every allegation.

7    77. Answering Paragraph 77 of the FAC, Defendant admits each and every allegation.

8    78. Answering Paragraph 78 of the FAC, Defendant repeats and incorporates his Paragraphs 1 through 77 of this Answer. Defendant denies each and every allegation.

10    79. Answering Paragraph 79 of the FAC, Defendant denies each and every allegation.

11    80. Answering Paragraph 80 of the FAC, Defendant denies each and every allegation.

12    81. Answering Paragraph 81 of the FAC, Defendant denies each and every allegation.

13    82. Answering Paragraph 82 of the FAC, Defendant denies each and every allegation.

14    83. Answering Paragraph 83 of the FAC, Defendant denies each and every allegation.

15    84. Answering Paragraph 84 of the FAC, Defendant denies each and every allegation.

16    85. Answering Paragraph 85 of the FAC, Defendant denies each and every allegation.

17    86. Answering Paragraph 86 of the FAC, Defendant denies each and every allegation.

18    87. Answering Paragraph 87 of the FAC, Defendant denies each and every allegation.

19    88. Answering Paragraph 88 of the FAC, Defendant repeats and incorporates his Paragraphs 1 through 87 of this Answer.

21    89. Answering Paragraph 89 of the FAC, Defendant denies each and every allegation.

22    90. Answering Paragraph 90 of the FAC, Defendant repeats and incorporates his Paragraphs 1 through 89 of this Answer.

24    91. Answering Paragraph 91 of the FAC, Defendant denies each and every allegation.

25    92. Answering Paragraph 92 of the FAC, Defendant denies each and every allegation.

26    93. Answering Paragraph 93 of the FAC, Defendant denies each and every allegation.

27    94. Answering Paragraph 94 of the FAC, Defendant denies each and every allegation.

28    95. Answering Paragraph 95 of the FAC, Defendant denies each and every allegation.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1  96.  Answering Paragraph 96 of the FAC, Defendant denies each and every allegation.
2  97.  Answering Paragraph 97 of the FAC, Defendant denies each and every allegation.
3  98.  Answering Paragraph 98 of the FAC, Defendant denies each and every allegation.
4  99.  Answering Paragraph 99 of the FAC, Defendant denies each and every allegation.
5  100. Answering Paragraph 100 of the FAC, Defendant repeats and incorporates his
6  Paragraphs 1 through 99 of this Answer.
7  101. Answering Paragraph 101 of the FAC, Defendant denies each and every allegation.
8  102. Answering Paragraph 102 of the FAC, Defendant repeats and incorporates his
9  Paragraphs 1 through 101 of this Answer.
10 103. Answering Paragraph 103 of the FAC, Defendant denies each and every allegation.
11 104. Answering Paragraph 104 of the FAC, Defendant denies each and every allegation.
12 105. Answering Paragraph 105 of the FAC, Defendant denies that Plaintiff is entitled to
13 actual and punitive damages. The remainder of the allegations in Paragraph 105 of the FAC state a
14 legal conclusion and therefore Defendant cannot respond reasonably thereto.
15 106. Answering Paragraph 106 of the FAC, Defendant denies each and every allegation.
16 107. Answering Paragraph 107 of the FAC, Defendant repeats and incorporates his
17 Paragraphs 1 through 106 of this Answer.
18 108. Answering Paragraph 108 of the FAC, Defendant repeats and incorporates his
19 Paragraphs 1 through 107 of this Answer.
20 109. Answering Paragraph 109 of the FAC, Defendant denies each and every allegation.
21 110. Answering Paragraph 110 of the FAC, Defendant denies each and every allegation.
22 111. Answering Paragraph 111 of the FAC, Defendant denies each and every allegation.
23 112. Answering Paragraph 112 of the FAC, Defendant has insufficient information to
24 either admit or deny the allegations contained therein and on that basis denies each and every
25 allegation.
26 113. Answering Paragraph 113 of the FAC, Defendant denies each and every allegation.
27 114. Answering Paragraph 114 of the FAC, Defendant repeats and incorporates his
28 Paragraphs 1 through 113 of this Answer. Defendant denies each and every allegation.

115. Answering Paragraph 115 of the FAC, Defendant denies each and every allegation.

116. Answering Paragraph 116 of the FAC, Defendant denies each and every allegation.

117. Answering Paragraph 117 of the FAC, Defendant denies each and every allegation.

118. Answering Paragraph 118 of the FAC, Defendant denies each and every allegation.

119. Answering Paragraph 119 of the FAC, Defendant denies each and every allegation.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action)**

1. Plaintiff's FAC, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2. Defendant is informed and believes and based thereon alleges that Plaintiff's FAC, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

**(Compliance with Statute)**

3. The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the FAC and each purported cause of action alleged therein against Defendant is barred.

### FOURTH AFFIRMATIVE DEFENSE

**(Estoppel)**

4. As a separate, affirmative defense, the FAC, and each cause of action alleged therein against Defendant are barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the FAC.

///

///

///

### FIFTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

5. Defendant and his agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted, Defendant alleges that he acted lawfully and within his legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available to this answering Defendants. Accordingly, Plaintiff are barred from any recovery in this action.

### SIXTH AFFIRMATIVE DEFENSE

### (Bad Faith Claims)

6. The allegations and claims asserted in the FAC have always been and continue to be frivolous, groundless and without merit as against Defendant. Plaintiff have brought this action against Defendant in bad faith.

### SEVENTH AFFIRMATIVE DEFENSE

### (Defendant May Recover for Plaintiff's Bad Faith Claim)

7. Plaintiff's FAC and each purported cause of action alleged therein against Defendants were not brought in good faith and are frivolous. Therefore, the relief requested is precluded and Defendant is entitled to recover its reasonable expenses, including attorneys' fees, incurred herein as a matter of law pursuant to this Court's inherent authority *California Code of Civil Procedure* sections 128.5 and 128.7, and pursuant to the California Rosenthal Act.

### EIGHTH AFFIRMATIVE DEFENSE

### (No Intentional or Reckless Conduct)

8. As a separate, affirmative defense, Defendant contends that he did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendant also alleges that he never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (No Causation)

9. Plaintiff is barred from any recovery or relief against Defendant because Defendants was not the actual or proximate cause of any of the damages, if any, alleged in the FAC.

## TENTH AFFIRMATIVE DEFENSE

### (No Knowledge, Participation, Approval or Ratification)

10. Plaintiff's FAC and each purported cause of action alleged therein against Defendant are barred because Defendant had no knowledge of, nor did it participate in, approve of or ratify any of the alleged misconduct of any other Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Independent Intervening Cause)

11. Defendant is informed, and believes and thereon alleges, that any damages allegedly sustained by Plaintiff were caused by the actions and/or omissions of someone other than Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

12. Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the FAC.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

13. Plaintiff is barred from maintaining the FAC and each purported cause of action alleged therein against Defendant as a result of unclean hands with respect to the events upon which the FAC and purported causes of action allegedly are based.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

14. The FAC and each purported cause of action alleged therein against Defendant is barred by Plaintiff's own conduct, actions, omissions and inaction which amount to and constitute a waiver of such claims and any relief sought thereby.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Laches)

15. Plaintiff is barred by the doctrine of laches from pursuing her FAC and each purported cause of action alleged therein against Defendant by reason of her inexcusable and unreasonable delay in filing her FAC.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Actions Were Privileged and Justified)

16. As a separate, affirmative defense, the FAC, and each cause of action alleged therein against Defendant, is barred because Defendant was privileged and justified, by statute and by common law, in making the alleged statements and representations, if any, including but not limited to statutes 15 U.S.C. § 1692k(c) and Civil Code §1788.12(e).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Actions Were Proper)

17. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of 15 U.S.C. § 1692 et. seq. or Civil Code § 1788 et seq.)

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

18. As a separate, affirmative defense, assuming *arguendo* that this Defendant violated a statute alleged in the FAC, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Maintained Reasonable FDCPA Procedures)

19. As a separate, affirmative defense, Defendant alleges that at all times alleged in the FAC, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the Fair Debt Collection Practices Act ("FDCPA").

### TWENTIETH AFFIRMATIVE DEFENSE

### (FDCPA damages are limited)

20. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. § 1692k(a)(1), § 1692k(a)(2)(A), § 1692k(a)(3) and 15 U.S.C. § 1692k(b)(1).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Standing)

21. As a separate, affirmative defense, Defendant alleges that Plaintiff lacks standing to assert the causes of action in her FAC.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Preemption)

22. As a separate, affirmative defense, Federal law preempts all of Plaintiff's claims and causes of action and therefore they are barred as a matter of law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Rosenthal Act damages are limited)

23. As a separate, affirmative defense, Defendant alleges that if Plaintiff were damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by Civil Code sections 1788.30 and 1788.32.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Punitive Damages Violate Due Process)

24. As a separate, affirmative defense, Defendant alleges that the imposition of any punitive damages in this matter would deprive Defendant of its property without due process of law under the United States Constitution.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Plaintiff Caused Own Harm)

25. The injuries, losses, or damages alleged in Plaintiff's FAC were caused solely by the negligence, negligence per se, and/or other culpable conduct of the Plaintiff, for which Defendant are not liable or responsible.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

26. Plaintiff's injuries, losses, or damages alleged in the FAC were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of the Plaintiff, and the amount of damages, if any, that may be recovered by Plaintiff from Defendant must be diminished in the proportion that Plaintiff's own conduct contributed to the cause of his alleged injuries, losses or damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

27. If any acts or omissions of Defendant is proved, which this Defendant expressly denies occurred, then such acts or omissions were provoked by Plaintiff, and done with the consent, express and implied, of Plaintiff.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

28. Plaintiff knowingly, intentionally, and voluntarily assumed the risk of the conduct, events, and matters alleged in the First Amended Complaint and the damages, if any incurred by Plaintiff are the direct and proximate result of the risk so assumed.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Unconstitutional Damages)

29. The Telephone Consumer Protection Act statute at issue was intended to restrict telemarketers, not those actively engaged in the collection of debt. In this factual context, enforcement of statutory damages against a debt collection agency or financial institution without prior notice would constitute imposition of unexpected, unfair, excessive, punitive, unlawful and

constitutional damages.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Unconstitutional Restriction of Business Communications)

30.     To the extent that Defendant were provided plaintiff's number as the primary contact point for an account holder, permission implied or express existed for the calling of the number by defendant. Such contact under those circumstances involves Defendant's right of commercial free speech and is unactionable by law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Calls to Plaintiff Were Not Made By An Automatic Telephone Dialing System)

31.     Any alleged call by Defendant to Plaintiff were not made by an automatic telephone dialing system.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Plaintiff Was Not Charged For Call)

32.     As Plaintiff was not charged for any alleged call by Defendant, her First Amended Complaint is unactionable under the TCPA.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Reservation of Rights)

33.     Defendants reserves the right to amend his answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

///
///
///
///
///
///

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by reason of her First Amended Complaint;
2. For judgment in favor of Defendant, and against Plaintiff
3. For costs of suit and reasonable attorneys' fees incurred; and
4. For such other and further relief as the Court may deem just and proper.

DATED: March 28, 2008

CARLSON & MESSER LLP

By _____
David J. Kaminski, Esq.
Stephen A. Watkins, Esq.
Attorneys for Defendant,
CREDIGY SERVICE CORPORATION,
CREDIGY RECEIVABLES INC.,
CREDIGY SOLUTIONS, INC., and
BRETT BOYDE

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05713.00:143118

ANSWER TO FIRST AMENDED COMPLAINT    CASE NO. C07 06428 JF HRL