EXHIBIT A

Ronald Wilcox SBN 176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San José, CA 95126-1001
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@yahoo.com

Balám O. Letona SBN 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: (831) 421-0200
Fax: (831) 621-9659
Email: letonalaw@gmail.com

**Attorney for Plaintiffs**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL G. FAUSTO, AND LUZ FAUSTO,<br>Plaintiffs,<br><br>v.<br><br>CREDIGY SERVICES CORPORATION,<br>CREDIGY RECEIVABLES INC., CREDIGY<br>SOLUTIONS INC., RYAN MILLER,<br>RICARDO VENTURA, BRETT BOYDE,<br>PAULO PERES, THOMPSON, and DOES 1-<br>10, inclusive,<br><br>Defendant(s). | Case# 07-05658 JW RS<br><br><br>**STIPULATION REGARDING<br>SERVICE ON CERTAIN INDIVIDUAL<br>DEFENDANTS** |
| MARTHA VASQUEZ PINTOR,<br>Plaintiffs,<br><br>v.<br><br>CREDIGY SERVICES CORPORATION,<br>CREDIGY RECEIVABLES INC.,<br>CREDIGY SOLUTIONS INC., BRETT<br>BOYDE, MARK DOE and DOES 1-10,<br>inclusive,<br><br>Defendant(s). | Case# 07-06428 JF HRL |

STIPULATION REGARDING SERVICE ON CERTAIN INDIVIDUAL DEFEDANTS
Page 1

1

2      David Kaminski, Counsel for Credigy Services Corp., Credigy Receivables, Inc., and

3  Credigy Solutions, Inc. agrees to accept service on March 14, 2008, via fax of the Summons and

4  Complaint on behalf of defendants RG Oncalve ("Thompson", as named in the *Fausto v. Credigy*

5  *et al.*, complaint), Ricardo Ventura as named in the *Fausto v. Credigy et al.*, complaint, and Mark

6  De Luca Ferrao ("Mark Doe" as named in the *Pintor v. Credigy et al.*, complaint).

7      Additionally, Mr. Kaminski has already accepted fax service for Paulo Peres, Luis Renato

8  Silva Nunez (a.k.a Ryan Miller), in the *Fausto v. Credigy et al.*, matter, and will answer on their

9  behalf, as well as Brett Boyde (who was personally served), in both the *Fausto v. Credigy et al.*

   matter, and *Pintor v. Credigy, et al.*, matter.

10      The six individual defendants above shall answer the complaints by March 28, 2008.

11

12  DATED: *3/14/08*                              _Ronald Wilcox_

13                                                Ronald Wilcox, Counsel for Plaintiffs

14  DATED:                                        _David A. Kaminski_

15                                                David Kaminski, Counsel for Defendants
                                                  Credigy Solutions, Inc., Credigy Receivables,
16                                                Inc. and Credigy Service Corp., RG Olcave
                                                  (a.k.a Thompson), Ricardo Ventura, Mark De
17                                                Luca Ferrao (a.k.a Mark Doe), Brett Boyde,
                                                  Paulo Peres, Luis Renato Silva Nunez (a.k.a
18                                                Ryan Miller

19

20

21

22

23

24

25

26

**STIPULATION REGARDING SERVICE ON CERTAIN INDIVIDUAL DEFEDANTS**
Page 2

EXHIBIT B

| | |
|---|---|
| **From:** | Ronald Wilcox <ronaldwilcox@mac.com> |
| **To:** | "David J. Kaminski" <KAMINSKD@cmtlaw.com> |
| **Date:** | 4/9/2008 10:39 am |
| **Subject:** | Fausto v. Credigy, Depositions, Written Discovery |
| **CC:** | Balam Letona <letonalaw@gmail.com> |

Dear David,

1. DEFENDANTS' DEPOSITIONS

When we met and conferred about this case I asked whether the
individual Defendants wanted to conduct their depositions in Brazil or
the U.S.  Defendants did not provide the information sought.  On April
1, 2008 I then wrote you in an attempt to obtain Defendants' available
deposition dates and schedule Defendants' depositions.  I emphasized
the Court's strict scheduling order.  Defendants did not provide the
information sought.  On Friday, April 4, 2008 Plaintiffs noticed
certain individual Defendants' depositions.  I understand you have
voiced an objection to the depositions, but have not sought any order
from the court.  Furthermore, Plaintiffs are concerned that you signed
a stipulation agreeing to represent and Answer for Ricardo Ventura and
Thompson (Rita Goncaves), which the Court relied on in taking a motion
off calendar, but  now claim you will not represent them, and will not
produce for depositions.

Simply put, Plaintiffs seek to proceed in an efficient and orderly
manner.  Fortunately, the F.R.C.P. provides the litigants certain
rules to insure that.  If Defendants have some specific alternative to
offer, including a designation of the time and place, then please
promptly provide such for Plaintiffs' consideration.  Otherwise, the
F.R.C.P. indicates depositions proceed absent an order from the court.

2. PLAINTIFFS' DEPOSITIONS

On April 2, 2008 you indicated, for the first time, you would like to
take the depositions of the Plaintiffs.  However, you insisted these
occur before the Mediation set for April 23, 2008, and before the
requested and noticed depositions of the defendants mentioned above.
As you know, Defendants were unable to commit to a Mediation date
during our mandatory Pre-Mediation phone call, requiring the parties,
and Mediator, to hold several follow-up phone calls to resolve the
Defendants' inadequacy.  During such conversations you and I
recognized the only possible dates we had available were those
selected in late April.  Thus, you are aware that neither of our
schedules allow for the taking of the Plaintiffs' depositions before
the mediation.

Furthermore, refusing to respond to Plaintiffs' attempt to obtain
Defendants' available deposition dates, and then demanding (in the
same communication) immediate depositions of the Plaintiffs, is not
appropriate.  Of course, it is well understood, "Playing games: with
deposition sequence is a poor tactic.  It undermines professionalism
and may violate local court rules (see above).  Equally important, it

is sure to raise the antagaonism level in the case, making further proceedings more costly and settlement more difficult!" Civil Procedure Before Trial, Weil & Brown, The Rutter Group ("TRG")[TRG 8:498]. Furthermore, "Even in the absence of statutory authority or rule, many judges prefer depositons to be taken and completed in the order noticed. Protective orders (see below) may be granted to prevent a party from unilaterally altering the sequence of depositions (e.g., by obtaining a continuance of his or her depositions and then noticing the deposition of the opponent). [See Young v. Rosenthal, 212 C.A.2d 3d 96, 106, 260 C.R.D. 363, 374, fn. 10] [TRG 8:497].

We are happy to agree to a deposition schedule which follows the sequence of when the depositions were noticed. Furthermore, we agree with your assessment that this case is extraordinarily complicated. Thus, we should work together, and within the F.R.C.P. to insure it moves forward in an efficient and timely manner. You are welcome to call me so we can try to cooperate on these matters.


3. WRITTEN DISCOVERY

Finally, after several meet and confer sessions you and I agreed on responding to discovery on shortened time, so that the parties would have the discovery they needed for a fruitful Mediation. We then reduced our agreement to writing. You have since indicated an unwillingness to abide by our agreement. Plaintiffs expect Defendants to honor the written agreement entered into, but are happy to discuss the matter.

Sincerely,

Ron


Ronald Wilcox
Attorney at Law
2160 The Alameda, First Floor
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@mac.com

EXHIBIT C

1   DAVID J. KAMINSKI, ESQ., (SBN #128509)
    STEPHEN A. WATKINS, ESQ., (SBN #205175)
2   CARLSON & MESSER LLP
    5959 W. Century Boulevard, Suite 1214
3   Los Angeles, California 90045
    (310) 242-2200 Telephone
4   (310) 242-2222 Facsimile

5   Attorneys for Defendants,
    CREDIGY SERVICE CORPORATION,
6   CREDIGY RECEIVABLES INC.,
    CREDIGY SOLUTIONS, INC. and
7   BRETT BOYDE

8                          UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

10

11  MARTHA VASQUEZ PINTOR,              )   CASE NO. C07 -06 428 JF HRL
                                        )
12                      Plaintiff,      )   [Complaint Filed:   12/20/07
                                        )   1st Amended Complaint Filed: 1/14/08]
13                                      )
            vs.                         )   **INITIAL DISCLOSURES**
14                                      )
    CREDIGY SERVICES CORPORATION;       )   Magistrate Judge: Howard R. Lloyd
15  CREDIGY RECEIVABLES INC.;           )
    CREDIGY SOLUTIONS INC.; BRETT       )
16  BOYDE; MARK DOES and DOES 1-10,     )
    inclusive,                          )
17                                      )
                                        )
18                      Defendants.     )
                                        )
19

20

21          Defendants CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC.,

22  CREDIGY SOLUTIONS INC., and BRETT BOYDE ("Defendants"), through their respective

23  counsel of record, David J. Kaminski, Esq. of Carlson & Messer LLP, submit the following initial

24  disclosures, as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.  Defendants

25  reserve the right, in accordance with Rule 26(e)(1) of the Federal Rules of Civil Procedure, to

26  amend or supplement these disclosures as discovery progresses.

27

28

**GENERAL OBJECTIONS**

1.    Privileged information. Defendants reserve the right to object to the disclosure of information to the extent that such information is protected by the attorney-client privilege, or any other applicable privilege, on the grounds that such matters are exempted from discovery.

2.    Work Product. Defendants reserve the right to object to the disclosure of information to the extent that such information is not discoverable by reason of the work-product or trial-preparation doctrine.

3.    Relevancy. Defendants reserve the right to object to the disclosure of information that is not relevant to any claim or defense.

**DISCLOSURES**

**A.    List Of Individuals Likely To Have Discoverable Information Relevant To Disputed Facts Alleged In The Pleadings And The Subject Matter Of The Information**

1.    Various representatives on behalf of Defendants Credigy Services Corporation, Credigy Receivables Inc, and Credigy Solutions Inc., located at 2877 Paradise Road, #303, Las Vegas NV 89109.

2.    Jason Williams, Vice President for Strategic Development, Credigy. He is located at 3950 Johns Creek Court, Suite 100, Suwanee GA 30024-1296. Mr. Williams is expected to testify regarding company policies and the collection action that is the subject of this litigation.

3.    Scott Loynd, Senior Litigation Attorney, Credigy. He may be contacted at 3950 Johns Creek Court, Suite 100, Suwanee GA 30024-1296. Mr. Loynd is expected to testify regarding company policies and the collection action that is the subject of this litigation.

4.    Brett Boyde, 1532 Towne Park Court, Lawrenceville, GA 30044.

5.    Fabiano Nascimento Ferrão, who Defendants believe may be the "Mark Doe" identified in Plaintiffs' Complaint.

6.    Plaintiff Martha Vasquez Pintor ("Plaintiff"). Plaintiff is expected to testify about the factual basis for the allegations in her complaint, her contacts with the Defendants, and her damages.

7.    Expert Testimony as Needed. Defendant may seek to use expert testimony, but has not consulted nor retained any experts at this time.

2

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1    Defendants reserve the right to supplement these disclosures and to add any person(s)

2    necessary to establish the claims or defenses alleged in their pleadings.

3    **B.**    **Description By Category And Location Of Documents, Data Compilations, and**

4         **Tangible Things That Defendants May Use To Support Their Claims Or Defenses.**

5         Pursuant to Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure, Defendants state that

6    it may use the following documents or categories of documents, excluding any document that is

7    privileged, to support their claims or defenses:

8         1.    Copies of documents in Defendants' files relating to the collection action against

9         the Plaintiff, including collection notes, and backup data verifying Plaintiffs' debt; and

10        2.    Copies of documents establishing or reflecting Defendants' procedures in pursuing

11   or settling debts owed to its clients, including but not limited to training manuals; and

12        3.    Copies of documents and other tangible items produced by Plaintiffs to the extent

13        relevant to Defendants' defense to Plaintiff's claims.

14        To the extent that the documents above are in Defendants' possession, these documents

15   will be made available for inspection and copying upon reasonable notice.

16        Defendants do not make any representations with respect to the relevance of any

17   documents, nor does it waive the right to object to the production of documents in these categories

18   for any reason, including, but not limited to, that a request for production of such documents would

19   be overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

20   admissible evidence.

21        Defendants reserve the right to supplement these disclosures and to add any document(s) or

22   physical evidence necessary to establish the claims or defenses alleged in their pleadings.

23   **C.**    **Computation Of Damages**

24        Defendants presently do not seek damages.

25   / / /

26   / / /

27   / / /

28   / / /

     / / /

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**D.    Insurance Agreements**

Defendants will produce the Insurance Agreement under which any insurance company may be liable to satisfy all or any judgment which may be entered against Defendants or to reimburse Defendants for any payments made to satisfy any such judgment, to the extent relevant and applicable.

DATED:  April 21, 2008

CARLSON & MESSER LLP

By_____
David J. Kaminski, Esq.
Stephen A. Watkins, Esq.
Attorneys for Defendant,
CREDIGY SERVICE CORPORATION,
CREDIGY RECEIVABLES INC.,
CREDIGY SOLUTIONS, INC., and
BRETT BOYDE

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05713.00:143359

4

## PROOF OF SERVICE

STATE OF CALIFORNIA        )
                                 )   ss.

COUNTY OF LOS ANGELES    )

      I am employed in the County of Los Angeles, State of California.

      I am over the age of 18 and not a party to the within action; my business address is 5959 W. Century Boulevard, Suite 1214, Los Angeles, California 90045.

      On **April 21, 2008**, I served the foregoing document described as: **INITIAL DISCLOSURES** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST.

[X]    **BY ELECTRONIC MAIL** - Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐    **(BY MAIL)**
      I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

☐    **(BY FACSIMILE)**
      I transmitted via telecopier machine such document to the offices of the addressees.

☐    **(BY PERSONAL SERVICE)**
      I hand-delivered said documents to the parties listed on the attached Service List.

☒    **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed this 21st day of April, 2008, at Los Angeles, California.

                                   _____
                                     Linda Brooks

1

<u>Martha Pintor v. Credigy Services Corporation, et al.,</u>
Our File No. 05713.00

2

Ronald Wilcox, Esq.                                    Attorneys for Plaintiff
3   LAW OFFICE OF RONALD WILCOX
    2160 The Alameda, First Flr., Suite F
4   San Jose, CA 95126-1001
    Tel: (408) 296-0400
5   Fax: (408) 296-0486
    Email: ronaldwilcox@post.harvard.edu

6

7   Balam O. Letona, Esq.                              Attorneys for Plaintiff.
    LAW OFFICE OF BALAM O. LETONA,
8   INC.
    1347 Pacific Avenue, Suite 203
9   Santa Cruz, CA  95060-3940
    Tele:  (831) 421-0200
10  Fax:   (831) 621-9659

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
    05713.00:143771