1  DAVID J. KAMINSKI, ESQ., (SBN #128509)
   STEPHEN A. WATKINS, ESQ., (SBN #205175)
2  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
3  Los Angeles, California 90045
   (310) 242-2200 Telephone
4  (310) 242-2222 Facsimile

5  Attorneys for Defendants,
   CREDIGY SERVICES CORPORATION,
6  CREDIGY RECEIVABLES INC., CREDIGY
   SOLUTIONS INC. and BRETT BOYDE
7

8                    UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

10

11 MARTHA VASQUEZ PINTOR,              )  CASE NO. C07-06 428 JF HRL
                                       )
12                                     )  [Complaint Filed:   12/20/07
                  Plaintiff,           )  1st Amended Complaint Filed: 1/14/08]
13                                     )
       vs.                             )  District Judge: Hon. Jeremy Fogel
14                                     )  Magistrate Judge: Hon. Howard R. Lloyd
   CREDIGY SERVICES CORPORATION;       )
15 CREDIGY RECEIVABLES INC.;           )  DEFENDANTS CREDIGY SERVICES
   CREDIGY SOLUTIONS INC.; BRETT       )  CORPORATION, CREDIGY
16 BOYDE; MARK DOE and DOES 1-10,      )  RECEIVABLES INC., CREDIGY
   inclusive,                          )  SOLUTIONS INC.'S NOTICE OF
17                                     )  MOTION AND MOTION TO WITHDRAW
                                       )  FROM STIPULATION; DECLARATION
18                Defendants.          )  OF DAVID J. KAMINSKI
                                       )
19                                     )  Date: July 25, 2008
                                       )  Time: 9:00 a.m.
20                                     )  Location: U.S. District Court,
                                       )  280 S. 1st. Street, San Jose, CA
21                                        Courtroom 3

22  _____

23

24 TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

25      PLEASE TAKE NOTICE THAT on July 25, 2008 at 9:00 a.m. in Courtroom 3 of the

26 United States District Court for the Northern District of California located at 280 South First

27 Street, San Jose, California, Defendants CREDIGY SERVICES CORPORATION, CREDIGY

28 RECEIVABLES INC., CREDIGY SOLUTIONS INC, and BRETT BOYDE ("Defendants") will

   hereby move the Court for the following relief pursuant to its inherent power to modify

   05713.00:144177                          1
   _____
   Defendants' Motion to Withdraw From Stipulation   CASE NO. C07 06428 JF HRL

interlocutory orders and the scope of the Court's discretionary authority:

1. That the stipulation of March 14, 2008 (the "Stipulation") whereby Defendants' counsel agreed to accept service on behalf of Mark Doe be vacated.

This motion is made and based on the grounds that at the time Defendants' counsel entered into the Stipulation, they in good faith believed that they would be able to contact Defendant Mark Doe based upon the representations of their clients. This motion is also based on the grounds that Defendants' counsel agreed to the Stipulation in order to expedite the current litigation and move to move the litigation forward.

This motion is further based upon the attached Memorandum of Points and Authorities, the Declaration of David J. Kaminski, all pleadings and papers on file herein and such further evidence as the Court may allow.

DATED: May 19, 2008                    CARLSON & MESSER LLP


By: /s/ David J. Kaminski
David J. Kaminski, Esq.
Stephen A. Watkins, Esq.
Attorneys for Defendant,
CREDIGY SERVICES CORPORATION,
CREDIGY RECEIVABLES INC., CREDIGY
SOLUTIONS INC. and BRETT BOYDE

05713.00:144177                          2
**Defendants' Motion to Withdraw From Stipulation**   CASE NO. C07 06428 JF HRL

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This action arises from a dispute regarding debt collection. Plaintiff Martha Pintor ("Plaintiff") alleges that Defendants Credigy Services Corporation, Credigy Receivable Inc, and Credigy Solutions Inc.("Credigy")'s collection efforts with regard to Plaintiff's debt violated the Fair Debt Collection Practices Act and the Rosenthal Act, among other laws. Plaintiff also sued individual defendants Mark Doe and Brett Boyde in their individual capacity as employees of Credigy (together with Credigy "Defendants") during the times alleged in her First Amended Complaint ("FAC").

Plaintiff alleges that individual Defendant Doe was employed at a Credigy call center in Brazil at the times alleged in the First Amended Complaint ("FAC"). Plaintiff alleges that many of the calls that serve as the basis of their FAC originated in Brazil. Although Defendants' counsel originally agreed to accept service on behalf of Defendant Doe (now identified as employee Fabiano Nascimento Ferrão), they later learned this individual was no longer employed by Credigy, and to date Credigy has been unable to locate Fabiano Ferrão in Brazil. In light of Defendants' counsel inability to contact Defendant Mark Doe (aka Fabiano Ferrão), they bring the instant motion (the "Motion") to withdraw their stipulation accepting service on his behalf and requiring them to answer on his behalf.

### II.    THIS COURT HAS THE AUTHORITY TO GRANT DEFENDANTS RELIEF

The general rule regarding the power of a district court to rescind an interlocutory order is as follows:"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A. v. Santa Monica BayKeeper* (9th Cir. Cal. 2001) 254 F.3d 882, 884 (citations omitted). *See also Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000) (stating that when a district court issues "an interlocutory order, the district court has plenary power over it and this power to reconsider, revise, alter or amend the interlocutory order is not subject to the limitations of Rule 59");

A district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure. *Id.* As explained by the Third Circuit in *United States v. Jerry:*

> If no procedure is specifically prescribed by rule, **the court may proceed in any lawful manner not inconsistent with these rules or with any applicable statute**. Nothing in the Rules limits the power of the court **to correct mistakes made in its handling of a case** so long as the court's jurisdiction continues, i.e., until the entry of judgment. In short, the power to grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has long been recognized as within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules.

487 F.2d 600, 604 (3d Cir. 1973) (internal citations and quotations omitted). *See also City of L.A.*, 254 F.3d at 886-87.

Finally, it is a matter of the court's discretion whether to permit a party to withdraw from a stipulation. *Wheeler v. John Deere Co.* (10th Cir. 1991) 935 F.2d 1090, 1097-98 (concluding that district court's discretion is "broad"); *Hunt v. Marchetti* (11th Cir. 1987) 824 F.2d 916, 917-18 (same); *Aetna Life Ins. Co. v. Barnes* (5th Cir. 1966) 361 F.2d 685, 690-91 (same).

Defendants' counsel agreed to accept service on behalf of Defendant Mark Doe pursuant to a stipulation between Defendants and Plaintiff (the "Stipulation"), and filed with the Court on March 18, 2008. A true and correct copy of this Stipulation is attached to the Declaration of David J. Kaminski as Exhibit "A" and is incorporated herein by reference. Such stipulation is in essence, a non-final order and therefore subject to modification by the Court's inherent power. Therefore, this Court has the authority to allow Defendants' counsel to withdraw from the Stipulation to the extent it agreed to accept service on behalf of Doe (aka Fabiano Ferrão) and answer on his behalf. As shown below, this Court is justified in doing so.

///

///

///

III. **DEFENDANTS SHOULD BE ALLOW TO WITHDRAW FROM THE STIPULATION WITH REGARD TO DOE IN THE INTERESTS OF JUSTICE**

The Ninth Circuit has held that the factors to consider in deciding whether to modify a pre-trial order issued pursuant to F.R.C.P. Rule 16 include: prejudice to movant of a refusal to modify; prejudice to non-movant of modification; impact of modification on orderly conduct of case; and degree of wilfulness, bad faith, or excusable neglect on the part of the movant. *United States v. First Nat'l Bank of Circle* (9th Cir. 1981) 652 F.2d 882, 887. Although the Stipulation is not a Rule 16 pre-trial order, but a pre-trial stipulation, the *Circle* factors do provide a solid framework for determining whether this Court should modify the Stipulation in the interests of justice.

   A. **The Stipulation of Defendants' Counsel With Respect to Defendant Mark Doe Was a Result of Attorney Mistake**

As shown in the Declaration of David J. Kaminski, Defendants' counsel agreed to enter into a stipulation on March 14, 2008, whereby Defendants' counsel agreed to accept service on behalf of individual defendant Mark Doe, (thought to be Mark De Luca Ferrão at the time)(the "Stipulation"). Although Defendants had not yet located Defendant Doe, Defendants' counsel entered into the stipulation in the interests of moving the case forward and in a good faith belief based on the representations of counsel's clients that they would be able to contact these individuals, secure their cooperation, and move the case forward. At the time of entering the stipulation, Defendants mistakenly believed that these individuals would be easy to locate and contact. However, for the reasons specified below, this assumption proved to be in error.

Plaintiff's naming of Brazilian nationals as individual defendants in this litigation has added additional layers of procedural and logistical complexity to this action. Plaintiff's counsel has even admitted in an email that he agrees with Defendants' counsel's assessment that "this case is extraordinarily complicated". A true and correct copy of this email is attached to the Declaration of David J. Kaminski as Exhibit "B" and is incorporated herein by reference.

Plaintiff's FAC names "Mark Doe" as an individual defendant. However, she only

identifes Mark Doe as a Credigy employee who collected on her account. Due to the absence of information regarding this defendant, Defendants were required to investigate which one of their Brazil employees could possibly have used the alias "Mark Doe." Defendants diligently researched this allegation, and at first suspected that an "Mark De Luca Ferrão " was the true identity of Mark Doe. However, after further investigation, Defendants realized that former Brazilian employee Fabiano Nascimento Ferrão was most likely the employee identified as Thompson instead. Defendants have also been unable to contact Fabiano Ferrão so far. This is due to his status as a former employee. Defendants have provided the last known address of Mr. Ferrão to Plaintiff.

### B. Defendants Acted In Good Faith

Defendants' counsel did not take its representation of Mark Doe lightly. The fact that Defendants were ultimately able to discover that Mark De Luca Ferrão was not Mark Doe, but Fabiano Nascimento Ferrão was the defendant in question shows that Defendants maintained their search for the correct Defendant Mark Doe, even when it may have been more convenient to assume Mark De Luca Ferrão was the proper party.

Defendants have steadfastly worked to progress this case, and the inability to contact Defendant Mark Doe is not a result of a lack of effort. However, at this point in time, it is not practical for Defendants' counsel to continue to represent a client they cannot reach, and to which counsel had no authority to represent in the United States and therefore this Court should grant Defendants' Motion.

### C. The Granting of Defendants' Request Will Not Prejudice Plaintiff

Plaintiff cannot claim that allowing Defendants' counsel to withdraw from the Stipulation with respect to Defendant Doe will unfairly prejudice their case. Only recently did Defendants find out that Fabiano Ferrão was most likely Mark Doe. This was first represented to Plaintiff in Defendants' Initial Disclosures served on April 21, 2008. A true and correct copy of these Initial Disclosures are attached to the Declaration of David J. Kaminski as Exhibit "B" and are incorporated herein by reference. If Defendants cannot locate former employees after diligent efforts then Defendants cannot represent them in this case.

1  The purpose of the Stipulation was to expedite service on all of the Defendants in this case
2  and to move the case forward. Defendants have already provided Plaintiff with address
3  information and the employment records of Fabiano Nascimento Ferrão such that Plaintiff can
4  begin efforts to locate this defendant.

5  **D.    Failure to Grant Defendants' Request Will Prejudice Defendant Fabiano**
6  **Nascimento Ferrão**

7  Although all of the other individual Defendants in this action have agreed to be
8  represented by Defendants' counsel, Defendants' counsel has thus far not obtained the consent of
9  Ferrão Ferrão. Therefore, even if Defendants' counsel withdrawal from the Stipulation will
10 prejudice Plaintiff, this does not outweigh the effect of allowing the service of Ferrão Ferrão to
11 stand. If no action is taken, Fabiano Ferrão will continue onward in litigation and be subjected to
12 potential liability in a case in which he has never even been served with process. Moreover, even
13 if Plaintiff wins her case, any judgment against Fabiano Ferrão would be void for lack of
14 jurisdiction. Therefore, in order to avoid prejudice to Defendant Fabiano Ferrão, Defendants'
15 Motion should be granted.

16 In light of the lack of prejudice to Plaintiff, Defendants' diligent efforts to locate
17 Defendant Mark Doe (aka Fabiano Ferrão), and the potential prejudice to Mark Doe (aka Fabiano
18 Ferrão) if this Court <u>does not</u> take action, this Court should allow Defendants' counsel to withdraw
19 from the Stipulation to the extent they accepted service on behalf of Mark Doe (aka Fabiano
20 Ferrão) and agreed to answer on his behalf.

21
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

05713.00:144177                                7
Defendants' Motion to Withdraw From Stipulation    CASE NO. C07 06428 JF HRL

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion and allow Defendants to withdraw from the Stipulation allowing Defendants' counsel to accept service on behalf of Mark Doe (aka Fabiano Ferrão) and requiring them to answer on his behalf, previously entered in this action.

DATED: May 19, 2008                    CARLSON & MESSER LLP


By: /s/ David J. Kaminski
    David J. Kaminski, Esq.
    Stephen A. Watkins, Esq.
    Attorneys for Defendant,
    CREDIGY SERVICES CORPORATION,
    CREDIGY RECEIVABLES INC., CREDIGY
    SOLUTIONS INC. and BRETT BOYDE

## DECLARATION OF DAVID J. KAMINSKI

I, David J. Kaminski, declare as follows:

1.  I am an attorney at law, licensed to practice before all of the courts of the State of California and a member of the law firm of Carlson & Messer LLP, attorneys of record for CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC, and BRETT BOYDE ("Defendants") in the above-captioned action brought by MARTHA VASQUEZ PINTOR (Plaintiff).

2.  The facts set forth herein are true to my own personal knowledge, and if called upon, and sworn as a witness, I could and would competently testify thereto.

3.  Defendants' counsel entered into a stipulation (the "Stipulation") whereby they agreed to accept service of the summons and complaint in this action on behalf of Defendant Mark Doe, who they believed to be Mark De Luca Ferrão at the time. This Stipulation was filed with the Court on March 18, 2008. A true and correct copy of this Stipulation is attached to this declaration as Exhibit "A" and is incorporated herein by reference.

4.  Although at the time the Stipulation was entered into, Defendants had not yet located Defendant Mark Doe, Defendants' counsel entered into the Stipulation in the interests of moving the case forward and in a good faith belief, based upon the representations of counsel's clients, that Defendants would be able to contact these individuals, secure their cooperation, and move the case forward. At the time of entering the stipulation, Defendants mistakenly believed that these individuals would be easy to locate and contact.

5.  Plaintiff's naming of Brazilian nationals as individual defendants in this litigation has added additional layers of procedural and logistical complexity to this action. Plaintiff's counsel has even admitted in an email that he agrees with Defendants' counsel's assessment that "this case is extraordinarily complicated". A true and correct copy of this email is attached to this Declaration as Exhibit "B" and is incorporated herein by reference.

6.  Plaintiff's First Amended Complaint names "Mark Doe" as an individual defendant. However, she only identifies Mark Doe as a Credigy employee who collected on her account. Due to the absence of information regarding Mark Doe, Defendants were required to investigate which

1  one of their Brazil employees could possibly have used the alias "Mark Doe."

2      7.    Defendants diligently researched this allegation, and at first suspected that a "Mark
3  De Luca Ferrão" was the true identity of Mark Doe. However, after further investigation,
4  Defendants realized that former Brazilian employee Fabiano Nascimento Ferrão was the correct
5  employee identified as Mark Doe. This was first represented to Plaintiff in Defendants' Initial
6  Disclosures served on April 21, 2008. A true and correct copy of these Initial Disclosures are
7  attached to the Declaration of David J. Kaminski as Exhibit "C" and are incorporated herein by
8  reference. Defendants have been unable as of yet to contact Fabiano Nascimento Ferrão. This is
9  due to his status as a former employee. Defendants have provided the last known address and
10 employment records of Mr. Fabiano Nascimento Ferrão to Plaintiff.

11     8.    The purpose of the Stipulation was to expedite service on all of the Defendants in
12 this case and to help move the case forward as quickly as possible.

13     9.    Although all of the other individual Defendants in this action have agreed to be
14 represented by Defendants' counsel, Defendants' counsel has thus far not obtained the consent of
15 Fabiano Nascimento Ferrão.

16 I declare under penalty of perjury under the laws of the State of California that the
17 foregoing is true and correct.

19 Executed this 19th day of May 2008, at Los Angeles, California.

21         /s/ David J. Kaminski
        David J. Kaminski, Esq.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05713.00:144177

10

**Defendants' Motion to Withdraw From Stipulation**    CASE NO. C07 06428 JF HRL