Balám O. Letona, Bar No. 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: 831-421-0200
Fax: 831-621-9659
Email: letonalaw@gmail.com

Ronald Wilcox, Bar No. 176601
LAW OFFIC OF RONALD WILCOX
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
Email: ronaldwilcox@post.harvard.edu

Attorneys for Plaintiffs

## U.S. DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSÉ DIVISION

|  |  |
|---|---|
| MARTHA VASQUEZ PINTOR,<br>                Plaintiffs,<br><br>v.<br><br><br>CREDIGY SERVICES CORPORATION,<br>CREDIGY RECEIVABLES INC.,<br>CREDIGY SOLUTIONS INC., BRETT<br>BOYDE, MARK DOE and DOES 1-10,<br>inclusive,<br>                Defendant(s). | Case No. C07-06428 JF-HRL<br><br>**PLAINTIFF'S NOTICE OF<br>MOTION AND MOTION FOR<br>PROTECTIVE ORDER**<br><br>**Date:  June 24, 2008**<br>**Time: 10:00 a.m.**<br>**Place:  280 South 1st Street**<br>       **San Jose, CA**<br><br>**JUDGE HOWARD LLOYD** |

**PLEASE TAKE NOTICE THAT** on June 24, 2008, at 10:00 a.m., or as soon thereafter

as the matter may be heard, in the above-entitled Court located at 280 South 1st St., San

Jose, CA 95113, Plaintiff will move the court pursuant to Federal Rule of Civil Procedure

26 for a protective order to control the timing of discovery and when certain audio

recordings need to be turned over to defendants.  This motion will be based on this notice

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER – C 03-04790 JF HRL

1    and motion, including the legal authorities cited, the supporting declaration, all

2    documents related to the motion, all documents in the Court's file in this action, all

3    matters of which the Court may take judicial notice, all oral arguments, and any other

4    items the Court deems appropriate.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER – C 03-04790 JF HRL

## I. <u>BACKGROUND</u>

Defendants engaged in a campaign of telephone abuse in an attempt to coerce payment on a consumer debt from two separate sets of Plaintiffs, *Vasquez v. Credigy et al.*, C07-06428 JF-HRL, and *Fausto v. Credigy, et al.*, 07-05658 JW RS.

In *Vasquez v. Credigy*, a review of Defendant's own collection logs, and those of its agent, show they made at least sixty (66) phone calls to Vasquez, in an attempt to collect an alleged 10 year old debt, with numerous calls occurring after Plaintiff sent a cease and desist order[1]. Additionally, numerous calls were abusive and harassing, including false threats of arrest. These abusive and intrusive practices caused Plaintiff emotional distress.

In *Fausto v. Credigy,* a review of Defendants' own collections logs, and those of its agent, show they made at least ninety (90) phone calls to the Faustos, in an attempt to collect an alleged 10-year old debt, with more than (87) phone calls occurring after Plaintiffs sent a cease and desist order[2]. Additionally, numerous calls were abusive and harassing, including false threats to take Plaintiffs home and to report the alleged debt to credit reporting agencies forever. These abusive and intrusive practices caused Plaintiffs emotional distress.

Defendants called the Plaintiffs repeatedly and continuously, many times several times a day, and despite cease and desist letters.

Plaintiff, Martha Vasquez Pintor, filed her lawsuit against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq. (hereinafter

---

[1] *See Declaration of Balám O. Letona in Support of Motion for Protective Order, page 2, ¶ 3*

[2] *See Declaration of Balám O. Letona in Support of Motion for Protective Order, page 2, ¶ 4*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER – C 03-04790 JF HRL

"state Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices, as well as common law tort claims.[3]

Defendants have denied any unlawful conduct.  Certain phone calls were recorded.  To that end, *Plaintiff now seeks a protective order to control the timing of discovery, to conduct depositions of Defendants and their debt collectors, before any audio recordings must be turned over to Defendants.*

## II. FACTS

### A.  DEFENDANTS REFUSE TO IDENTIFY AND PRODUCE WITNESSES

Defendants' counsel[4] has gone to extraordinary lengths to obstruct discovery, and to attempt to prevent Plaintiffs from getting to the truth in this case.  Defendants' counsel signed a stipulation that was filed with the Court, stating they represented certain defendants and would answer on their behalf by a certain date.  *Fausto* Docket #16.  *Vasquez* Docket #9.  Relying on Defendants' counsel representations, Judge Ware ruled that a pending motion to extend time to serve certain Defendants was moot, and therefore vacated.  *Fausto* Docket# 17.  Emboldened by their ability to mislead not only Plaintiff's counsel, but the Court, Defendants' counsel agreed to represent someone who turned out to not be the correct defendant (Mark Doe), but then refused to stipulate to amend the complaint to name the correct defendant[5].  In the *Fausto* matter Defendants Ryan Miller (a.k.a. Luis Renato Silva Nunes), Ricardo Ventura, and Paulo Peres, willfully failed to appear for duly noticed depositions on May 1st and 2nd of 2008,[6] having not

---

[3] Invasion of privacy by intrusions upon seclusion, tort-in-se, negligent hiring, training, retention and supervision.

[4] *See Declaration of Balám O. Letona in Support of Motion for Protective Order, page 2, ¶ 5*

[5] *See Declaration of Balám O. Letona in Support of Motion for Protective Order, page 2, ¶ 6*

[6] *See Declaration of Balám O. Letona in Support of Motion for Protective Order, page 2, ¶ 7*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER – C 03-04790 JF HRL

first obtained an Order from the Court excusing their attendance.  Consistent with their brazen and willful failures to abide by the Federal Rules of Civil Procedure, Defendants refuse to provide complete initial disclosures, and respond to written discovery, in both cases, thus, preventing Plaintiff from identifying, locating, and conducting depositions of certain individuals who engaged in unlawful phone calls with Plaintiff.

There are other motions pending before the court (that have been continued to June 4, 2008) addressing Defendants' failure to provide proper Initial Disclosures regarding witnesses, respond to Interrogatories regarding witnesses, and appear for duly noticed depositions.

B.  PLAINTIFF OFFERED TO STIPULATE TO TURNOVER THE AUDIORECORDINGS AT THE APPROPRIATE TIME

Plaintiff, Martha Vasquez Pintor, offered to meet and confer with Defendants and enter into an appropriate stipulation regarding the timing of discovery, including the taking of certain depositions and subsequent turnover of the recordings[7].  On May 12, 2008, the parties held an informal meet and confer session with Jessica Notini, a neutral appointed by the Court to mediate the *Vasquez v. Credigy* matter.  The parties agreed to an attempt to resolve this matter informally with Plaintiff providing, by May 21, 2008, the names of those people it needed to depose before turning over the recordings[8] and Defendants responding by May 28, 2008, as to how the parties can make that happen.  In fact, the parties were to hold another informal conference call with Jessica Notini on May 28, 20008[9].  Despite the parties agreement, Defendants sent Plaintiff's counsel two scathing and incendiary letters on May 12, 2008 and May 13, 2008, demanding

---

[7] *See Declaration of Balám O. Letona in Support of Motion for Protective Order, page 2, ¶ 8*

[8] *See Declaration of Balám O. Letona in Support of Motion for Protective Order, page 2, ¶ 9*

[9] *See Declaration of Balám O. Letona in Support of Motion for Protective Order, page 2, ¶ 10*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER – C 03-04790 JF HRL

turnover of the recordings, and threatening a motion to compel[10].

On May 19, 2008, Plaintiff responded, reminding Defendants of Plaintiff's earlier offers to meet and confer on the issue, and the parties' agreement to attempt to resolve the matter informally[11]:

> Nevertheless, I offered to meet and confer with Defendants on an appropriate stipulation to resolve this issue of the timing of depositions and the turnover of the recordings, including on March 5, 2008, April 16, 2008, April 18, 2008; and we agreed to hold off on bringing any motion. We even attached a copy of the Hon. Howard Lloyd's decision in *Renteria v. Collectcorp.,* as a point of reference. So Plaintiffs are glad Defendants are now ready to address it.

> Of course, in our conference call with Jessica Notini on Monday, May 12, 2008, we all agreed to a framework to move this issue forward toward an amicable resolution without the need for expensive and time-consuming motions. Plaintiffs were to provide a list of people they would need to depose before turning over any recordings by Friday, May 21, 2008 (which Plaintiffs have already provided), and Defendants were to respond as to how they can help make that happen, by Friday, May 28, 2008. Indeed, we all agreed to hold another conference call with her at 4 p.m., Friday May 28, 2008.

On May 19, 2008, Defendants responded by ignoring the informal arrangements made with Jessica Notini and demanded immediate turnover of the recordings, while continuing to fail to provide any available deposition dates or locations for the depositions they failed to appear for on May 1st and May 2nd, and refusing to respond to the letter Plaintiff sent on May 21, 2008[12], indicating what persons needed to be deposed before turnover of the recordings.

## III.  **LEGAL ARGUMENT**

    A. COURTS HAVE HELD THAT TURNOVER OF AUDIOTAPES CONTAINING STATEMENTS OF DEFENDANTS IS PROPER ONLY AFTER PLAINTIFF HAS HAD AN OPPORTUNITY TO DEPOSE THE RELEVANT WITNESSES OF DEFENDANTS

---

[10] *See Declaration of Balám O. Letona in Support of Motion for Protective Order, page 2, ¶ 11*

[11] *See Declaration of Balám O. Letona in Support of Motion for Protective Order, page 2, ¶ 12*

[12] *See Declaration of Balám O. Letona in Support of Motion for Protective Order, page 3, ¶ 13*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER – C 03-04790 JF HRL

1

2        Plaintiff has been unable to obtain the cooperation of defendants to submit to the

3   depositions that were properly noticed and for depositions of collectors who spoke to Plaintiff on

4   the phone.  Additionally, Defendants have refused to cooperate in discussing a stipulation with

5   Plaintiff regarding the timing of when the depositions will occur, and when Plaintiff will

6   turnover certain audio recordings.  Therefore, Plaintiff seeks a Protective Order under Federal

7   Rule of Civil Procedure 26(c) to control the timing of discovery events.

        Plaintiff has offered to turn over the tape recordings, after Plaintiff has deposed the
8
    relevant witnesses regarding the statements that were recorded[13].  The identical fact pattern has
9
    already been ruled on in *Poppo v. AON Risk Servs.*, 2000 U.S. Dist. LEXIS 17588 (S.D. N.Y.
10
    2000).
11
            "In the herein matter Plaintiff acknowledges her obligation to turn over these tapes to the
12          defendant in response to defendant's discovery requests, however, plaintiff asks the Court
            to issue a Protective Order to delay the production of these tapes until after the
13          depositions of the witnesses whose statements were recorded. Plaintiff states that this
            would prevent the defendant's witnesses from altering their testimony in order to conform
14          with their recorded statements. "

15          In holding that the depositions must be conducted before the production of the

16   recordings, the *Poppo* court engaged in an in depth analysis underlying the propriety of its

17   decision and engaged in a review of relevant case law:

18
            "Since biblical times the prospect of tailoring testimony and its ramifications has been
19          understood and condemned.  This is presently seen most clearly in the sequestration of
            witnesses.  Skipping some 2000 years, Second Circuit courts have delayed the production of
20          audio or video tapes prior to one or more depositions in order to prevent the defendant or its
            witnesses from tailoring their testimony to conform with their prior recorded statements or
21          actions.  *See Tribune Co. v. Purcigliotti, 1997 U.S. Dist. LEXIS 13165, No. 93 CV 7222,
            1997 WL 540810,* at *3 (S.D.N.Y. 1997) (ordering a production of audio and video tapes
22          after the risk of altering testimony was over); *Weinhold v. Witte Heavy Lift, Inc., 1994 U.S.
            Dist. LEXIS 4559, No. 90 CIV 2096, 1994 WL 132392,* at *1 (S.D.N.Y. April 11,
23          1994)(surveillance video tape in a products liability action); *Daniels v. Nat'l R.R. Passenger*

24

25
    ---
    [13] *See Declaration of Balám O. Letona in Support of Motion for Protective Order, page 3, ¶ 14*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER – C 03-04790 JF HRL

*Corp.*, 110 F.R.D. 160, 161 (S.D.N.Y. 1986) (same); *Erie Conduit Corp. v. Metro. Asphalt Paving Assoc.*, 106 F.R.D. 451, 457 (E.D.N.Y. 1985) (stating that the Court had denied the defendants access to plaintiff's secretly recorded tapes until after depositions); *Sherrell Perfumes, Inc. v. Revlon, Inc.*, 77 F.R.D. 705, (S.D.N.Y. 1977) (delaying the production of surreptitiously tape recorded conversations in an antitrust action until after depositions)." *Id.*

The *Poppo* court indicated it saw no reason to depart from these precedents, and ordered the depositions proceed immediately, and that the plaintiff would turnover the audio-tapes following the conclusion of the depositions of the relevant witnesses.  The court also stated the taking of the plaintiffs deposition would only take place after that time.

Similarly, in this matter Plaintiff merely seeks to provide the tape recordings, and respond to the related discovery at the appropriate time.

California District Courts have also dealt with a similar issue involving recorded statements. *Cesar Torres-Paulett v. Tradition Mariner, Inc., M/V Tradition.* 157 F.R.D. 487 (S.D. CA 1994).  In *Cesar Torres-Paulett*, shortly after an accident, a representative of defendant recorded the statement of plaintiff.  Plaintiff requested that defendant produce a copy of the statement in a formal request for production of documents. Defendant objected to production of the statement on the ground that the statement was protected from disclosure by the work product doctrine. Defendant indicated, however, that it would produce plaintiff's recorded statement after plaintiff's deposition was completed. *Id.*

The *Torres-Paulett* court stated that since the defendant had agreed to produce the recorded statement to plaintiff, the issue to be resolved was not whether plaintiff is entitled to a copy of his recorded statement, but when the disclosure of the recorded statement should take place. *Id.*  As with *the Poppo* court above the Southern District of California considered the relevant case law and stated:

"Some courts have noted that it may be appropriate for a court to order a party to be deposed before his statement is produced. See *Smith v. Central Linen Service 39 F.R.D. 15 (DC Md. 1966)*. Courts that have specifically addressed the issue hold that

- 8 -

a defendant must produce the plaintiff's statement after the defendant has completed the plaintiff's deposition. See *Belback v. Wilson Freight Forwarding Co.* 40 F.R.D. 16 (WD Pa. 1966), *McCoy v. General Motors Corp.* 33 F.R.D. 354 (WD Pa. 1963). ....

This court agrees with the rationale stated in *McCoy, supra,* and *Parla, supra.* Defendant has agreed to produce plaintiff's recorded statement after completion of plaintiff's deposition. If defendant was required to produce plaintiff's recorded statement prior to the deposition, defendant would be deprived of plaintiff's unrefreshed recollection of the events that give rise to the accident that is the subject of this litigation. Additionally, defendant would be unable to obtain a deposition of plaintiff based on plaintiff's personal memory and knowledge." *Id.*

Even when tapes have been surreptitiously recorded, courts have held that the tapes would not be produced until after the party had testified. *Walls v. International Paper, Inc.,* 192 F.R.D. 294 (D. Kan. 2000). In *Walls* the plaintiff surreptitiously recorded certain conversations between herself and the plant supervisor for defendant. The *Walls* court also engaged in an in depth-analysis on the subject, and the Federal Rules of Civil Procedure, and stated:

"IP's attempts to distinguish the cases are unavailing. The court has reviewed no less than six cases cited by Ms. Walls in which the recorded statements of a **party** were at issue, and in which the court ordered that the statement be released to the party **after** that party was deposed. The court finds the cases are directly on point."[14]

The court also held that the plaintiff could only be deposed after the defendant's sworn testimony had been recorded via its own deposition. *Id.*

---

[14] The court cited the following cases: *Parla v. Matson Nav. Co.,* 28 F.R.D. 348 (S.D.N.Y. 1961)*; McCoy v. General Motors Corp.,* 33 F.R.D. 354 (W.D. Pa. 1963)*; Smith v. Central Linen Service Co.,* 39 F.R.D. 15 (D. Md. 1966)*; Belback v. Wilson Freight Forwarding Co.,* 40 F.R.D. 16 (W.D. Pa. 1966) (plaintiffs were deposed before requesting production of their statements previously recorded); *Nelson v. Puerto Rico Marine Management, Inc.,* 72 F.R.D. 637 (D. Md. 1976)*; Sherrell Perfumes, Inc. v. Revlon, Inc.,* 77 F.R.D. 705 (S.D.N.Y. 1977)*; Torres-Paulett v. Tradition Mariner, Inc.,* 157 F.R.D. 487 (S. Cal. 1994).

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER – C 03-04790 JF HRL

1    Similarly, in this matter Plaintiff merely seeks to provide the tape recordings, respond to

2    related discovery, and submit to her own deposition, at the appropriate time.

3    Furthermore, a Magistrate Judge's granting of a protective order was upheld by a District

4    Court. *Sherrell Prefumes, Inc. v. Revlon, Inc.* 7 F.R.D. 705 (S.D. N.Y 1977). In *Sherrel*

5    *Perfumes, Inc.* plaintiff surreptitiously tape-recorded a series of personal telephone conversations

6    with defendants or individuals associated with defendants. Subsequently, plaintiff brought an

7    antitrust action against defendants. Defendants sought to discover the tapes prior to deposing

8    certain witnesses. The magistrate judge granted plaintiff's motion for a protective order

9    postponing the production of the tapes. The district court affirmed the order holding that the

10   magistrate's decision, that the interest of plaintiff in determining the present un-refreshed

11   recollection of the persons, whose statements were in issue, outweighed any prejudice to

12   defendants was neither clearly erroneous nor contrary to law, and did not constitute an abuse of

13   discretion. *Id.*

14   The well-reasoned cases above supports Plaintiff's request for a protective order that

15   would allow Plaintiff to produce the tape recordings, and respond to related discovery, after

16   defendants' depositions have been concluded, and then for Plaintiff to submit to her own

17   deposition.

18

19   B. DEFENDANTS SHOULD NOT BE ALLOWED TO USE THEIR RESISTANCE TO
     SUBMIT TO DEPOSITIONS AS A BARGAINING TOOL

20

21   After failing to produce the names, last known addresses and telephone numbers for

22   certain witnesses, failing to appear for duly noticed depositions; agreeing to represent and accept

23   service for certain Defendants- and then reneging after Judge Ware had relied on such stipulation

24   - and then agreeing to attempt to resolve this matter informally with Jessica Notini - and *again*

25

- 10 -

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER – C 03-04790 JF HRL

reneging - Defendant should not be allowed to continue its abuse of the F.R.C.P. and this Court's Local Rules, while demanding turnover of recordings so it can conform its testimony.

Courts have ruled the scheduling of depositions should not be used as a bargaining tool by defendants. *Undraitis v. Luka*, 142 F.R.D. 675 (S.D. IN 1992).  Defendants should not be allowed to continue to refuse to properly identify witnesses and provide their last known address and phone numbers, and refuse to submit to depositions, all as a bargaining tool to obtain the recordings so that all witnesses can conform their testimony.

## IV. <u>CONCLUSION</u>

Numerous courts have held that turnover of audiotapes containing statements of Defendants is proper only after Plaintiff has had an opportunity to depose the relevant witnesses. Under these circumstances courts have held that the Plaintiff could only be deposed after the defendants and their witnesses' sworn testimony had been recorded via their own deposition. Defendants should not be allowed to continue to use their unwillingness to submit to depositions, and properly identify relevant witnesses, as a bargaining tool.  Plaintiff respectfully requests this honorable Court grant an order:

1) that plaintiff need not turnover the audiotapes, or respond to related written discovery, until she has concluded her depositions of Defendants, and their related witnesses,[15]

2) that Defendants shall then be able to take Plaintiffs' depositions (or the depositions of others with knowledge of defendants' abusive, misleading and deceptive statements).

Dated: May 20, 2008

Respectfully Submitted,

---

[15] *Vasquez v. Credigy, et al.*- Finish 30b6 deposition, Brett Boyde, Fabiano Nascimiento. *Fausto v. Credigy*, et al.- Finish 30b6 deposition, Ryan Miller (a.k.a. Luis Renato Silva Nunez), Ricardo Ventura, Rita Goncalves, Moises Moteli and Ralph Phillips

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER – C 03-04790 JF HRL

1

/s/ Balám Letona
2
Balám Letona
3
Attorney for Plaintiff

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER – C 03-04790 JF HRL