1  Balám O. Letona, Bar No. 229642
   LAW OFFICE OF BALÁM O. LETONA, INC.
2  1347 Pacific Avenue, Suite 203
   Santa Cruz, CA 95060-3940
3  Tel: 831-421-0200
   Fax: 831-621-9659
4  Email: letonalaw@gmail.com

5  Ronald Wilcox, Bar No. 176601
   LAW OFFIC OF RONALD WILCOX
6  2160 The Alameda, First Floor, Suite F
   San Jose, CA 95126
7  Tel: 408-296-0400
   Fax: 408-296-0486
8  Email: ronaldwilcox@post.harvard.edu

9  Attorneys for Plaintiffs

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSÉ DIVISION**

| | |
|---|---|
| MARTHA VASQUEZ PINTOR,<br>             Plaintiffs,<br><br>v.<br><br>CREDIGY SERVICES CORPORATION,<br>CREDIGY RECEIVABLES INC.,<br>CREDIGY SOLUTIONS INC., BRETT<br>BOYDE, MARK DOE and DOES 1-10,<br>inclusive,<br>             Defendant(s). | Case No. C07-06428 JF-HRL<br><br>**DECLARATION OF BALÁM LETONA IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**<br><br>**Date:   June 24, 2004**<br>**Time:  10:00 a.m.**<br>**Place:  280 South 1st Street**<br>           **San Jose, CA**<br><br>**JUDGE HOWARD LLOYD** |

     I, Balám Letona, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. section 1746, that the following statements are true:

1. I am one of the Plaintiff's attorneys in the matter above-captioned.

2. I make this declaration in support of Plaintiff's Notice and Motion for Protective

*DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER, Case No. C07-06428 JF-HRL*
1

Order.

3. In *Vasquez v. Credigy*, I reviewed Defendants' own collection logs, and those of its agent. Those records indicate Defendants made at least sixty (66) phone calls to Vasquez, in an attempt to collect an alleged 10 year old debt, with numerous calls occurring after Vasquez sent a cease and desist order .

4. In *Fausto v. Credigy*, I reviewed Defendants' own collections logs, and those of its agent. Those records indicate Defendants made at least ninety (90) phone calls to the Faustos, in an attempt to collect an alleged 10-year old debt, with more than (87) phone calls occurring after the Faustos sent a cease and desist order.

5. David Kaminski was the counsel who entered into the stipulation regarding what Defendants were represented, and who he would accept service for.

6. Defendants' counsel, David Kaminski, agreed to represent someone who turned out to not be the correct defendant (Mark Doe), but then refused to stipulate to amend the complaint to name the correct defendant.

7. On April 4, 2008, Plaintiff served Notices of Deposition with respect to certain Credigy employees. The depositions were to be conducted at Defendant Credigy's corporate headquarters in Atlanta, GA. Defendants failed to appear for the duly noticed depositions on May 1st and 2nd of 2008. Defendants did not obtain an Order from the Court excusing their attendance.

8. Ron Wilcox, and I, attorneys for Plaintiff, Martha Vasquez Pintor, have consistently offered to meet and confer with Defendants and enter into an appropriate stipulation regarding the timing of discovery, including the taking of certain depositions and subsequent turnover of the recordings. On May 12, 2008,

the parties held an informal meet and confer session with Jessica Notini, a neutral appointed by the Court to mediate the *Vasquez v. Credigy* matter.

9. On May 21, 2008, Plaintiff's counsel provided the list of names of those needed to be deposed before turnover of the recordings as agreed: *Vasquez v. Credigy*, et al.- Finish 30b6 deposition, Brett Boyde, Fabiano Nascimiento. *Fausto v. Credigy*, et al.- Finish 30b6 deposition, Ryan Miller (a.k.a. Luis Renato Silva Nunez), Ricardo Ventura, Rita Goncalves, Moises Moteli and Ralph Phillips.

10. During the May 12th telephone call, the parties were to hold another informal conference call with Jessica Notini on May 28, 2008.

11. Despite the parties agreement to continue talking on May 28th, Defendants' counsel sent Plaintiff's counsel two scathing and incendiary letters on May 12, 2008 and May 13, 2008, demanding turnover of the recordings, and threatening a motion to compel.

12. In a May 19, 2008, e-mail to Defendants counsel, Plaintiff's counsel wrote "[n]evertheless, I offered to meet and confer with Defendants on an appropriate stipulation to resolve this issue of the timing of depositions and the turnover of the recordings, including on March 5, 2008, April 16, 2008, April 18, 2008; and we agreed to hold off on bringing any motion.  We even attached a copy of the Hon. Howard Lloyd's decision in *Renteria v. Collectcorp*., as a point of reference.  So Plaintiffs are glad Defendants are now ready to address it.

Of course, in our conference call with Jessica Notini on Monday, May 12, 2008, we all agreed to a framework to move this issue forward toward an amicable resolution without the need for expensive and time-consuming motions.  Plaintiffs were to

provide a list of people they would need to depose before turning over any recordings by Friday, May 21, 2008 (which Plaintiffs have already provided), and Defendants were to respond as to how they can help make that happen, by Friday, May 28, 2008. Indeed, we all agreed to hold another conference call with her at 4 p.m., Friday May 28, 2008."

13. In a May 19, 2008, e-mail counsel for Defendants responded by ignoring the informal arrangements made with Jessica Notini and demanded immediate turnover of the recordings, while continuing to fail to provide any available deposition dates or locations for the depositions they failed to appear for on May 1st and May 2nd, and refusing to respond to the letter Plaintiff sent on May 21, 2008, indicating what persons needed to be deposed before turnover of the recordings.

14. On multiple occasions, Plaintiff's counsel has offered to turn over the tape recordings, after Plaintiff has deposed the relevant witnesses regarding the statements that were recorded.

Respectfully submitted and executed this 20th day of May 2008,

/s/ Balám Letona
Balám Letona

*DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER, Case No. C07-06428 JF-HRL*

4