TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendants
Credigy Services Corporation,
Credigy Receivables, Inc., and
Credigy Solutions, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTHA VASQUEZ PINTOR,<br><br>            Plaintiff,<br><br>vs.<br><br>CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., BRETT BOYDE, MARK DOE, and DOES 1-10, inclusive,<br><br>            Defendants. | CASE NO.: C 07 06428 JF HRL<br><br>**DECLARATION OF JEFFREY A. TOPOR IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER BY DEFENDANTS CREDIGY SERVICES CORP., CREDIGY RECEIVABLES INC. AND CREDIGY SOLUTIONS INC.**<br><br>Date:  June 24, 2008<br>Time: 10:00 a.m.<br>Ctrm:  2, 5th Floor<br><br>The Honorable Howard R. Lloyd |

I, Jeffrey A. Topor, declare:

1.      I am an attorney duly licensed to practice in this district court and before all courts of the State of California.  I am associated with Simmonds & Narita LLP, counsel of record for the defendants Credigy Services Corporation, Credigy Receivables, Inc., and Credigy Solutions, Inc. (collectively, "Credigy") in this action.  I make this declaration in support of Credigy's Opposition to Plaintiff's Motion for Protective Order.  I have personal knowledge of the facts set forth below, and could and would testify thereto if called upon to do so.

2.      On April 4, 2008, plaintiff Martha Vasquez Pintor served Plaintiffs' [sic] Initial Disclosures Under Federal Rules of Civil Procedure 26A, a true and correct copy of which is attached hereto as **Exhibit A**.

3.      On May 22, 2008, Ms. Pintor served Plaintiff's Responses to Defendant Credigy Services Corporation, Credigy Receivables Inc., Credigy Solutions Inc., Brett Boyde, and Mark Doe's Interrogatories and Request for Production of Documents to Plaintiff Martha Vasquez Pintor, a true and correct copy of which (excluding the exhibits attached thereto) is attached hereto as **Exhibit B**.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on this 3rd day of June, 2008 at San Francisco, California.

By: _____s/Jeffrey A. Topor_____
              Jeffrey A. Topor

Exhibit A

Ronald Wilcox, State Bar No. 176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@post.harvard.edu

Balam O. Letona, State Bar No. 229642
LAW OFFICE OF BALAM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: (831) 421-0200
Fax: (831) 621-9659
Email: letonalaw@gmail.com

Attorneys for Plaintiff

RECEIVED
APR 0 7 2008
By____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| MARTHA VASQUEZ PINTOR,<br><br>                    Plaintiff,<br><br>vs.<br><br>CREDIGY SERVICES CORPORATION,<br>CREDIGY RECEIVABLES INC.,<br>CREDIGY SOLUTIONS INC., BRETT<br>BOYDE, MARK DOE and DOES 1-10,<br>inclusive,<br><br>                    Defendants. | Case No.: C07-06428 JF HRL<br><br><br>**PLAINTIFFS' INITIAL DISCLOSURES UNDER FEDERAL RULE OF CIVIL PROCEDURE 26A** |

1.  Under Rule 26(a)(1)(A), the names, addresses and telephone numbers of each individual likely to have discoverable information that Plaintiff may use to support her claims or defenses:

        A.    Name:                    Martha Vasquez Pintor
              Address:                 c/o Ronald Wilcox
                                       2160 The Alameda, First Floor, Suite F
                                       San Jose, CA 95126
              Telephone Number:        (408) 296-0400

PLAINTIFF'S INITIAL DISCLOSURES UNDER FEDERAL RULE OF CIVIL PROCEDURE 26A -
Page 1

2.  Under Rule 26(a)(1)(A), the subjects of the discoverable information known by the above individuals:

A.  **Martha Vasquez Pintor:** Martha Vasquez Pintor has knowledge of the facts alleged in the pleadings and her communications with the Defendants as well as knowledge of the validity of the underlying debt, her damages, and the issues surrounding her claims.

B.  **Any current and former employees of Defendants, including:**

   1.  Ryan Miller a.k.a. Luis Renato Silva Nunez;

   2.  Ricardo Ventura;

   3.  Brett Boyde;

   4.  Paulo Peres;

   5.  Thompson a.k.a. RG Oncalve; and

   6.  Mark Doe a.k.a. Mark De Luca Ferrao

C.  **30(b)(6) Designee**: Plaintiff intends on seeking and using 30(b)(6) depositions concerning Defendants' policies and procedures on referred collection accounts and the sending of collection letters.

D.  **Expert Testimony as Needed**: Plaintifs may seek to use expert testimony, but at this time has not retained or consulted with any experts. Plaintiff will supplement as needed.

3.  Under Rule 26(a)(1)(B), Plaintiff sets forth the following categories of documents, data compilations, and tangible items in his possession, custody or control that he may use to support his claims or defenses, unless solely for impeachment:

A.  All correspondence and envelopes sent between the Plaintiff and the Defendants.

B.  All correspondence and envelopes sent between the creditors and the Defendants.

C.  Plaintiff's credit reports.

D.  All agreements between Defendants and creditors.

E.  Copies of the creditors' supporting documentation for the underlying debts.

F.  All documents produced by the Defendants.

G.  Defendants' collection logs and phone billing records.

H.  Any notes or recordings of communications between the parties.

1

2    4.  Under Rule 26(a)(1)(C), Plaintiff produces the following computation of damages claimed, and makes available for inspection and copying under Rule 34 any non-privileged documents or other evidentiary materials on which these computations are based:

3

4    A.    Statutory, actual and punitive damages, to be determined by a trier of fact, as contemplated by 15 U.S.C. 1692k, Civil Code §1788.17 and §1788.30, and Civil Code §3294 and §3345.

5

6    B.    If Plaintiff's action is successful, costs of the action, together with reasonable attorneys' fees as determined by the court, as contemplated by 15 U.S.C. §1692k and Civil Code §1788.17 and §1788.30.

7

8    Dated: April _4_, 2008                    Respectfully Submitted,

9    San Jose, CA                              Martha Vasquez Pintor, Plaintiff

10                                             /s/Ronald Wilcox
                                              Ronald Wilcox, Attorney for Plaintiff, #176601
11                                            2160 The Alameda, First Floor, Suite F
                                              San Jose, CA 95126
12                                            Tel:  (408) 296-0400
                                              Fax: (408) 296-0486

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S INITIAL DISCLOSURES UNDER FEDERAL RULE OF CIVIL PROCEDURE 26A -
Page 3

1

2

### CERTIFICATE OF SERVICE

I, Marion Ramel, legal assistant, hereby certify that I caused to be served on the following

counsel of record the attached *Plaintiffs' Initial Disclosures Under Federal Rule of Civil*

*Procedure 26A* on April 4, 2008 by facsimile and first-class U.S. mail, addressed to:

David Kaminski
Carlson & Messer LLP
5959 W. Century Blvd., Suite 1214
Los Angeles, CA 90045
Fax: (310) 242-2222

Attorney for Defendants

Executed in San Jose, CA on April 4, 2008.

_____
Marion Ramel, Legal Assistant

By: Marion Ramel
Ronald Wilcox, Attorney at Law
2160 The Alameda, Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486

Exhibit B

Ronald Wilcox SBN 176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San José, CA 95126-1001
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@yahoo.com

Balám O. Letona SBN 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: (831) 421-0200
Fax: (831) 621-9659
Email: letonalaw@gmail.com

Attorneys for Plaintiffs
MARTHA VASQUEZ PINTOR

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSÉ DIVISION

| | |
|---|---|
| MARTHA VASQUEZ PINTOR,<br><br>Plaintiffs,<br><br>v.<br><br>CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., BRETT BOYDE, MARK DOE and DOES 1-10, inclusive,<br><br>Defendant(s). | Case No. C07-06428 JF-HRL<br><br>PLAINTIFF'S RESPONSES TO DEFENDANT CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., BRETT BOYDE, AND MARK DOE'S INTERROGATORIES AND REQUEST FOR PRODUCITON OF DOCUMENTS TO PLAINTIFF MARTHA VASQUEZ PINTOR |

## INTERROGATORY RESPONSES

1. Please state YOUR residential address from January 1, 2005 to the present.

RESPONSE

For two and half years I have lived at 15 Lassen Way Apt. B, Watsonville, CA 95076.

Before that I lived in Salinas, CA, but I have not been able to locate the address.

2. Please identify YOUR home, cellular, and mobile telephone number(s) for January 1, 2005 to the present.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, infringes on Plaintiff's right to privacy. Defendant's collection logs show the frequency and amount of calls. Without waiving said objections and subject to them, my cellular telephone number is 831-227-0352.

3. Identify the business name, address, and telephone number of all person, companies, or corporations who provided YOU with cellular or mobile services for January 1, 2005 to the present, as well as identifying the telephone numbers and account numbers of each such cellular or mobile service provider.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, infringes on Plaintiff's right to privacy. Defendant's collection logs show the frequency and amount of calls. Without waiving said objections and subject to them, Verizon Wireless. Plaintiff reserves the right to supplement this response. Discovery is ongoing.

4. Identify the business name address, and telephone number of all persons, companies or corporations who provided YOU with local and long distance telephone services for January 1, 2005 to the present, as well as identifying the telephone numbers and account numbers for each such local and long distance telephone service provider.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, infringes on Plaintiff's right to privacy. Defendant's collection logs show the frequency and amount of calls. Without waiving said objections and subject to them, Plaintiff reserves the right to supplement this response. Without waiving said objections and subject to them, Verizon Wireless provided my wireless cellular phone service. Discovery is ongoing.

5. Please state the name, address, and telephone number, dates of employment, job title, and nature of work for each employer or self-employment YOU have had in the last 5 years.

RESPONSE

Disabled, unemployed.

6. Please identify each and every telephone number YOU contacted DEFENDANTS from and the date(s) of the contact(s).

RESPONSE

Objection, not reasonably calculated to lead to the discovery of admissible evidence,

2

burdensome and harassing, Defendants have their own collection and telephone logs and the telephone and collection logs of its agents. Without waiving said objections and subject to them, Plaintiff reserves the right to supplement this response. Discovery is ongoing.

7. Any and all facts which support YOUR first claim for relief for violations of the Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq).

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass. Defendant's records contain the information Defendant seeks. Also, Defendant seeks a legal conclusion. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.

Without waiving these objections, Plaintiff refers defendants to the Complaint and Amended Complaint filed in this action, as well as Defendants' collection and telephone logs, and the telephone and collection logs of its agents; Defendants called Plaintiff repeatedly and continuously, several times a day, despite Plaintiff's cease and desist , refuse to pay letter. Defendants called Plaintiff at least 60 times and continued to send letters. Furthermore, there are additional calls and contact Defendant's collection logs fail to reveal.

Defendants also engaged in numerous unlawful and abusive acts directed towards Plaintiffs, including: 1) ignoring a refuse to pay/cease communication's order and intrusively and repeatedly and continuously calling, and continuing to sending collection letters, 2) false threats of arrest, 3) making repeated telephone calls several times a day with the intent to abuse and annoy, 4) leaving repeated and unlawful pre-recorded telephone messages, and 5) engaging in false, abusive and misleading statements, all in an attempt to collect a debt that is almost 9 years old, 6) making repeated telephone calls to Plaintiff despite her repeated requests to be left alone and that Defendants no longer contact her, 7) ignoring Plaintiff's pleas that she disputed the debt and would not pay, 8) the abusive and unfair act of making repeated telephone calls using an auto-dialer to leave pre-recorded messages on Plaintiffs cellular telephone. Defendants conduct is part of a pattern, practice and business plan of unlawful collection abuse thereby warranting punitive damages. Furthermore, there are additional calls Defendant's collection logs fail to reveal.

8. Any and all facts which support your second claim for relief for violations of the Rosenthal Fair Debt Collection Practices Act (CA Civil Code §1788) et seq.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass. Defendant's records contain the information Defendant seeks. Also, Defendant seeks a legal conclusion. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.

Without waiving these objections, Plaintiff refers defendants to the Complaint and Amended Complaint filed in this action, as well as Defendants' collection logs. Also, see response in number 7 above.

9. Any and all facts which support YOUR third claim for relief from violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A).

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass. Defendants' records contain the information Defendant seeks. Also, Defendant seeks a legal conclusion. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.

Without waiving these objections, Plaintiff refers defendants to the Complaint and Amended Complaint filed in this action, as well as Defendants' collection and telephone logs, and the telephone and collection logs of its agents; Defendants called Plaintiffs repeatedly and continuously, several times a day, despite Plaintiff's cease and desist letters. Defendants called Plaintiff at least 60 times. Defendants made countless auto-dialer and pre-recorded message calls to Plaintiff's cell phone without her prior express consent. Furthermore, there are additional calls and contact Defendants' collection logs fail to reveal. Also, see response to number 7 above.

10. Any and all facts which support YOUR fourth claim for Intrusion Upon Seclusion.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass. Defendant's records contain the information Defendant seeks. Also, Defendant seeks a legal conclusion. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.

Without waiving these objections, Plaintiff refers defendants to the Complaint and Amended Complaint filed in this action, as well as Defendants' collection logs. Also, see response in number 7 and 9 above.

11. Any and all facts that support YOUR fifth claim for tort-in-se.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass. Defendant's records contain the information Defendant seeks. Also, Defendant seeks a legal conclusion. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.

Without waiving these objections, Plaintiff refers defendants to the Complaint and Amended Complaint filed in this action, as well as Defendants' collection logs. Also, see response in number 7 and 9 above.

12. Any and all facts which support YOUR sixth cause of action for criminal conduct.

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass. Defendant's records contain the information Defendant seeks. Also, Defendant seeks a legal conclusion. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.

Without waiving these objections, Plaintiff refers defendants to the Complaint and Amended Complaint filed in this action, as well as Defendants' collection logs. Also, see response in number 7 and 9 above.

4

13. Any and all facts that support YOUR seventh claim for negligence.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass. Defendant's records contain the information Defendant seeks. Also, Defendant seeks a legal conclusion. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.

Without waiving these objections, Plaintiff refers defendants to the Complaint and Amended Complaint filed in this action, as well as Defendants' collection logs. Also, see response in number 7 and 9 above.

14. Any and all facts that support YOUR eighth claim for negligent training and supervision.

RESPONSE

Objection, request seeks information protected by the attorney-client privilege and work-product doctrine, and is intended to harass. Defendant's records contain the information Defendant seeks. Also, Defendant seeks a legal conclusion. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.

Without waiving these objections, Plaintiff refers defendants to the Complaint and Amended Complaint filed in this action, as well as Defendants' collection logs. Also, see response in number 7 and 9 above.

15. For each telephone call made by DEFENDANTS to YOU, please state the name and telephone number for each and every PERSON who made the call, the date(s) of the contact, and whether DEFENDANTS called YOUR home, work, or cellphone number.

RESPONSE

Objection, burdensome and harassing. Defendant has there own collection logs. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response. Without waiving such objections see response to No. 7 above.

16. Please identify each and every PERSON who YOU or anyone acting on YOUR behalf interviewed regarding any contact by DEFENDANTS and the date(s) of the interview(s).

RESPONSE

Objection, attorney client privilege and work product privilege, vague and ambiguous. Without waving such objections, Plaintiffs deposed Defendants, and are trying to depose others, but Defendants have failed to provide their last known phone numbers and addresses.

17. If YOU or anyone acting on YOUR behalf obtained a written or recorded statement from any individual concerning any contact by DEFENDANTS, please state:
   a. The name, address, and telephone number of the individual from whom the statement was obtained;

5

**PLAINTIFF'S RESPONSES TO DEFENDANTS DISCOVERY RESPONSES, SET ONE**

RESPONSE

Objection, vague and ambiguous. Discovery is ongoing and Plaintiff reserves the right to supplement.

b.  The name, address, and telephone number of the individual who obtained the statement;

RESPONSE

Not applicable see response to No. 17a.

c.  The date the statement was obtained; and

RESPONSE

Not applicable see response to No. 17a.

d.  The name, address, and telephone number of each PERSON who has the original statement or a copy.

RESPONSE

Not applicable see response to No. 17a.

18. If YOU received any consultation, examination, or treatment from a health care provider for any injury YOU claim YOU have suffered as a result of DEFENDANTS' alleged wrongful conduct, please state the name, address, telephone number of the health care provider, the type of consultation, examination, or treatment provided, the dates YOU received the consultation, examination, or treatment, and the amount of medical expenses to date.

RESPONSE

Objection, vague and ambiguous, compound, contains improper subparts, burdensome and harassing. Discovery is continuing and Plaintiff reserves the right to supplement this request. Without waving said objections and subject to them, see medical documents produced.

19. If YOU took medication(s) prescribed or not, as a result of the injures that YOU claim YOU have suffered as a result of DEFENDANTS' alleged wrongful conduct please state the name of the mediation, person who prescribed it, the date it was prescribed the dates YOU began and stopped taking the medications and the costs YOU incurred for the medications.

RESPONSE

Objection, vague and ambiguous, compound, contains improper subparts, burdensome and harassing. Discovery is continuing and Plaintiff reserves the right to supplement this request. Without waving said objections and subject to them, see medical documents produced

6

20. If YOU claim a loss of income as a result of DEFENDANTS' alleged wrongful conduct, please state the amount of income YOU claim YOU lost.

RESPONSE

Objection, vague and ambiguous, burdensome and harassing. Discovery is continuing and Plaintiff reserves the right to supplement this request.

21. Please IDENTIFY whether YOU or anyone on YOUR behalf recorded any telephone conversation with DEFENDANTS', whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

RESPONSE

Objection, not reasonably calculated to lead to the discovery of admissible evidence, vague and ambiguous, compound, contains improper subparts, burdensome and harassing. Discovery is continuing and Plaintiff reserves the right to supplement this request. Without waving said objections and subject to them, Plaintiff will enter into a stipulated protective order regarding the timing of turnover of Plaintiff's recordings- to occur after the individual Defendants' depositions. Additionally, Plaintiff has filed a Motion for Protective Order.

22. Please state all facts supporting YOUR claim that collection on YOUR debt was time-barred as alleged in Paragraph 14 of the COMPLAINT.

RESPONSE

Objection, attorney work-product, attorney client privilege, burdensome and harassing, seeks a legal conclusion. Without waiving such objection, the alleged debt is more than 4 years old according to documents Defendants produced, and according to Defendants' deposition testimony. Discovery is continuing and Plaintiff reserves the right to supplement this request.

23. Please identify the statutory duty which you allege DEFENDANTS violated Paragraph 101 of YOUR COMPLAINT.

RESPONSE

Objection, attorney work-product, attorney client privilege, burdensome and harassing, seeks a legal conclusion. Discovery is continuing and Plaintiff reserves the right to supplement this request. Without waiving such objections see response to Number 7 and 9 above. Discovery is continuing and Plaintiff reserves the right to supplement this request.

24. Please state all facts which support YOUR contention in Paragraph 11 of YOUR COMPLAINT that DEFENDANTS threatened to arrest YOU.

RESPONSE

Objection, discovery continues and Plaintiff reserves the right to supplement her response. Subject to that objection and without waiver, Defendants told me on repeated occasions that I have to pay the debt. Defendants told me that they knew where I lived and that Defendants could come and have me arrested if I didn't pay.

7

25. Please state all facts which support YOUR contention in Paragraphs 27-29 of YOUR COMPLAINT that defendants would leave prerecorded voice messages on YOUR cell phone.

RESPONSE

Objection, request is harassing and overbroad. Defendant's collection logs and those of its agents show the frequency and amount of pre-recorded voice message calls. Furthermore, there are additional calls and contact Defendants' collection logs fail to reveal. Without waiving said objections and subject to them, Plaintiff reserves the right to supplement this response. Discovery is ongoing.

26. Please state all facts which support YOUR contention in Paragraph 26 of YOUR COMPLAINT that DEFENDANTS did not have prior written consent to leave prerecorded calls on YOUR cell phone.

RESPONSE

Objection, burdensome and harassing, exceeds permissible number of Interrogatories. Defendant has there own collection logs. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response. Without waiving such objections Plaintiff never gave Defendants prior express permission to leave prerecorded calls on her cell phone.

27. Please state all facts which support YOUR contention in Paragraph 27 of YOUR COMPLAINT that DEFENDANTS made prerecorded calls to YOUR cell phone using a predictive dialer or automatic telephone dialing system.

RESPONSE

Objection, burdensome and harassing, exceeds permissible number of Interrogatories. Defendant has there own collection logs, and has admitted at deposition that it made pre-recorded calls, from an autodialer, to Plaintiff. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response. Without waiving said objections and subject to them, Plaintiff reserves the right to supplement this response. Discovery is ongoing.

Date:  May 22, 2008                    LAW OFFICE OF BALÁM O. LETONA, INC.

_____

Balám O. Letona, Esq.

Attorney for Plaintiff

8

VERIFICATION

I, Martha Vasquez Pintor, plaintiff in this action, have read the foregoing responses to Credigy et.al. special interrogatories Nos. 1- 27, set one and I know the contents of those responses. I believe that the matters stated in those responses are true and correct.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of May, 2008 at Santa Cruz, California.


*Martha Vasquez*

Martha Vasquez Pintor

9

**Request for Production of Documents**

1) Any and all documents which support your first claim for relief for violations of the Fair Debt Collection Practices Act (15 U.S.C. 1692k)

<u>Response</u>: Objection. Attorney-client privilege, attorney work-product doctrine, and invades right to privacy, 15 U.S.C. 169k is a remedies section. Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response. Without waiving such objection, see Defendants' collection and telephone logs, collection and telephone logs of its agent, letters to/from Defendants, previous complaints against Defendants (which Defendants possess), Defendants' deposition transcripts (which Defendants' possess), notes made on receiving end of phone calls, medical records, photographs of caller identification unit, recordings of calls (Plaintiffs in *Fausto v. Credigy et. al.* and *Pintor v. Credigy et al.* will enter into stipulated protective orders regarding records of calls and the timing of turnover- to occur after the relevant depositions). Plaintiffs have filed Motions for Protective Orders.

2) Any and all documents which support your second claim for relief for violations of the Rosenthal Fair Debt Collection Practices Act (CA Civil Code §1788) et seq.

<u>Response</u>: Objection. Attorney-client privilege, attorney work-product doctrine, and invades right to privacy. Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response. Without waiving such objection, see response to number 1.

3) Any and all documents which support YOUR third claim for relief for violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A).

<u>Response</u>: Objection. Attorney-client privilege, attorney work-product doctrine, and invades right to privacy. Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response. Without waiving such objection, see Defendants' collection and telephone logs, collection and telephone logs of its agent, recordings of calls (Plaintiff will enter into a stipulated protective order regarding records of calls and the timing of turnover- to occur after the individual Defendants' depositions).

4) Any and all documents which support your fourth claim for intrusion on seclusion.

<u>Response</u>: Objection. Attorney-client privilege, attorney work-product doctrine, and invades right to privacy. Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is

ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

5) Any and all documents which support your fifth claim for tort-in-se.

Response: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see response to number 1.

6) Any and all documents which support YOUR sixth cause of action for Criminal Conduct.

Response: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

7) Any and all documents which support YOUR seventh claim for negligence.

Response: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

8) Any and all documents which support YOUR eighth claim for negligent training and supervision.

Response: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

9) Any and all documents including diaries, journals or logs, which summarizes, describes or details, any and all communications, between YOU and DEFENDANTS.

Response: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

10) Any and all documents, which reflect any and all damages YOU claim YOU sustained as a result of DEFENDANTS' alleged wrongful conduct.

11

Response: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

11)  Any and all collection letters that YOU received from DEFENDANTS, from January 1, 2005 to the present.

Response: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

12)  All home, cellular and mobile telephone records, including bills and/or statements for telephone accounts and/or providers that reflect any and all contact by DEFENDANTS from January 1, 2005 to the present.

Response: Objection, overbroad and harassing.  Defendant seeks information which is privileged and private.  Without waiving such objection, see Defendants' collection and telephone logs and the collection and telephone logs of its agent, and see response to number 1.

13)  All home, cellular and mobile telephone records, including bills and/or statements for telephone accounts and/or providers that reflect any and all contact by YOU to DEFENDANTS from January 1, 2005 to the present.

Response:  Objection, overbroad and harassing.  Defendant seeks information which is privileged and private.  Without waiving such objection, see Defendants' collection and telephone logs and the collection and telephone logs of its agent, and see response to number 1.

14) Any and all documents which support YOUR contention in Paragraph 11 of YOUR COMPLAINT that DEFENDANTS threatened to arrest YOU.

Response:  Objection, overbroad and harassing.  Without waiving such objections, see response to number 1.

15) Any and all documents which support YOUR contention in Paragraphs 27-29 of YOUR COMPLAINT that DEFENDANTS did not have prior consent to leave prerecorded calls on YOUR cell phone.

Response:  Objection, overbroad and harassing.  Defendant seeks information which is privileged. Without waiving such objections, see response to number 1.

12

**PLAINTIFF'S RESPONSES TO DEFENDANTS DISCOVERY RESPONSES, SET ONE**

16) Any and all documents which support YOUR contention in Paragraph 26 of YOUR COMPLAINT that DEFENDANTS made prerecorded calls to YOUR cell phone using a predictive dialer or automatic telephone dialing system.

<u>Response</u>:  Objection, overbroad and harassing.  Defendant seeks information which is privileged. Without waiving such objections, see response to number 1.

17) Any and all documents which support YOUR contention in Paragraph 27 of YOUR COMPLAINT that DEFENDANTS made prerecorded calls to YOUR cell phone using a predictive dialer or automatic telephone dialing system.

<u>Response</u>:  Objection, overbroad and harassing.  Defendant seeks information which is privileged. Without waiving such objections, see response to number 1.

18) Any and all documents from either YOU or your attorney acting on YOUR behalf received from DEFENDANTS.

<u>Response</u>: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy, burdensome and harassing.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

19)  Any and all documents from either YOU or your attorney acting on YOUR behalf sent to DEFENDANTS.

<u>Response</u>: Objection.  Attorney-client privilege, attorney work-product doctrine, and invades right to privacy, burdensome and harassing.  Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response.  Without waiving such objection, see documents listed in response to number 1.

20)  Any and all documents, including emails and electronic mail, which reflect the debt that is the subject of YOUR COMPLAINT from January 1, 2005.

<u>Response</u>:  Objection, vague and ambiguous.  Without waiving such objection see response to number 1.

21)  Any and all documents, including medical records and records from any health care provider, which evidences YOU consulted with a health care provider for any injury YOU claim YOU have suffered as a result of DEFENDANTS' alleged wrongful conduct.

13

Response: Objection. Attorney-client privilege, attorney work-product doctrine, and invades right to privacy. Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response. Without waiving such objection, see documents listed in response to number 1.

22) Any and all documents, including medical records and records, which reflect YOU took any medication, prescribed or not, as a result of the injuries that YOU claim YOU have suffered as a result of DEFENDANTS' alleged wrongful.

Response: Objection. Attorney-client privilege, attorney work-product doctrine, and invades right to privacy. Defendant seeks information, which is privileged and was prepared in the preparation of this litigation. Furthermore, discovery is ongoing and Plaintiff reserves the right to supplement this response. Without waiving such objection, see documents listed in response to number 1.

Date: May 22, 2008                    LAW OFFICE OF BALÁM O. LETONA, INC.




_____

Balám O. Letona, Esq.

Attorney for Plaintiff

14

**PLAINTIFF'S RESPONSES TO DEFENDANTS DISCOVERY RESPONSES, SET ONE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VERIFICATION

I, Martha Vasquez Pintor, plaintiff in this action, have read the foregoing responses to Credigy et.al. request for production of documents Nos. 1- 22, set one and I know the contents of those responses. I believe that the matters stated in those responses are true and correct.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of May, 2008 at Santa Cruz, California.

*Martha Vasquez*

Martha Vasquez Pintor

PLAINTIFF'S RESPONSES TO DEFENDANTS DISCOVERY RESPONSES, SET ONE

1

**PROOF OF SERVICE**

2
*MARTHA VASQUEZ PINTOR v. CREDIGY SERVICES CORPORATION,*

3
*CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., BRETT BOYDE,*

*MARK DOE and DOES 1-10, inclusive,*

4
United States District Court

Northern District of California

5
Case No. C07-06428 JF-HRL

6
I, the undersigned, declare that I am over the age of 18 and am not a party to

7
this action. I am self-employed in the City of Santa Cruz; my business address is

Law Office of Balám O. Letona, Inc., 1347 Pacific Avenue, Suite 203, Santa Cruz,

8
CA 95060-3940.

9
On the date listed below, I served a copy of the following document(s):

10

PLAINTIFF'S RESPONSES TO DEFENDANT CREDIGY SERVICES

11
CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS

INC., BRETT BOYDE, AND MARK DOE'S INTERROGATORIES AND

12
REQUEST FOR PRODUCITON OF DOCUMENTS TO PLAINTIFF

13
MARTHA VASQUEZ PINTOR

14
on all interested parties in said case as follows:

15

16
☒    **(BY MAIL)**   I deposited or caused to be deposited in the U.S. Postal

17
Service pick up box near our office an envelope containing said document(s) with

proper postage and addressed to the person(s) named below:

18
Tomio B. Narita

19
Simmonds & Narita LLP          David J. Kaminski, Esq.

44 Montgomery Street, Suite 3010    CARLSON & MESSER LLP

20
San Francisco, CA  94104           5959 W. Century Boulevard, Suite 1214

Los Angeles, CA 90045

21
I declare under penalty of perjury that the foregoing is true and correct.

22
Executed on May 22, 2008, at Santa Cruz, California.

23

24

25
Balám O. Letona

26

27

28