Ronald Wilcox SBN 176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San José, CA 95126-1001
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@yahoo.com

Balám O. Letona SBN 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: (831) 421-0200
Fax: (831) 621-9659
Email: letonalaw@gmail.com

Attorneys for Plaintiffs
MANUEL G. FAUSTO, LUZ FAUSTO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSÉ DIVISION**

| | |
|---|---|
| MARTHA VASQUEZ PINTOR,<br><br>    Plaintiff,<br>    v.<br>CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., BRETT BOYDE, MARK DOE, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 07-06428 JF HRL<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONTINUE MEDIATION** |

1

The Defendants in this matter used their telephones to abuse California consumers in violation of Federal and state law. The Plaintiff demanded that the Defendants stop contacting her. The Defendants refused to stop and continued to telephone the Plaintiff.  In continuing to harass the Plaintiff with these telephone calls, the Defendants violated numerous provisions of the Fair Debt Collection Practices Act, as well as state common law.  The Defendants actions also constitute violations of California Penal Codes §653m, §519, and §524.  The Plaintiff then recorded Defendants engaging in the illegal acts so as to obtain evidence of such.

The Plaintiff has sought to disclose the recorded evidence after the Plaintiff has deposed certain witnesses.  Plaintiff is NOT attempting to withhold the recordings permanently, but merely seek a delay in the production until Plaintiff has obtained the un-refreshed, and untailored deposition testimony of Defendants and their agents (as the Honorable Howard Lloyd has permitted in the past).

The Defendants made sixty-six (66) calls to the Plaintiff, many after the Defendants received a "cease and desist" letter from the Plaintiff. The Defendants violated the law by making the telephone calls irrespective of the contents of the calls.  The Plaintiff's claims will be established by the mere <u>existence</u> of the calls (demonstrated by Defendants' own collection logs and those of its agents).

Thus, Defendants' Motion to Continue the Mediation session is yet another red-herring used to cause delay in this case.  The parties stipulated to attend Mediation and the Court ordered such.  The Mediator has confirmed in writing that the June 17, 2008 Mediation date is set and will proceed absent a court order (the June 17, 2008 date was agreed to and set *after* Defendants' new counsel substituted into the case, and after Plaintiff agreed to provide the recorded evidence to the mediator).

The Defendants telephoned the Plaintiffs sixty-six times after Defendants received a cease and desist order from the Plaintiffs. The content of the recordings at issue are hardly necessary for a mediation to effectively proceed. The mere existence of sixty-six phone calls constitutes severe harassment under the applicable federal and state law.  The Defendants are using the pending motion to attempt to stall the proceedings.

2

1  The purpose of Mediation is to attempt to resolve matters without further burden to the
2 parties and the Court.  Defendants are ignoring the spirit of mediation, as well as the very
3 Alternative Dispute Resolution Rules that were promulgated to carry out that spirit.  Plaintiff takes
4 no position as to whether the Court should continue the Mediation until after the pending discovery
5 disputes.  However, in the event the Court continues the Mediation, Plaintiff respectfully requests
6 the Court set a trial date at the July 18, 2008 CMC so as to avoid further unnecessary delay.

7
Date: 6/9/08
8

9 /s/Ronald Wilcox
Ronald Wilcox
10