TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com


Attorneys for Defendants
Credigy Services Corporation,
Credigy Receivables, Inc. and
Credigy Solutions, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTHA VASQUEZ PINTOR,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., BRETT BOYDE, MARK DOE, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: C 07 06428 JF HRL<br><br>**STATEMENT OF RECENT DECISION IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**<br><br>Date:  June 24, 2008<br>Time: 10:00 a.m.<br>Ctrm: 2, 5th Floor<br><br>The Honorable Howard R. Lloyd |

1    Pursuant to Civil Local Rule 7-3(d), defendants Credigy Services
2 Corporation, Credigy Receivables, Inc. and Credigy Solutions, Inc. ("Defendants")
3 submit the June 19, 2008 decision of the Court in *Fausto v. Credigy Services Corp*,
4 No. C 07-5658 JW (RS), denying the plaintiffs' Motion for a Protective Order, a
5 true and correct copy of which is attached hereto as **Exhibit A**.

6    Defendants respectfully submit that the June 19, 2008 decision in *Fausto*
7 provides further support for denying Plaintiff's pending Motion for a Protective
8 Order (docket entry number 23) in the present case, because the issues presented
9 and the arguments raised by the parties in both cases are identical.

DATED: June 19, 2008              SIMMONDS & NARITA LLP
                                  TOMIO B. NARITA
                                  JEFFREY A. TOPOR


                          By:     /Jeffrey A. Topor/
                                  Tomio B. Narita
                                  Attorneys for Defendants Credigy
                                  Services Corporation, Credigy
                                  Receivables, Inc. and Credigy
                                  Solutions, Inc.

# Exhibit A

*E-filed 6/19/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MANUEL G. FAUSTO et al.,

Plaintiffs,

v.

CREDIGY SERVICES CORP. et al.,

Defendants.

NO. C 07-5658 JW (RS)

**ORDER DENYING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**

## I. INTRODUCTION

Plaintiffs Manuel and Luz Fausto move for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure to delay producing recorded telephone conversations until they complete numerous depositions. Defendants Credigy Services Corporation, Credigy Receivables Inc., and Credigy Solutions Inc. (collectively "Credigy") oppose the motion. This matter is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). Because the Faustos have not shown good cause to block production of the recordings, the motion will be denied.

## II. BACKGROUND

The Faustos bring suit under federal and California debt collection laws prohibiting debt collectors from engaging in abusive, deceptive, or unfair collection practices. The Faustos allege that Credigy and Credigy employees engaged in an unlawful letter-writing and telephone campaign in an effort to collect payment on a disputed debt. The Faustos maintain that they recorded abusive, harassing, and misleading statements during telephone conversations with Credigy's employees.

1

Credigy seeks to obtain the recorded telephone conversations. In response, the Faustos filed a motion for a protective order under Rule 26(c) to delay producing the recorded conversations until they complete depositions of Credigy's employees. The Faustos believe they are not required to turn over the recorded telephone conversations because Credigy's employees will have the opportunity to tailor their deposition testimony to conform with their recorded statements, thereby preventing the Faustos from obtaining unrefreshed recollections and nullifying the impeachment value of the recorded statements. Credigy insists that the motion should be denied because the Faustos fail to demonstrate good cause under Rule 26(c).

## II. LEGAL STANDARD

A court may issue a protective order only after the moving party demonstrates that good cause exists for protecting the material. Fed. R. Civ. P. 26(c). The moving party has the burden of showing a particular need for protection under Rule 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Ligget Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

## III. DISCUSSION

The Faustos move for a protective order to delay producing the recorded telephone conversations until they complete depositions of Credigy's employees pursuant to Rule 26(c).[1] "Whether or not disclosure should be delayed is a matter of the court's discretion." *Costa v. AFGO Mech. Services, Inc.*, 237 F.R.D. 21, 23 (E.D.N.Y. 2006). Some courts, as the Faustos suggest, have delayed disclosure of taped statements under Rule 26(c) until after the adverse party's deposition. *See Walls v. Int'l Paper Co.*, 192 F.R.D. 294, 297-99 (D. Kan. 2000) (allowing former employee

---

[1] The discoverability of the recorded telephone conversations is not contested. Rule 26(b)(3) provides that a party may obtain, without the required showing, a party's own previous statement about the action or its subject matter. Fed. R. Civ. P. 26(b)(3)(C). A statement includes a "stenographic, mechanical, electrical, or other recording . . . that recites substantially verbatim the person's oral statement." Fed. R. Civ. P. 26(b)(3)(C)(ii). The Faustos' recorded telephone conversations of Credigy's employees are therefore covered under Rule 26(b)(3) as party statements. While Rule 26(b)(3) provides that a party may obtain a statement concerning the action or its subject matter that party previously made, Rule 26 does not provide the time frame in which that statement must be produced. *See* Fed. R. Civ. P. 26.

1 suing for sex discrimination to withhold audiotapes of conversations with a supervisor until after
2 deposition); *Poppo v. AON Risk Services*, 49 Fed. Serv. 3d 120 (S.D.N.Y. 2000) (finding that an
3 order delaying production of recorded tapes was needed in order to prevent defendant's witness from
4 altering their deposition testimony to conform to their recorded statements); *see also Torres-Paulett*
5 *v. Tradision Mariner, Inc.*, 157 F.R.D. 487 (S.D. Cal. 1994). However, these decisions fail to
6 discuss whether the moving party satisfied their Rule 26(c) burden of showing good cause for the
7 protective order.

8 Moreover, several recent decisions that discuss good cause under Rule 26(c) hold that mere
9 conclusory statements, "unsupported by any particular and specific demonstration of fact, that a
10 party might tailor its testimony to conform with previously recorded statements does not rise to the
11 level of good cause." *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn.
12 2006); *see Rofail v. United States*, 227 F.R.D. 53, 59 (E.D.N.Y. 2005) (holding that "conclusory
13 allegations that [a party] may tailor his deposition testimony to the materials simply does not
14 establish good     cause . . . ."). For example, in *Costa*, plaintiff indicated that defendants would
15 tailor their deposition testimony to match their comments made in taped conversations. 237 F.R.D.
16 at 24. Plaintiff argued that her interest in obtaining defendants' unrefreshed recollection of
17 conversations with plaintiff outweighed any prejudice to defendants. *Id.* The court held that
18 plaintiff's conclusory allegations were insufficient to establish good cause under Rule 26(c). *Id.* As
19 the court stated, without good cause "there is no reason to assume automatically that the party whose
20 statements have been recorded will have a propensity to fabricate evidence or lie during the course
21 of his or her testimony." *Id*.

22 Similarly here, the Faustos claim that if Credigy's employees have an opportunity to review
23 the recordings before they are deposed, they would be able to tailor their deposition testimony to
24 conform with their recorded statements, thereby preventing the Faustos from obtaining unrefreshed
25 recollections and nullifying the impeachment value of the recorded statements. However, the
26 Faustos provide no evidence or reason to believe that the Credigy employees, with access to their
27 recorded telephone conversations, would fabricate evidence to conform their testimony to their
28 recorded statements. Just like the plaintiffs in *Costa*, *Rofail*, and *Jerolimo*, such broad and

conclusory allegations without specific examples or reasoning does not constitute good cause. *See Beckman Indus., Inc.*, 966 F.2d at 476 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (quoting *Cipollone*, 785 F.2d at 1121). The Fuastos, therefore, have failed to meet their burden under Rule 26(c) of showing good cause for delay in producing the recorded telephone conversations.

Equitable and fairness concerns also weigh in favor of denying the Faustos' motion for a protective order. "Modern instruments of discovery . . . [and] pretrial procedures make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). In *Stamps* v. *Encore Receivable Mgmt., Inc.*, 232 F.R.D. 419, 420, 424 (D. Ga. 2005), a debtor alleging FDCPA violations was not entitled to a protective order delaying production of a voice mail recording. The court held that it was unfair not to allow the defendant access to the recording. *Id.* at 423. Without the recording, defendant could not "verify the existence and the contents of the audio recording before subjecting itself and its representatives to a potentially misleading examination." *Id*. The court also stated that because plaintiff used the recording to prepare her trial testimony, defendant should have the same opportunity. *Id.* Similarly, the Faustos should disclose the tapes pursuant to Rule 26(c), because "[o]pen discovery is the norm. Gamesmanship with information is discouraged and surprises are abhorred. Adherence to these principles assists the trier of fact and serves efficiency in the adjudication of disputes." *Rofail*, 227 F.R.D. at 58.[2]

---

[2] While the Faustos state that they will use the recorded telephone conversations only for impeachment purposes, the recordings nevertheless constitute relevant, substantive evidence and do not pertain solely to issues of credibility. *See Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993) (providing that while tapes might only be used for impeachment purposes, they are also substantive evidence in that they may be used "to establish the truth of a matter to be determined by the trier of fact").

## IV. CONCLUSION

Accordingly, the Faustos' motion for a protective order to require production of the tape recordings only after depositions are completed is denied. Production of the recorded telephone conversations shall be made within 30 days of the date of this order.

IT IS SO ORDERED.

Dated: 6/19/08

RICHARD SEEBORG
United States Magistrate Judge