Ronald Wilcox, Esq., State Bar No. 176601
2160 The Alameda, Suite F, First Floor
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@post.harvard.edu

Balám O. Letona SBN 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: (831) 421-0200
Fax: (831) 621-9659
Email: letonalaw@gmail.com

**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA VASQUEZ PINTOR,<br>           Plaintiff,<br>v.<br>CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., BRETT BOYDE, MARK DOE and DOES 1-10, inclusive,<br>           Defendant(s). | **OPPOSITION TO DEFENDANT'S COUNSEL MOTION TO WITHDRAW**<br><br>**Case# 07-06428 JF**<br><br>**JURY TRIAL DEMANDED**<br><br>**Date:** July 25, 2008<br>**Time:** 9:00 a.m.<br>**HON. JEREMY FOGEL** |

## I. INTRODUCTION

On March 6, 2008 Plaintiffs informed Defendant's counsel that the individual defendant, and debt collector, Mark Doe was using the alias "fferrao", according to Defendant's own collection log which had been produced to Plaintiff. Thus, as of March 6, 2008, Defendants knew Mark Doe was "fferrao." Declaration of Ronald Wilcox, ¶ 2. (hereafter "Decl."). **Exhibit 1**.

On March 13, 2008, Defendant's counsel signed a stipulation stating he represented Mark Doe and would accept service on his behalf, and also stated he represented Ricardo Ventura and

**OPPOSITION TO DEFENDANT'S COUNSEL MOTION TO WITHDRAW**
Page 1

Thomson (R.G. Goncalves), and would accept service on their behalf in *Fausto v. Credigy, et al.,* 07-05658 JW RS (ND CA 2007). *Pintor* Docket #9. *Fausto* Docket #16.  Defendant's counsel later reneged.  Defendant's counsel now seeks to withdraw and Plaintiff opposes as follows.

This court should follow the lead of the Hon. James Ware in the *Fausto v. Credigy* matter, and continue Defendant's Motion to Withdraw until the discovery deadline (See Doc# 52 07-05658 JW RS).  Then, in the event Defendant Mark Doe, who Defendants now claim is "Fabiano Nascimento Ferrao", resurfaces he can respond to the discovery already propounded, and appear for his duly noticed deposition, with the assistance of his legal counsel.  In the event he does not resurface, then he should be barred from testifying at trial. F.R.C.P. 37.

If the court is inclined to allow Defendant's counsel to withdraw from representing Mark Doe or Fabiano Nascimento Ferrao, then Defendants should be precluded from relying on Fabiano Nascimento Ferrao as a witness in the case. F.R.C.P. 37(c), (d), and (e).  Also see, *Stover v. Northland,* 2007 U.S. Dist. LEXIS 49029 (W.D. NY 2007).

**II. FACTUAL BACKGROUND**

Defendants engaged in a campaign of telephone abuse in an attempt to coerce payment on a consumer debt from two separate sets of Plaintiffs, *Vasquez v. Credigy et al.*, 07-06428 JF HRL, and *Fausto v. Credigy, et al.*, 07-05658 JW RS.

Defendants made some sixty-six (66) phone calls to Martha Vasquez Pintor in an attempt to collect an alleged ten year (10) old charged-off debt.  Defendants also threatened Plaintiff with arrest if she failed to pay the debt.  From the outset the Plaintiff disputed the debt.  To put an end to the constant phone calls and harassment, Plaintiff sent the Defendants a "cease and desist" letter demanding that the Defendants stop contacting her.  The Defendants ignored the cease and desist letter and repeatedly and continuously contacted the Plaintiff in an attempt to collect on the

**OPPOSITION TO DEFENDANT'S COUNSEL MOTION TO WITHDRAW**
Page 2

1  alleged debt.  Defendants' made <u>sixty-six (66) phone calls</u> to the Plaintiff, with <u>fifty-eight (58)</u> of
2  these phone calls occurring <u>after</u> Defendant received the cease and desist letter.[1]
3        Plaintiff filed this lawsuit against Defendants for violations of the Fair Debt Collection
4  Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") and California's Rosenthal Fair
5  Debt Collection Practices Act, Civil Code § 1788 et seq. (hereinafter "state Act"), which prohibit
6  debt collectors from engaging in abusive, deceptive and unfair practices, as well as common law
7  tort claims.[2]

## III. PROCEDURAL BACKGROUND

      Defendants counsel has gone to extraordinary lengths to obstruct discovery, and to attempt to prevent Plaintiffs, and the Court, from getting to the truth.  Defendants' counsel signed stipulations that were filed with the Court, stating they represented certain defendants and would answer on their behalf by a certain date. *Pintor* Docket #9. *Fausto* Docket #16.  Relying on Defendants' counsel representations, Judge Ware ruled that a pending motion to extend time to serve certain Defendants was moot, and therefore vacated. *Fausto* Docket# 17.

      Defendants counsel later reneged indicating he did not have authority to represent these individual defendants.[3]  See *Fausto v. Credigy*, Doc #38-2, **Exhibit D**, and *Pintor v. Vasquez*, Doc#17, Page 10, ¶9. After numerous letters by Plaintiffs to address the matter, Defendants counsel eventually filed motions to withdraw in both cases. *Pintor v. Credigy*, Doc#17, *Fausto v.*

---

[2] Invasion of privacy by intrusions upon seclusion, tort-in-se, negligent hiring, training, retention and supervision.

[3] Business and Professions Code **§ 6104.  Appearing for party without authority**
Corruptly or wilfully and without authority appearing as attorney for a party to an action or proceeding constitutes a cause for disbarment or suspension.

**OPPOSITION TO DEFENDANT'S COUNSEL MOTION TO WITHDRAW**
Page 3

*Credigy*, Doc#38.  Judge Ware continued Defendants' motion to withdraw until September 22, 2008 in the *Fausto v. Credigy* matter.  (The discovery deadline is set for September 29, 2008.)

Consistent with their brazen and willful failures to abide by the Federal Rules of Civil Procedure, Defendants refused to provide complete initial disclosures, and respond to written discovery, in both cases, thus, preventing Plaintiffs from identifying, locating, and conducting depositions of certain individuals who engaged in unlawful conduct towards Plaintiff.

Emboldened by their ability to thwart not only Plaintiffs' counsel, but the Court, Defendants Ryan Miller (a.k.a. Luis Renato Silva Nunes), Ricardo Ventura, and Paulo Peres, then willfully failed to appear for duly noticed depositions on May 1st and 2nd of 2008 in the *Fausto* matter,[4] without having obtained an Order from the Court excusing their attendance.

In the *Pintor* matter Defendants' counsel now alleges he agreed to represent someone who turned out to not be the correct defendant (Mark Doe). Doc#17, Page 10, ¶7.  However, Defendants counsel then refused to stipulate to amend the complaint to name the correct defendant, "Fabiano Nascimento Ferrao", thereby failing to repudiate, and ratifing, his wrongful conduct.

Since Defendants continued to conceal the contact information for certain defendants and fact witnesses, including Fabiano Nascimento Ferrao, Plaintiffs were forced to file a Motion to Compel in the *Fausto v. Credigy* matter.  On June 13, 2008, Judge Seeborg ordered that Defendants must produce the last known addresses and telephone numbers of the potential witnesses, their personnel files, and ordered that these Brazilian debt collectors must appear for

---

[4] Defendants' counsel also stated he incorrectly stipulated to agreeing to represent the collectors Ricardo Ventura and Thomson, but would not represent those persons after all, and thus would not appear for their depositions on May 1-2, 2008.

**OPPOSITION TO DEFENDANT'S COUNSEL MOTION TO WITHDRAW**
Page 4

their depositions in the U.S. *Fausto v. Credigy,* __ F.R.D. __, 2008 WL 2441927 (N.D. Cal. 2008).

Plaintiff has noticed depositions of the Brazilian debt collectors, including Fabiano Nascimento Ferrao for August 10-13, 2008. Plaintiff has also served written discovery to the Brazilian debt collectors, including Fabiano Nascimento Ferrao.[5]  Decl. ¶7.

**IV. DISCUSSION**

In January 2007, the parties first spoke to discuss the allegations in the Complaint. On March 6, 2008 the parties further discussed the identities of the Defendants and individual debt collectors who had worked on Plaintiff's account. Decl. ¶2. Plaintiff informed Defendant's counsel that the individual defendant, and debt collector, Mark Doe was using the alias "fferrao" according to Defendant's own collection log which Defendants had produced to Plaintiff. Thus, as of March 6, 2008, Defendants knew Mark Doe was "fferrao." Plaintiff also emailed this information to Defendants' counsel, stating (Decl. ¶2), **Exhbit 1**:

> RE: Collectors Thomson and Mark Doe
>
> Dear David,
>
> It is certainly unusual that Credigy has no record of what alias names their collectors use.
>
> Nevertheless, the name Thomson is being used by the collector "rgoncalves.", in regard to the Fausto v. Credigy matter. As we discussed earlier, in the Pintor/Vasquez matter, Mark Doe, is "fferrao."
>
> Lets come to some resolution on this as quickly as possible, otherwise we will need to expedite the formal discovery from Defendants.
>
> Please call me in the morning

---

[5] Since Judge Ware continued Defendants' counsel's motion to withdraw to September 22, 2008, and this court has not yet had an opportunity to address the matter, Plaintiffs have a duty to continue to prosecute the case.

**OPPOSITION TO DEFENDANT'S COUNSEL MOTION TO WITHDRAW**
Page 5

One week later the parties filed a stipulation with the Court whereby Defendants' counsel represented to the Court he represented: 1) Mark Doe, 2) Ricardo Ventura, and 3) Rita Goncalvez, a.k.a Thomson and would accept service on their behalf. *Pintor* Docket #9. *Fausto* Docket #16. This is in addition to Defendant's counsel indicating he represented the individual debt collectors, Ryan Miller, a.k.a Luis Renato Silva Nunez and Brett Boyde. Such representation indicates to the Court, and all others, Defendants' counsel had acquired authority from those individuals to represent them. After Judge Ware, relying on Defendants' stipulation, took the Motion to Extend Time to Serve off calendar in the *Fausto v. Credigy* matter, Defendants counsel reneged.

### A. **DEFENDANTS' COUNSELS DUTY OF CANDOR**

Counsel has a duty to be honest and candid with the Court. California Rules of Professional Conduct (CRPC) 5-200. CRPC R. 5-200 provides, in part, that in presenting a matter to a tribunal, a member of the bar (1) shall employ, for the purpose of maintaining the causes confided to the member such means only as are consistent with truth; and (2) shall not seek to mislead the judge, judicial officer, or jury by an artifice or false statement of fact or law. *Also see,* California Code of Civil Procedure 6068(d)[6] and *Datig v. Dove Boks*, 73 Cal. App. 4th (1999). The duty of candor to the court is higher than the duty to other counsel. *Bryan v. Bank of America*, 86 Cal. App. 4th 185 (2001)(sanctioning counsel for factual misrepresentations to the Court).

---

[6] Business and Professions Code section 6068 provides, in relevant part: "It is the duty of an attorney to do *all* of the following: [P] . . . [P] (b) *To maintain the respect due to the courts of justice and judicial officers.* [P] (c) To *counsel or maintain such actions*, proceedings, or *defenses* only as appear to him or her legal or just, except the defense of a person charged with a public offense. [P] (d) To *employ*, for the purpose of maintaining the causes confided to him or her *such means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law.*" (Italics added.)

**OPPOSITION TO DEFENDANT'S COUNSEL MOTION TO WITHDRAW**
Page 6

Furthermore, concealing facts is just as misleading as explicit false statements. *Disabatino v. State Bar,* 27 Cal. 3d 159 (1980).

To date, despite Judge Seeborg's June 13, 2008 Order, Defendants have yet to provide the last known phone numbers of the former employees and individuals Defendants' counsel purported to represent: Fabiano Nascimento Ferrao, Ricardo Ventura and Rita Goncalves. Decl. ¶9. So, at it stands, Defendants' counsel represented to the court he represented these individuals, later reneged, and Defendants are now continuing to prevent Plaintiffs from being able to contact these Defendants and fact witnesses.

Refusing to provide the last known addresses and telephone numbers of potential witnesses is becoming a growing tactic among debt collectors in an effort to prevent consumers from contacting fact witnesses. *Grinzi v. Barnes,* 2004 U.S. Dist. LEXIS 20979, *2 (N.D. CA 2004), *Steinbach v. Credigy,* U.S. Dist. LEXIS 20083, *21 (E.D. KY 2006), S*tover v. Northland Group, Inc.,* 2007 U.S. Dist. LEXIS 49029, *6 (W.D. NY 2007). It is discovery abuse to prevent one from contacting fact witnesses. CRPC 5-310. It is also obstruction of justice and witness tampering.

Furthermore, representing both Credigy and the invdividual defendants would have required the informed written consent of the individual defendants.[7] See CRPC 3-310, "**Avoiding the representation of adverse interests.**" Thus, this honorable court, and Plantiff's counsel, could rely on Defendant's stipulation, filed with the Court, to be a representation that he had obtaind the informed written consent, to represent and accept service, for the individual defendants Mark Doe, a.k.a Fabiano Nascimento Ferrao, Ricardo Ventura and Rita Goncalves.

---

[7] *Zader v. Kwan*, 31 Cal. App. 4th 1285 (1995); *Pringle v. La Chappelle*, 73 Cal. App. 4th 1000 (1999). *People v. Moroczko*, 35 Cal. 3d 86 (1983). Also see, CRPC 3-600.

**OPPOSITION TO DEFENDANT'S COUNSEL MOTION TO WITHDRAW**
Page 7

## B. **PREJUDICE**

Despite its Initial Disclosure obligation under F.R.C.P. 26, its discovery obligations to respond to written Interrogatories under F.R.C.P. 33, and Judge Seeborg's June 13, 2008 Order in the *Fausto v. Credigy* matter, Defendants have still yet to provide the address and phone number of "fferao" or Fabiano Nascimento Ferrao.[8]

Defendant's motion indicates that, "Only recently did Defendants find out that Faibiano Ferrao was most likely Mark Doe." Docket #17, 6:23-25. However, Defendants fail to even mention Plaintiff's e-mail of March 6, 2008. Moreover, on April 29, 2008, Plaintiff provided Defendants a Stipulation to Amend the Complaint, to correct the Defendant's name on the Complaint from "Mark Doe" to "Fabiano Nascimento Ferrao."[9] Decl. ¶8. **Exhibit 2**. Defendants counsel refused to sign the stipulation. By refusing to sign the stipulation Defendants' counsel has ratified his earlier acts.

In addition to Judge Seeborg's Juner 13, 2008 Order, other courts have recently determined that Credigy had no legitimate reason to fail to provide the contact information of fact witnesses,

---

[8] Despite its obligation to simply provide complete Initial Disclosures, and fully respond to Interrogatories, regarding last known addresses and telephone numbers, as well as Judge Seeborg's Order of June 13, 2008, Defendants have merely provided numerous cryptic documents, in Portuguese, which, from what Plaintiff can discern, does not provide the information required.

[9] The stipulation was e-mailed to Defendants' counsel (**Exhibit 2**), and stated as follows:
"The parties hereby stipulate to Amend the Complaint. Defendants earlier identified Defendant "Mark Doe" as Mark De Luca Ferrao. Defendants now claim that is incorrect, and that Mark Doe is Fabiano Nasciemento Ferrao. Plaintiff shall insert the name "Fabiano Nasciemento Ferrao" to replace the name "Mark Doe" appearing on the First Amended Complaint. The parties further stipulate Plaintiff shall have 120-days from the entry of the Court's order to serve Fabiano Nasciemento Ferrao.
     Defendants agree to provide the last known address and phone number for Fabiano Nasciemento Ferrao within 7-days. Defendants shall provide the contact information within 7 days of today."

**OPPOSITION TO DEFENDANT'S COUNSEL MOTION TO WITHDRAW**
Page 8

and thereby prevent them from being contacted. *Steinbach v. Credigy,* 2006 U.S. Dist. LEXIS 20083 (E.D. KY 2006).[10] Defendants stipulation is hardly the innocent mistake Defendants would have this court believe.

Furthermore, Defendants are now contending yet another named Defendant, Paulo Peres, purportedly represented by Defendant's counsel has dissapeared.[11] Paulo Peres is one of the Brazilian collectors which Judge Seeborg ordered be produced for his deposition in the U.S. Dec. ¶10. *Fausto v. Credigy,* __ F.R.D. __, 2008 WL 2441927 (N.D. Cal. 2008)

Defendants' actions, and their counsel's inability to adequately provide representation consistent with th F.R.CP. and Court's orders, are prejudicing Plaintiff and this court's ability to reach the truth. As explained by one court recently:

> Plaintiffs moved as quickly as possible though daunted at every turn. Now, most of the defendants' crew leaders/foremen have left the country. Whether the product of intentional

---

[10] *Steinbach v. Credigy,* U.S. Dist. LEXIS 20083, *21 (E.D. KY 2006):

"In support of her motion to compel, plaintiff submits that defendants' responses to this request are incomplete in two different ways. First, defendants failed to provide any information about Letitia Poston beyond her name and job title, when the interrogatory also requested last known address, telephone number, and dates of employment. …. For these reasons, plaintiff argues that defendants should supplement their response to this request.

In response, defendants offer no legitimate reason for why they did not fully respond to this discovery request. Consequently, defendants' objections to Interrogatory No. 12 are overruled, and defendants are directed to supplement their response to this discovery request and to fully respond thereto."

[11] In a letter of June 18, 2008, written in response to Plaintiff serving notices for the individual defendants, depositions to take place August 10-13, 2008 as Judge Seeborg ordered, Defendant's counsel, David Kaminski, informed Plaintiffs' counsel that Paul Peres recently left the employment of Credigy. The letter goes on to state, "I am in the process of getting in touch with him immediately. I will get back to you in regard to Mr. Peres status as soon as possible." Mr. Kaminski has not gotten back to Plaintiff in this regard. It should go without saying, Mr. Kaminski has represented to the Court here represents these individuals, and will be held to that representation whether or not the individuals leave the employment of Credigy.

**OPPOSITION TO DEFENDANT'S COUNSEL MOTION TO WITHDRAW**
Page 9

deceit or contumacious refusal to seriously comply with their discovery obligations, the havoc wreaked with respect to trial preparations is the same. There is little question but that defendants' subterfuge is sanctionable. Recinos-Recinos v. Express Forestry, Inc., ED LA, 2006 U.S. Dist. LEXIS 56178

For that reason courts have denied counsel's attempts to withdraw while discovery was pending, as is herein. *Schnall v. Annuity & Life (Holdings), Ltd.*, 2007 U.S. Dist. LEXIS 74918 (D. Conn. 2007), *Goldman v. Alhadeff*, 131 F.R.D. 188 (W.D. Wash. 1990).

**V. CONCLUSION**

This court should follow the lead of the Hon. James Ware in the *Fausto v. Credigy*, and continue Defendant's Motion to Withdraw until the discovery deadline (07-05658 JW RS, Doc# 52).  Then, in the event Defendant Mark Doe, who Defendants now claim is "Fabiano Nascimento Ferrao", resurfaces he can respond to the discovery already propounded and appear for his duly noticed deposition, with the assistance of his legal counsel.  In the event he does not resurface, then he should be barred from testifying as a witness in this case. F.R.C.P. 37(c), (d), and (e).  Also see, *Stover v. Northland,* 2007 U.S. Dist. LEXIS 49029 (W.D. NY 2007).


DATED: 7/7/08                             /s/Ronald Wilcox
                                          Ronald Wilcox, Counsel for PLAINTIFF

**OPPOSITION TO DEFENDANT'S COUNSEL MOTION TO WITHDRAW**
Page 10