DAVID J. KAMINSKI, ESQ., (SBN #128509)
STEPHEN A. WATKINS, ESQ., (SBN #205175)
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

*Former* Attorneys for Defendants,
CREDIGY SERVICES CORPORATION,
CREDIGY RECEIVABLES INC., CREDIGY
SOLUTIONS INC. and BRETT BOYDE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| MARTHA VASQUEZ PINTOR,<br><br>                    Plaintiff,<br><br>         vs.<br><br>CREDIGY SERVICES CORPORATION;<br>CREDIGY RECEIVABLES INC.;<br>CREDIGY SOLUTIONS INC.; BRETT<br>BOYDE; MARK DOE and DOES 1-10,<br>inclusive,<br><br>                    Defendants. | CASE NO. C07 -06 428 JF HRL<br><br>[Complaint Filed:   12/20/07<br>1st Amended Complaint Filed: 1/14/08]<br><br>District Judge: Hon. Jeremy Fogel<br>Magistrate Judge: Hon. Howard R. Lloyd<br><br>**DEFENDANTS CREDIGY SERVICES<br>CORPORATION, CREDIGY<br>RECEIVABLES INC., CREDIGY<br>SOLUTIONS INC.'S REPLY IN SUPPORT<br>OF MOTION TO WITHDRAW FROM<br>STIPULATION; DECLARATION OF<br>DAVID J. KAMINSKI**<br><br>**Date: July 25, 2008<br>Time: 9:00 a.m.<br>Location: U.S. District Court,<br>280 S. 1st. Street, San Jose, CA<br>Courtroom 3** |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendants CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC.,

CREDIGY SOLUTIONS INC, and BRETT BOYDE ("Defendants") hereby submit this Reply

Brief to Plaintiff MARTHA PINTOR ("Plaintiff")'s Opposition (the "Opposition") to Defendants'

Motion to Withdraw from Stipulation.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff's Opposition to Defendants' Motion to Withdraw seeks to further complicate a simple dispute regarding debt collection. Plaintiff's Opposition raises irrelevant arguments and irrelevant points and authorities in support thereof and has nothing to do with Defendants' moving papers.

As set forth herein, pursuant to the authorization and direction from the Credigy defendants, Defendants' counsel agreed to accept service on behalf of Defendant "Mark De Luca Ferrão ('Mark Doe')"and to file an answer on his behalf pursuant to a stipulation between Defendants and Plaintiff (the "Stipulation", Exhibit "A") and filed with the Court on March 18, 2008. At the time the subject Stipulation was entered, Credigy believed that Mark De Luca Ferrão was the Mark Doe identified in Plaintiff's Complaint. After entering into the Stipulation, Credigy informed counsel that Mark De Luca Ferrão was not the correct "Ferrão" in this case. The correct "Ferrão" was "Fabiano Nascimento Ferrão". These issues formed the basis of the need to withdraw.

By plaintiff's Opposition, plaintiff seeks to require former counsel for defendants to remain as counsel for a purported individual who is not the correct party defendant to this case. In this regard, plaintiff's Opposition is absurd. As shown in greater detail below, Plaintiff has failed to counter Defendants' argument that the balance of equities favor allowing Defendants' counsel to withdraw from the stipulation.

## II.    ARGUMENT

As stated in Defendants' Motion, the Ninth Circuit has held that the factors to consider in deciding whether to modify a pre-trial order issued pursuant to F.R.C.P. Rule 16 include:

(1) prejudice to movant of a refusal to modify;

(2) prejudice to non-movant of modification;

(3) impact of modification on orderly conduct of case; and

(4) degree of wilfulness, bad faith, or excusable neglect on the part of the movant.

///

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1    *United States v. First Nat'l Bank of Circle* (9th Cir. 1981) 652 F.2d 882, 887.  Although

2    the Stipulation is not a Rule 16 pre-trial order, but a pre-trial stipulation, the *Circle* factors provide

3    a solid framework for determining whether this Court should modify the Stipulation in the interests

4    of justice.

5    A.    The Parties Stipulated to Accept Service on Behalf of a Party

6    that was not the Correct Party in this Case

7    As set forth in the Stipulation entered into between the parties (Exhibit "A"), and at the

8    time the subject Stipulation was entered into between the parties, Defendants agreed to accept

9    service on behalf of "Mark De Luca Ferrão", aka Mark Doe as named in the *Pintor v. Credigy*

10    Complaint.  (Declaration of David J. Kaminski "Kaminski Decl.", ¶3.)  Mark De Luca Ferrão was a

11    former employee of Credigy Solucoes Financeiras Limitada ("Credigy Brazil").  (*See*, Kaminski

12    Decl., ¶ 5.)  Mark De Luca Ferrão is a Brazilian national and does not reside in the United States.

13    (*See*, Kaminski Decl., ¶ 6.)

14    On or about March 28, 2008, former counsel for defendant sent a letter to plaintiff's

15    counsel, via e-mail, informing plaintiff that despite diligent efforts, Credigy could not locate "Mark

16    De Luca Ferrão" and therefore had to withdraw from the subject Stipulation. (*See*, Kaminski

17    Declaration, ¶8 and Exhibit "B".)  Subsequent thereto, in late April 2008, Defendants' counsel

18    learned, for the first time, that Mark De Luca Ferrão was *not* the correct "Mark Doe" as named in

19    the *Pintor v. Credigy* Complaint.  (Kaminski Decl., ¶9. )  The correct "Mark Doe" was "Fabiano

20    Nascimento Ferrão", not Mark De Luca Ferrão.  (*See*, Kaminski Decl., ¶10.)  Therefore, the subject

21    Stipulation was a Stipulation to accept service on behalf of a person that was never the correct or

22    relevant party to this case.  Therefore, withdrawal from the subject Stipulation should be granted.

23    In Ronald Wilcox's e-mail to me dated April 9, 2008, he was discussing the depositions of

24    the various Brazilian personnel involved in this case.  He acknowledged that he agreed with my

25    assessment that based upon the Brazilian parties and non-parties involved in this case, this case

26    was "extraordinary complicated."  A true and correct of Mr. Wilcox's April 9, 2008 e-mail is

27    attached hereto as Exhibit "D".  (*See*, Kaminski Decl., ¶15.)

28    / / /

B.    **If Defendants Are Not Allowed to Withdraw From the Stipulation, They Will Be Unduly Prejudiced**

Nowhere in Plaintiff's Opposition do they even acknowledge the true ramifications of the result they seek. If Defendants are not allowed to withdraw from the stipulation, Defendants' counsel will be forced to purport to represent a person who is not the correct defendant in this action. This could subject Defendants and its counsel to continuous liability for potential discovery sanctions, as Plaintiff could propound an unending stream of discovery requests, and attempt to hold Defendants' and their counsel responsible for the inability to respond. This is a likely scenario given that Plaintiff opposes the current Motion and consistently maintains that Defendants' counsel should comply with discovery pertaining to the wrong party in this case."(Plaintiffs' Opposition, pg. 9)

Defendants' counsel only entered into the subject Stipulation based on the representations of Credigy that Defendant Mark De Luca Ferrão could be located, and that I should enter in the Stipulation in an effort to move the case forward. (Kaminski Declaration., ¶4.) Defendants' counsel should not be forced to comply with a Stipulation to which it cannot comply under any circumstance, especially in light of the fact the Stipulation concerns the potential representation of a party who was never the correct party to this litigation.

C.    **Plaintiff Does Not Even Address The Prejudice to Defendant Ferrão if Defendants' Counsel is Not Permitted to Withdraw**

Defendants' have informed Plaintiff's counsel repeatedly that "Mark De Luca Ferrão" is not the correct party to this action and that defendants cannot file an Answer on his behalf. (See Kaminski Declaration, ¶8 and 10.) Mark De Luca Ferrão" is not the correct named defendant in this case that is the subject of the Stipulation (Exhibit"A"). (See Kaminski Declaration., ¶10.)

Plaintiff's Opposition uses gross misstatements and clear falsehoods to assert vague and unsupported prejudice to Plaintiff if Defendants' counsel is permitted to withdraw, but fails to address the prejudice to Mark De Luca Ferrão if the Stipulation on his behalf is allowed to stand. If no action is taken, Defendant Ferrão will continue onward in litigation and be subjected to potential liability in a case in which he is not the correct party and has never even been served with

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1 process.  Moreover, Brazilian national Defendant Ferrão would be subjected to U.S. jurisdiction

2 without his consent. Finally, even if Plaintiff wins his case, any judgment against any Ferrão would

3 likely be void for lack of jurisdiction.

4     **D.**    <u>**Plaintiff Has Not Established Prejudice to His Case**</u>

5     **1.**    <u>**Plaintiff's Counsel Fails to Inform this Court that the Stipulation was**</u>

6         <u>**Irrelevant and Improper as Early as March 28, 2008 and Counsel Instead**</u>

7         <u>**Refers this Court to an Irrelevant Order in Another Case**</u>

8         Plaintiff fails to inform this Court that as of March 28, 2008, plaintiff's counsel

9 unequivocally *knew* that Credigy could not locate "Mark De Luca Ferrão.  (*See*, Kaminski

10 Declaration ¶8.)  Plaintiff's counsel also fails to inform this Court in the Opposition that in April,

11 2008, plaintiff's counsel was informed that the Stipulation entered into between the parties

12 regarding "Mark De Luca Ferrão" was erroneous because Mark De Luca Ferrão was *not* the correct

13 named defendant in the case.  The correct named defendant was "Fabiano Nascimento Ferrão".

14 (*See*, Kaminski Declaration ¶9.)

15         Instead of informing the Court of these true facts, or attempting to discuss how and in

16 what manner plaintiff could somehow be prejudiced, plaintiff refers this Court to an unrelated

17 Order in another case, having nothing to do with the *Pintor* matter, or the subject Stipulation.

18 Further, the irrelevant order does not relate or concern to any issue pertaining to Mark De Luca

19 Ferrão or Fabiano Nascimento Ferrão or the subject Stipulation.  (Opposition, pg. 7, lines 1-4).

20 This further demonstrates the frivolous nature of plaintiff's Opposition.

21     **2.**    <u>**Plaintiff Falsely Claims Defendants' Counsel Refused to Sign a Stipulation**</u>

22         Plaintiff's Opposition also claims that she was prejudiced because on April 28, 2008,

23 Plaintiff provided Defendants a Stipulation to Amend the Complaint, to correct the Defendant's

24 name on the Complaint from "Mark Doe" to "Fabiano Nascimento Ferrão" and that defendants did

25 not sign the Stipulation.  (Opposition, pg. 8).  However, at this time in this litigation, counsel for

26 defendants was in the process of being substituted out as counsel of record and ultimately signed

27 Substitutions commencing on May 8, 2008. (*See*, Kaminski Declaration ¶11 and Exhibit "C"

28 attached thereto.)

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05713.00:145815               5
**Reply in Support of Defendants' Motion
to Withdraw From Stipulation**       CASE NO. C07 06428 JF HRL

3.    **Plaintiff's Reference to "Paulo Peres" In Another Litigation Has Nothing to do With This Case and is Irrelevant**

Continuing her rampant misinformation to the Court, Plaintiff's Opposition goes on to discuss a Defendant named Paulo Peres in the *Fausto* case and the purported disappearance of Mr. Peres. First of all, Paulo Peres has absolutely nothing to do with the Motion to Withdraw from the Stipulation in the *Pintor* case. Again, Plaintiff's arguments are completely irrelevant, are unsupported, are erroneous, and should be disregarded by this Court. This is another example of plaintiff's attempt to raise arguments that have nothing to do with the facts or the matter at issue.

4.    **Plaintiff Has Made No Independent Effort to Locate Defendant Ferrão**

Plaintiff cannot claim that she will be prejudiced if Defendants' counsel withdraws as to Defendant Ferrao. Plaintiff's Opposition completely omits the fact that Defendants provided the last known address and employment records of Mr. Fabiano Nascimento Ferrão to Plaintiff in April 2008. Since this information was provided, Plaintiffs appear to have made no attempt to locate Mr. Ferrão. Any prejudice in this regard is of plaintiff's own making.

D.    **Defendants Have Acted In Good Faith And Plaintiff's Attempt To Create Some Kind of Conspiracy in Discovery is Unsupported and Specious**

Plaintiffs' Opposition glosses over the attempts of Defendants' counsel to comply with its discovery obligations in good faith, in an attempt to recast Defendants and their counsel as active participants in a discovery evasion "conspiracy." However, as shown below, nothing could be further from the truth.

1.    **Defendants Have Complied With Plaintiff's Discovery Requests And Plaintiff's Argument in this Regard is Irrelevant**

Plaintiff has received substantive responses from Defendants in response to Plaintiff's discovery requests, and have provided significant responsive information in their Initial Disclosures. Plaintiff's citation to *Steinbach v. Credigy*, U.S. Dist. LEXIS 20083,(E.D. KY 2006) (Opposition, pg. 9) is not relevant, as that case involved the alleged failure of Defendants to provide substantive responses or provide reasons why. Further, this argument has also absolutely nothing to do with the Motion to Withdraw. In this case, Defendants have provided responses to

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1    the extent possible, and have consistently updated Plaintiff as their discovery efforts.

2    **2.    Defendants' Discovery of the Identity of Mark Doe Resulted from Extensive**

3    **Investigation**

4    If, as Plaintiff asserts, Defendants sought to conceal the identity of Mark Doe, Defendants

5    would have never discovered that "Fabiano Nascimento Ferrão" was the correct Mark Doe at issue.

6    Although Defendants initially believed that "Mark De Luca Ferrão" was Mark Doe, Defendants

7    maintained their search for the correct Defendant Mark Doe.  When Defendants discovered that

8    Mark De Luca Ferrão was not the correct Defendant in question, Defendants' counsel promptly

9    informed Plaintiff's counsel of that fact in or about late April, 2008. (*See*, Kaminski Decl., ¶10.)

10    Defendants have steadfastly worked to progress this case.  However, at this point in time,

11    it is not practical for Defendants' counsel to attempt to represent the wrong party to this action or

12    to represent Fabiano Nascimento Ferrão, a former Credigy Brazil employee over whom Credigy

13    has no authority or control.  Therefore this Court should grant Defendants' Motion.

14    **3.    Plaintiff's Cited Authorities Are Irrelevant to This Case**

15    The authorities plaintiff cites to support her Opposition (Opposition, pg. 9) are *not* relevant

16    and should be disregarded.

17    As an example, Plaintiff cites *Schnall v. Annuity & Life Re (Holdings), Ltd.* (D. Conn.

18    2007) 2007 U.S. Dist. LEXIS 74918.  That case involved the withdrawal of counsel for lead

19    plaintiff in a class action.  The counsel in that case seeking to withdraw did not allege inability to

20    obtain contact with its clients, but simply that financially, continued representation did not make

21    sense because it had settled with the co-defendant.  The *Schnall* court also noted that counsel had

22    waited over *two years* to file the Motion to withdraw.  Plaintiff's citation to *Goldman v. Alhadeff*

23    (W.D. Wash. 1990) 131 F.R.D. 188, 190 merely involved the request of a plaintiff to withdraw as

24    class plaintiff until a  motion for sanctions against plaintiff was resolved.

25    Both of these cases have absolutely nothing to do with Defendants' request to withdraw

26    from a Stipulation regarding a foreign national over whom defendant has no authority or control.

27    Further, defendants moved promptly and notified plaintiff immediately as to the problems

28    regarding Mark De Luca Ferrão. (*See*, Kaminski Decl., ¶¶8-10.)

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

E.    **Plaintiff's Request to Continue the hearing on the Motion to Withdraw and Bar "Ferrão" From Testifying Should be Disregarded**

Again, relying on the irrelevant Fausto case, Plaintiff requests that the Court continue Defendants' motion to withdraw until the discovery deadline in this case. (Opposition, pg. 2) First, there is absolutely no basis to continue the Motion since continuing the Motion will not somehow cause a purported Brazilian foreign national, over whom defendants have no authority or control, to somehow suddenly appear in this case. In addition, the continuance of a motion in the *Fausto* case has absolutely nothing to do with a continuance in this case. Moreover, the Court in *Fausto* continued its hearing due to the unavailability of the Judge, not with reference to any discovery deadline. (Se, Kaminski Decl., ¶14.)

Plaintiff's request that Fabiano Nascimento Ferrão be barred from testifying in this case pursuant to *Stover v. Northland Group, Inc.*, 2007 U.S. Dist. LEXIS 49029 (W.D.N.Y. July 6, 2007) (Opposition, pg. 10) and F.R.C.P. 37 (Opposition, pg. 2) is nonsensical. The *Stover* decision and Rule 37 contemplates preclusion of a witness not disclosed in discovery absent substantial justification. Those issues are not relevant here.

F.    **Conclusion**

Defendants' entire Motion is predicated on the fact that at the time the subject Stipulation was entered, the parties stipulated to appear on behalf of the wrong defendant over whom defendants have no authority or control. This constitutes substantial justification that Ferrão not be barred from testifying later in this litigation. Therefore, in order to avoid prejudice to the correct Defendant Ferrão, Defendants' Motion should be granted.

DATED: July 11, 2008                           CARLSON & MESSER LLP


                                               By: /s/ David J. Kaminski
                                               David J. Kaminski, Esq.
                                               Stephen A. Watkins, Esq.
                                               Attorneys for Defendant,
                                               MARK DOE

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

## DECLARATION OF DAVID J. KAMINSKI

I, David J. Kaminski, declare as follows:

1.    I am an attorney at law, licensed to practice before all of the courts of the State of California and a member of the law firm of Carlson & Messer LLP, *former* attorneys of record for CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC, and BRETT BOYDE ("Defendants") in the above-captioned action brought by MARTHA VASQUEZ PINTOR (Plaintiff).

2.    The facts set forth herein are true to my own personal knowledge, and if called upon, and sworn as a witness, I could and would competently testify thereto.

3.    A true and correct copy of the Stipulation Regarding Service on Certain Individual Defendants is attached hereto as Exhibit "A". As set forth in the Stipulation, Defendant agreed to stipulate to accept service on behalf of defendant Mark De Luca Ferrão aka Mark Doe.

4.    I entered into the subject Stipulation attached to Exhibit "A" based upon Credigy's representation to me that Credigy will secure Mark De Luca Ferrão's participation in this lawsuit and that I should enter into the subject Stipulation to represent him.

5.    Mark De Luca Ferrão was a former employee of Credigy Solucoes Financeiras Limitada ("Credigy Brazil").

6.    I am informed and believe that Mark De Luca Ferrão is a Brazilian national and does not reside in the United States.

7.    After entering into the subject Stipulation, I was informed by Credigy that they were unable to locate Mark De Luca Ferrão and that they could not secure his participation in this case.

8.    On March 28, 2008, I wrote a letter to plaintiff's counsel Ronald Wilcox, via e-mail, and informed him that although Credigy entered into a Stipulation to accept service on behalf of Mark De Luca Ferrão, Credigy could not locate this individual and therefore could not secure his participation in this case. We informed plaintiff that in light of this, we have to "retract" the Stipulation to accept service on Mark De Luca Ferrão's behalf. I also informed plaintiff that defendants would "gladly" stipulate to an extension of time for [plaintiffs] to serve this individual." A true and correct copy of this letter is attached hereto as Exhibit "B").

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

9.    In or about mid-late April 2008, I was informed by Credigy that "Mark De Luca Ferrão" was not the correct person to be named as "Mark Doe". I was informed by Credigy that the correct Ferrão in this case was "Fabiano Nascimento Ferrão".

10.    In late April 2008, I contacted plaintiff's counsel regarding the fact Mark De Luca Ferrão was *not* the correct defendant in this case but that the correct defendant was Fabiano Nascimento Ferrão.

11.    In or about late April, 2008, Credigy sought to substitute my office out of this case and to retain local counsel in the San Jose area. In this regard, on May 8, 2008, I signed Substitutions of Attorney forms which was signed by Credigy on May 12, 2008. I substituted out as counsel of record for all of the Credigy defendants and defendant Brett Boyde. A true and correct copy of one of the Substitutions of Attorney forms pertaining to defendant Credigy Services Corporation is attached hereto as Exhibit "C".

12.    In or about late April 2008, I am informed and believe that defendants provided plaintiff with the last known contact information pertaining to "Fabiano Nascimento Ferrão" .

13.    I have provided telephone information and contact information to the extent it was available made available by Credigy Services Corporation, Credigy Receivables Inc., Credigy Solutions Inc. ("Credigy") in both the Fausto case and the instant action. I have not concealed information in either case.

14.    The Court in the Fausto case continued the hearing on Defendants' counsel motion to withdraw due to the availability of the Judge, not with reference to any discovery deadline.

15.    In Ronald Wilcox's e-mail to me dated April 9, 2008, he was discussing the depositions of the various Brazilian personnel involved in this case. He acknowledged that he agreed with my assessment that based upon the Brazilian parties and non-parties involved in this case, this case was "extraordinary complicated." A true and correct of Mr. Wilcox's April 9, 2008 e-mail is attached hereto as Exhibit "D".

/ / /

/ / /

/ / /

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**Reply in Support of Defendants' Motion
to Withdraw From Stipulation**                    CASE NO. C07 06428 JF HRL

1        I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.

3        Executed this 10th day of July 2008, at Los Angeles, California.

4

5                /s/ David J. Kaminski

            David J. Kaminski, Esq.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05713.00:145815

11

**Reply in Support of Defendants' Motion**
**to Withdraw From Stipulation**

CASE NO. C07 06428 JF HRL

EXHIBIT A

Ronald Wilcox SBN 176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San José, CA 95126-1001
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: ronaldwilcox@yahoo.com

Balám O. Letona SBN 229642
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Tel: (831) 421-0200
Fax: (831) 621-9659
Email: letonalaw@gmail.com

**Attorney for Plaintiffs**

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL G. FAUSTO, AND LUZ FAUSTO,<br>Plaintiffs,<br><br>v.<br><br>CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., RYAN MILLER, RICARDO VENTURA, BRETT BOYDE, PAULO PERES, THOMPSON, and DOES 1-10, inclusive,<br>Defendant(s). | Case# 07-05658 JW RS<br><br><br>**STIPULATION REGARDING SERVICE ON CERTAIN INDIVIDUAL DEFENDANTS** |
| MARTHA VASQUEZ PINTOR,<br>Plaintiffs,<br><br>v.<br><br>CREDIGY SERVICES CORPORATION, CREDIGY RECEIVABLES INC., CREDIGY SOLUTIONS INC., BRETT BOYDE, MARK DOE and DOES 1-10, inclusive,<br>Defendant(s). | Case# 07-06428 JF HRL |

**STIPULATION REGARDING SERVICE ON CERTAIN INDIVIDUAL DEFEDANTS**
Page 1

1

2        David Kaminski, Counsel for Credigy Services Corp., Credigy Receivables, Inc., and

3    Credigy Solutions, Inc. agrees to accept service on March 14, 2008, via fax of the Summons and

4    Complaint on behalf of defendants RG Oncalve ("Thompson", as named in the *Fausto v. Credigy*

5    *et al.*, complaint), Ricardo Ventura as named in the *Fausto v. Credigy et al.*, complaint, and Mark

6    De Luca Ferrao ("Mark Doe" as named in the *Pintor v. Credigy et al.*, complaint).

7        Additionally, Mr. Kaminski has already accepted fax service for Paulo Peres, Luis Renato

8    Silva Nunez (a.k.a Ryan Miller), in the *Fausto v. Credigy et al.*, matter, and will answer on their

9    behalf, as well as Brett Boyde (who was personally served), in both the *Fausto v. Credigy et* al.

     matter, and *Pintor v. Credigy, et al.*, matter.

10       The six individual defendants above shall answer the complaints by March 28, 2008.

11

12   DATED: 3/14/08 _____

13                                Ronald Wilcox, Counsel for Plaintiffs

14   DATED: _____

15                                David Kaminski, Counsel for Defendants
     Credigy Solutions, Inc., Credigy Receivables,
16   Inc. and Credigy Service Corp., RG Olcave
     (a.k.a Thompson), Ricardo Ventura, Mark De
17   Luca Ferrao (a.k.a Mark Doe), Brett Boyde,
     Paulo Peres, Luis Renato Silva Nunez (a.k.a
18   Ryan Miller

19

20

21

22

23

24

25

26

    **STIPULATION REGARDING SERVICE ON CERTAIN INDIVIDUAL DEFEDANTS**
                                      Page 2

**EXHIBIT B**

CARLSON & MESSER LLP

LAWYERS

JEFFERY J. CARLSON
CHARLES R. MESSER
DAVID J. KAMINSKI
LARISSA G. NEFULDA
EDGAR N. DE VERA
J. GRACE FELIPE
MARTIN SOHANNONG
STEPHEN A. WATKINS
MICHAEL P. LAVIGNE

5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045
TELEPHONE (310) 242-2200
FAX (310) 242-2222
WWW.CMTLAW.COM
E-MAIL: CMT@CMTLAW.COM

OF COUNSEL

JOSEPH R. ZAMORA *
JEANNE L. ZIMMER
W. MICHAEL HARTMAN

*CERTIFIED APPELLATE
LAW SPECIALIST
THE STATE BAR OF
CALIFORNIA
BOARD OF LEGAL
SPECIALIZATION

March 28, 2008

**VIA E-Mail**
Ronald Wilcox, Esq.
2160 The Alameda
First Floor, Suite F
San Jose, CA 95126

      Re:   <u>Martha Vasquez Pintor v. Credigy Services Corporation; Credigy Receivables Inc.;</u>
            <u>Credigy Solutions Inc.; Brett Boyde, Mark Doe and Does 1-10, inclusive</u>
            Insured:  Credigy Receivables Inc.
            Our file no.: 05713.00

Dear Ron:

      As you know, we previously entered into a Stipulation wherein Credigy agreed to accept service on behalf of Defendants Brett Boyde and Mark deLuca Ferrao (aka, Mark Doe).

      As you may recall, Mark deLuca Ferrao (aka,"Mark Doe") was a former Credigy employee and he no longer works for Credigy.  Credigy entered into the subject Stipulation with Plaintiff in an effort to help plaintiff resolve the service of process issues with respect to this former Credigy employee and to help move the case forward since the former employee is located in Brazil.  We have attempted to locate this former employee but as of yet we are unsuccessful.  In light of this, we have to retract our Stipulation to accept service on his behalf and serve an Answer on his behalf.  Since we have not been able to contact him, we have not been able to obtain authority to accept service on his behalf.

      With regard to your attempt to serve Mark deLuca Ferrao, we will gladly stipulate to an extension of time for you to serve this individual.

      We are in the process of obtaining Mr. Ferrao's last known address, and we will provide it to you as soon as possible.

      We apologize for any inconvenience this may have caused.  Thank you for your understanding.

      Very truly yours,

      David J. Kaminski
      CARLSON & MESSER LLP

DJK:sv

cc:   Balam O. Latona (via e-mail).
      Stephen A. Watkins, Esq.

05713.00:143164

**From:**      Susan Vigil
**To:**        ronaldwilcox@mac.com
**Date:**      3/28/2008 5:39 pm
**Subject:**   Pintor v. Credigy Services Corporation, etc./Our File no.: 05713.00

**CC:**        David J. Kaminski;  letonalaw@gmail.com;  Steph...
Dear Mr. Wilcox:

Attached please find correspondence from David J. Kaminski dated March 28, 2008.  If you have any questions, please call David Kaminski.  His direct dial is (310) 242-2204.


Sue A. Vigil, Legal Assistant to
David J. Kaminski
CARLSON & MESSER LLP
Tel: (310) 242-2200
Fax: (310) 242-2222
E-Mail address: VigilS@cmtlaw.com

EXHIBIT C

David J. Kaminski (SBN: 128509
CARLSON & MESSER LLP
5959 W. Century Blvd., Ste. 1214
Los Angeles, CA 90045
Tel:  (310) 242-2200
Fax:  (310) 242-2222

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

MARTHA VASQUEZ PINTOR

|  | CASE NUMBER: |
|---|---|
|  | C07-06428 JF HRL |

Plaintiff(s)

v.

CREDIGY SERVICES CORPORATION; CREDIGY
RECEIVABLES INC.; CREDIGY SOLUTIONS INC.; BRETT
BOYDE; MARK DOES and DOES 1-10, inclusive

**SUBSTITUTION OF ATTORNEY**

Defendant(s)

CREDIGY SERVICES CORPORATION _____   [ ] Plaintiff  [X] Defendant  [ ] Other _____
_Name of Party_

hereby substitutes  SIMMONDS & NARITA LLP _____  who is

[X] Retained Counsel    [ ] Court Appointed Counsel    [ ] Pro Per   44 Montgomery Street, Ste. 3010
_Street Address_

San Francisco, CA 94104    415-283-1000    415-352-2625    156576
_City, State, Zip Code_      _Telephone Number_   _Facsimile Number_   _State Bar Number_

as attorney of record in the place and stead of  CARLSON & MESSER LLP _____
_Present Attorney_

Dated: May 12, 2008 _____          _____
_Signature of Party_

I have given proper notice pursuant to Local Rule 83-2.9.2 and further consent to the above substitution.

Dated: May 8, 2008 _____          _____
_Signature of Present Attorney_

David J. Kaminski

I am duly admitted to practice in this District pursuant to Local Rule 83-2.8.

Dated: May 15, 2008 _____          _____
_Signature of New Attorney_

Tomio Narita

Substitution of Attorney is hereby   [ ] Approved.   [ ] Denied.

Dated: _____          _____
**United States District Judge / Magistrate Judge**

NOTICE TO COUNSEL:  _If you are currently enrolled in the Optical Scanning Program and have changed your facsimile number or e-mail address since your enrollment, you must complete an Enrollment/Update Form G-76 to ensure that documents are served at the proper facsimile number or e-mail address.  This form, as well as information about the Optical Scanning Program, is available on the Court's website at www.cacd.uscourts.gov._

SUBSTITUTION OF ATTORNEY

G-01 (08/02)                                                                                          G01

**EXHIBIT D**

| | |
|---|---|
| **From:** | Ronald Wilcox <ronaldwilcox@mac.com> |
| **To:** | "David J. Kaminski" <KAMINSKD@cmtlaw.com> |
| **Date:** | 4/9/2008 10:39 am |
| **Subject:** | Fausto v. Credigy, Depositions, Written Discovery |
| **CC:** | Balam Letona <letonalaw@gmail.com> |

Dear David,

1. DEFENDANTS' DEPOSITIONS

When we met and conferred about this case I asked whether the individual Defendants wanted to conduct their depositions in Brazil or the U.S.  Defendants did not provide the information sought.  On April 1, 2008 I then wrote you in an attempt to obtain Defendants' available deposition dates and schedule Defendants' depositions.  I emphasized the Court's strict scheduling order.  Defendants did not provide the information sought.  On Friday, April 4, 2008 Plaintiffs noticed certain individual Defendants' depositions.  I understand you have voiced an objection to the depositions, but have not sought any order from the court.  Furthermore, Plaintiffs are concerned that you signed a stipulation agreeing to represent and Answer for Ricardo Ventura and Thompson (Rita Goncaves), which the Court relied on in taking a motion off calendar, but  now claim you will not represent them, and will not produce for depositions.

Simply put, Plaintiffs seek to proceed in an efficient and orderly manner.  Fortunately, the F.R.C.P. provides the litigants certain rules to insure that.  If Defendants have some specific alternative to offer, including a designation of the time and place, then please promptly provide such for Plaintiffs' consideration.  Otherwise, the F.R.C.P. indicates depositions proceed absent an order from the court.

2. PLAINTIFFS' DEPOSITIONS

On April 2, 2008 you indicated, for the first time, you would like to take the depositions of the Plaintiffs.  However, you insisted these occur before the Mediation set for April 23, 2008, and before the requested and noticed depositions of the defendants mentioned above. As you know, Defendants were unable to commit to a Mediation date during our mandatory Pre-Mediation phone call, requiring the parties, and Mediator, to hold several follow-up phone calls to resolve the Defendants' inadequacy.  During such conversations you and I recognized the only possible dates we had available were those selected in late April.  Thus, you are aware that neither of our schedules allow for the taking of the Plaintiffs' depositions before the mediation.

Furthermore, refusing to respond to Plaintiffs' attempt to obtain Defendants' available deposition dates, and then demanding (in the same communication) immediate depositions of the Plaintiffs, is not appropriate.  Of course, it is well understood, "Playing games: with deposition sequence is a poor tactic.  It undermines professionalism and may violate local court rules (see above).  Equally important, it

is sure to raise the antagaonism level in the case, making further proceedings more costly and settlement more difficult!" Civil Procedure Before Trial, Weil & Brown, The Rutter Group ("TRG")[TRG 8:498].  Furthermore, "Even in the absence of statutory authority or rule, many judges prefer depositons to be taken and completed in the order noticed.  Protective orders (see below) may be granted to prevent a party from unilaterally altering the sequence of depositions (e.g., by obtaining a continuance of his or her depositions and then noticing the deposition of the opponent). [See Young v. Rosenthal, 212 C.A.2d 3d 96, 106, 260 C.R.D. 363, 374, fn. 10] [TRG 8:497].

We are happy to agree to a deposition schedule which follows the sequence of when the depositions were noticed.  Furthermore, we agree with your assessment that this case is extraordinarily complicated.  Thus, we should work together, and within the F.R.C.P. to insure it moves forward in an efficient and timely manner.  You are welcome to call me so we can try to cooperate on these matters.


3. WRITTEN DISCOVERY

Finally, after several meet and confer sessions you and I agreed on responding to discovery on shortened time, so that the parties would have the discovery they needed for a fruitful Mediation.  We then reduced our agreement to writing.  You have since indicated an unwillingness to abide by our agreement.  Plaintiffs expect Defendants to honor the written agreement entered into, but are happy to discuss the matter.

Sincerely,

Ron


Ronald Wilcox
Attorney at Law
2160 The Alameda, First Floor
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@mac.com