**E-Filed 8/8/2008**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MARTHA VASQUEZ PINTOR,<br><br>    Plaintiff,<br><br>  v.<br><br>CREDIGY SERVICES CORPORATION; CREDIGY RECEIVABLES INC.; CREDIGY SOLUTIONS INC.; BRETT BOYDE; MARK DOE and DOES 1-10, inclusive,<br><br>    Defendants. | Case Number C 07-6428<br><br>ORDER[1] GRANTING MOTION TO WITHDRAW FROM STIPULATION<br><br>[re: docket no. 21] |

## I.  BACKGROUND

Plaintiff Martha Pintor ("Pintor") brings this action against Defendants Credigy Services Corporation, Credigy Receivable Inc., Credigy Solutions Inc. (collectively, "Credigy"), Bret Boyde, Mark Doe and Does 1-10 alleging unlawful debt collection practices. Pintor alleges that many of the telephone calls giving rise to this action originated in Brazil, where Mark Doe allegedly was employed at the time Pintor filed her First Amended Complaint.

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 07-6428
ORDER GRANTING MOTION TO WITHDRAW FROM STIPULATION
(JFLC1)

On March 13, 2008, defense counsel signed a stipulation stating that he represented Mark Doe and would accept service on Doe's behalf. Defense counsel claims that at that time counsel believed that the true name of Mark Doe was Mark Luca Ferrao. On May 19, 2008, defense counsel moved to withdraw that stipulation on the basis that in April 2008 he become aware that the person sued as Mark Doe in fact was Fabiano Nascimento Ferrao. Fabiano Ferrao is a former employee of Credigy who has not been located. For the reasons set forth below, the motion will be granted.

## II. LEGAL STANDARD

"As long as a district court has jurisdiction over [a] case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882, 884 (9th Cir. 2001). In deciding whether to modify a pre-trial order issued pursuant to Rule 16, the Ninth Circuit has utilized the following factors: prejudice to the movant should the court deny modification, prejudice to the non-movant resulting from modification, impact of modification n orderly conduct of the case, and the degree of wilfulness, bad faith or excusable neglect on the part of the movant. *See United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981). Although the stipulation at issue in the instant case is not a Rule 16 pre-trial order, these factors provide a useful framework for determining whether the withdrawal of stipulation should be permitted.

## III. DISCUSSION

1. Good Faith

Pintor appears to suggest that defense counsel has not acted in good faith because counsel violated the duty to be honest and candid with the Court[2] by:(1) indicating that he could represent Mark Doe by signing the stipulation; (2) creating the impression that he had obtained the informed written consent necessary to represent both Credigy and individual defendants; and (3)

---

[2] California Rules of Professional conduct Rule 5-200 provides, in relevant part: "[i]n presenting a matter to a tribunal, am member . . . [s]hall not seek to mislead the judge, judicial officer, or jury by an artifice or false statement of fact . . ."

1  concealing, to this date, Mark Doe's last known telephone number and address. Counsel
2  explains that he entered into the stipulation in the interest of moving the case forward based on
3  his client's assurances that he would be able to contact the person sued as Mark Doe and secure
4  his cooperation. Counsel also claims to have provided Fabiano Ferrao's last known address and
5  employment records to Pintor in April 2008.[3]

6      Pintor also implies that the Court should conclude that defense counsel is acting in bad
7  faith because Defendants have refused to disclose Doe's contact information in another matter
8  that is currently pending before Judge Ware, *Fausto v. Credigy*, No. 07-05658 JW.
9  Pintor contends that this Court should "follow the lead of the Hon[orable] James Ware," and
10 continue the motion to withdraw until the discovery deadline has passed in order to provide the
11 opportunity for Fabiano to appear at his duly noticed deposition.[4] Defense counsel suggests that
12 Judge Ware continued proceedings in the *Fausto* matter not for the reasons suggested by Pintor
13 but rather to accommodate his own vacation schedule.[5] Defense counsel also points out correctly
14 that the issues involved in *Fausto* have no bearing on this Court's assessment of bad faith in the
15 instant case. It appears from the record that in this case defense counsel has acted diligently to
16 identify the correct "Mark Doe." The record also reflects that when counsel discovered that his
17 initial error, he promptly informed Pintor's counsel. *See* Kaminski Decl. ¶ 10.

18     2.    Prejudice

19     Defense counsel clearly has not obtained the consent necessary to represent Fabiano
20 Ferrao. Allowing the stipulation to stand would subject a defendant to potential liability in a case

---

[3] Defense counsel also suggests that Pintor has made no effort to locate Fabiano Ferrao and that any prejudice in this regard thus is of Pintor's own making.

[4] Citing *Stover v. Northland*, 2007 U.S. Dist. LEXIS 49029 (W.D. NY 2007), Pintor also argues that if Fabiano Nascimento Ferrao does not appear he should be barred from testifying as a witness in this case. The Court need not reach that issue at this time; however, the facts of *Stover* are inapposite.

[5] Although Judge Ware's motivation for granting a continuance is not determinative in the present case, the Court notes that the notice of continuance was filed by Judge Ware's clerk two days after the motion to withdraw was filed, making Pintor's explanation extremely unlikely.

1  in which he has not been served with process.  Pintor would suffer no substantive prejudice from
2  withdrawal of the stipulation.  Nonetheless, Pintor contends that she has been prejudiced because
3  defense counsel has refused to stipulate to naming "Fabiano Ferrao" as a defendant in this action.
4  While the Court understands that counsel has no authority to act on behalf of Fabiano Ferrao,
5  there is no reason why the proposed amendment should not be permitted.  Accordingly, the Court
6  will grant defense counsel's request to withdraw from the stipulation on the condition that PIntor
7  be permitted to substitute "Fabiano Nascimento Ferrao" for "Mark Doe" as a named defendant.

## IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion with draw the stipulation is GRANTED.

DATED: August 8, 2008.

_____
JEREMY FOGEL
United States District Judge

1 | This Order has been served upon the following persons:

2

3 | Balam Osberto Letona        letonalaw@gmail.com

4 | David Humphres             david@hwh-law.com

5 | Lucius James Walker   luke@hwh-law.com

6 | Ronald Wilcox        ronaldwilcox@post.harvard.edu

7 | Tomio Buck Narita    tnarita@snllp.com

8 | David J. Kaminski    kaminskd@cmtlaw.com

9 | Jeffrey Topor   jtopor@snllp.com

5

Case No. C 07-6428
ORDER GRANTING MOTION TO WITHDRAW FROM STIPULATION
(JFLC1)