TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendants and
Cross-Complainant Credigy Services
Corporation, and for Defendants
Credigy Receivables, Inc. and
Credigy Solutions, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTHA VASQUEZ PINTOR,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIGY SERVICES CORPORATION, *et al*.<br><br>Defendants.<br>──────────────────────<br><br>CREDIGY SERVICES CORPORATION,<br><br>Cross-Complainant,<br><br>vs.<br><br>MARTHA V. PINTOR and ROES 1 through 25,<br><br>Cross-Defendants.<br>──────────────────────  | CASE NO.: C 07 06428 JF HRL<br><br>**DECLARATION OF TOMIO B. NARITA IN SUPPORT OF MOTION OF DEFENDANT CREDIGY SERVICES CORPORATION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING ASSERTING COUNTERCLAIM**<br><br>Date:    September 26, 2008<br>Time:    9:00 a.m.<br>Ctrm:    3 (Fifth Floor)<br><br>The Honorable Jeremy Fogel |

I, Tomio B. Narita, declare:

1.    I am an attorney duly licensed to practice in this district court and before all courts of the State of California.  I am a partner of Simmonds & Narita LLP, counsel for defendants Credigy Services Corporation ("CSC"), Credigy Receivables Inc. and Credigy Solutions Inc.  I make this declaration in support of the Motion of Defendant Credigy Services Corporation for Leave to File Supplemental Pleadings Asserting Counterclaim.  I have personal knowledge of the facts set forth below, and if called as a witness, I could and would testify competently thereto.

2.    On May 13, 2008, I sent a letter to counsel for Plaintiff, Ronald Wilcox requesting that he counsel provide my office "with information concerning any tape recordings of employees of Credigy that are in your possession or in your client's possession," as well as "copies of those tapes."  A true and correct copy of that letter is attached hereto as **Exhibit A**.

3.    On July 7, 2008, counsel for Plaintiff, Balam Letona, produced a cassette tape containing some recordings.  A true and correct copy of Mr. Letona's letter enclosing the cassette tape is attached hereto as **Exhibit B**.

4.    Included on the tape produced by Plaintiff were three conversations allegedly between Plaintiff and CSC employees.  The conversations were in Spanish and have been translated to English and reveal that Plaintiff (or others present during the conversation) never informed the CSC employees that she was recording the conversations.  The conversations also reveal that neither CSC nor its employees ever consented to the recording of the conversations.

5.    Because more than twenty days had elapsed since CSC had filed its Answer, on July 22, 2008, I contacted all counsel for Plaintiff and requested that Plaintiff stipulate to CSC filing a counterclaim.  A true and correct copy of my

1  email is attached hereto as **Exhibit C**.  Plaintiff refused to stipulate to the filing of

2  the counterclaim.

3          6.       Attached hereto as **Exhibit D** is a true and correct copy of the

4  Counterclaim for Violation of California Penal Code § 632 which CSC seeks leave

5  to file.

6          I declare under penalty of perjury that the foregoing is true and correct.

7  Executed at San Francisco, California, on this 18th day of August, 2008.

8

9                                        s/Tomio B. Narita
                                    _____
10                                       Tomio B. Narita

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

# SIMMONDS & NARITA LLP

ATTORNEYS AT LAW
44 MONTGOMERY STREET, SUITE 3010
SAN FRANCISCO, CALIFORNIA 94104-4811
TELEPHONE (415) 283-1000
FAX (415) 352-2625
www.snllp.com

TOMIO B. NARITA
DIRECT DIAL (415) 283-1010
EMAIL tnarita@snllp.com

May 13, 2008

VIA FACSIMILE

Ronald Wilcox, Esq.
Law Offices of Ronald Wilcox
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126

> Re:    *Martha Vasquez Pintor v. Credigy Services Corporation et. al.*
> Northern District of California, Case No. 07-6428 JF

Dear Ron:

My office recently appeared in this case for defendants Credigy Receivables, Inc. and Credigy Solutions, Inc., and a substitution of counsel form is being prepared at this time for me to appear for Credigy Services Corporation (collectively, "Credigy"). With this letter, I ask that you promptly provide my office with information concerning any tape recordings of employees of Credigy that are in your possession or in your client's possession. I also request that you promptly provide me with copies of those tapes, or that you make those tapes available for inspection by my office. Please consider this letter to be a part of Credigy's effort to meet and confer with plaintiff on this subject, consistent with the Federal Rules of Civil Procedure and the Local Rules, prior to an anticipated motion to compel or for protective order.

The First Amended Complaint in this case alleges, *inter alia*, that your client received abusive collection calls from employees of Credigy. I understand that plaintiff contends that she has tape recordings of certain of those alleged calls. It is unclear to me at this point whether or not certain of the recordings are of live telephone calls, while other recordings were obtained from messages left on the plaintiff's voice mail machine. To date, you have refused to produce copies of the recordings or any substantive information about them. For the reasons set forth in this letter, I ask that you reconsider this position, and that you provide the tapes to me without the need for any motion practice.

SIMMONDS & NARITA LLP

Ronald Wilcox, Esq.
May 13, 2008
Page 2

　　　Plaintiff apparently relies upon the decision in *Renteria v. Collectcorp*, 2005 WL
4019338 (N.D. Cal. Oct. 26, 2005) as the basis for refusing to produce tapes of any live
phone calls, but *Renteria* does not support this position.  In *Renteria*, all of the alleged
recordings were left on the debtor's voice mail machine.  *See* 2005 WL 4019338, *1
("Plaintiff has audiotapes of defendants' telephone messages which she says were recorded
on her answering machine.").  Thus, the defendant's collectors in *Renteria* had obviously
consented to the recordings when they left the messages.  The plaintiff in *Renteria*
represented to the Court that she intended to use the tapes for impeachment purposes only.
*Id.* at *2.  Thus, Magistrate Judge Howard Lloyd held in *Renteria* that if the recordings of
the calls were to be used solely for impeachment purposes, then the tapes need not be
turned over until after the depositions of the collectors.

　　　In this case, to my knowledge, plaintiff has not affirmatively represented that she
will use the tapes solely for purposes of impeachment.  More significantly, unlike *Renteria*,
it appears that plaintiff here may have recordings of live phone calls with the Credigy
collectors.  To my knowledge, Credigy and its collectors have never consented to having
their live calls recorded by plaintiffs.  Thus, unlike *Renteria*, any secret recordings of live
calls would not be admissible for any purpose, not even for impeachment purposes.  The
recordings were made by plaintiff in California.  California law prohibits the recording of
live phone calls unless all parties on the call consent to the taping.  As you know, "no
evidence obtained as a result of eavesdropping upon or recording a confidential
communication in violation of this section shall be admissible in any judicial,
administrative, legislative, or other proceeding."  *See* Cal. Penal Code §§ 632(a), 632(d).

　　　This is an extremely serious matter, and my clients have instructed me to
investigate it fully.  Section 637.2 of the California Penal Code provides that any person
injured by a recording made in violation of section 632 of that Code may bring a civil
action for three times the amount of any actual damages sustained, or up to $5000 for each
violation, whichever is greater.  *See* Cal. Penal Code § 637.2.  In addition, California courts
have held that a corporation has standing to assert a claim for violations of Penal Code 632
under section 637.2 of the Code, if the secret recordings were made of calls with the
corporation's employees.  *See Coulter v. Bank of America, NTSA*, 28 Cal. App. 4th 766
(1994) (affirming judgment for bank and its employees for $132,000 entered against
former employee who secretly taped colleagues in order to obtain evidence for his
wrongful termination case); *Ion Equipment Corp. v. Nelson*, 110 Cal. App. 3d 868 (1980)
(recognizing that corporation has standing to sue under Penal Code section 637.2: "The
purpose of the Invasion of Privacy chapter is to deter wrongful conduct. That purpose
could be easily circumvented if it were not an offense to eavesdrop upon or record
confidential communications of corporations. Since a corporation is considered a 'person'

SIMMONDS & NARITA LLP

Ronald Wilcox, Esq.
May 13, 2008
Page 3

which may be held liable for invasion of privacy pursuant to Penal Code section 632, subdivision (a), we believe the Legislature intended the words 'any person' stated in section 637.2, subdivision (a), to include corporations as well.").

Finally, even if the *Renteria* decision applies here, Credigy is still entitled to information from plaintiff about the tapes before any depositions of Credigy's collectors go forward. When he granted the protective order for plaintiffs in *Renteria*, Judge Lloyd directed the plaintiffs to provide detailed information about the recordings to the defendant before the depositions proceeded. *See Renteria*, 2005 WL 4019338, *2 (" However, before deposing any defendant, and no later than November 2, 2005, plaintiff shall disclose in writing to defendant with respect to each telephone message: (1) the telephone number receiving the message, (2) the date and time received, (3) the caller (if identified or known to plaintiff), and (4) the length (in seconds) of the message.").

Thus, at a minimum, Credigy is entitled to the information specified in the *Renteria* order with respect to each tape recording in plaintiff's possession. I ask that you provide this to me in writing within seven (7) days. In addition, for each recording, please indicate whether the call was a live call, or a voicemail message, and for the live calls, please specify whether plaintiff contends that all parties to the call were aware of and consented to the recording.

I look forward to your prompt response.

Very truly yours,

Tomio B. Narita

cc: David Kaminski, Esq.
    Jeff Lucas, Esq.

```
                TRANSMISSION VERIFICATION REPORT

                                         TIME  : 05/13/2008 13:00
                                         NAME  : SIMMONDS NARITA LLP
                                         FAX   : 415-352-2625
                                         TEL   :
                                         SER.# : BROL2J854532


        DATE,TIME              05/13  13:00
        FAX NO./NAME           14082960486
        DURATION               00:00:33
        PAGE(S)                03
        RESULT                 OK
        MODE                   STANDARD
                               ECM
```

# SIMMONDS & NARITA LLP

ATTORNEYS AT LAW
44 MONTGOMERY STREET, SUITE 3010
SAN FRANCISCO, CALIFORNIA 94104-4811
TELEPHONE (415) 283-1000
FAX (415) 352-2625
www.snllp.com

TOMIO B. NARITA
DIRECT DIAL (415) 283-1010
EMAIL tnarita@snllp.com

May 13, 2008

VIA FACSIMILE

Ronald Wilcox, Esq.
Law Offices of Ronald Wilcox
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126

Re:    *Martha Vasquez Pintor v. Credigy Services Corporation et. al.*
       Northern District of California, Case No. 07-6428 JF

Dear Ron:

My office recently appeared in this case for defendants Credigy Receivables, Inc.
and Credigy Solutions, Inc., and a substitution of counsel form is being prepared at this
time for me to appear for Credigy Services Corporation (collectively, "Credigy"). With
this letter, I ask that you promptly provide my office with information concerning any tape

Exhibit B

# LAW OFFICE OF BALAM O. LETONA

1347 Pacific Avenue, Suite 203
Santa Cruz, CA 95060-3940
Voice & Facsimile (831) 621-9659
letonalaw@gmail.com

July 7, 2008

Mr. Tomio Narita, Esq.
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104

Dear Mr. Narita,

Enclosed please find a cassette tape containing the recorded evidence in the *Martha Vasquez Pintor v. Credigy* matter.

Sincerely,

Balám O. Letona

Encl: as noted above
cc: Ronald Wilcox

Case Name:  *Martha Vasquez Pintor v. Credigy et.al.*
United States District Court, For the Northern District of California Case # C07-06428JF-HRL

**PROOF OF SERVICE BY MAIL**
**(C.C.P. §1013, 1013a(3))**

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF SANTA CRUZ )

      I am employed in the County of Santa Cruz, State of California.  I am over the age of 18 years and not a party to the within action; my business address is Law Office of Balám O. Letona, 1347 Pacific Avenue, Suite 203, Santa Cruz, CA 95060.

      On July 7, 2008, I served the foregoing document(s):

- RECORDED EVIDENCE: *Vasquez v. Credigy et.al.*

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed to each as follows:

Mr. Tomio Narita, Esq.
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104

**[X]    BY MAIL:** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the Untied States mail at Santa Cruz, California.

      Executed on July 7, 2008 at Santa Cruz, California.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

By:   *Alyssa Brocklesby* 
                      Alyssa Brocklesby

Exhibit C

**From:**           Tomio Narita
**Sent:**           Tuesday, July 22, 2008 2:01 PM
**To:**             ronaldwilcox@mac.com; Ronald Wilcox Esq. (Ronaldwilcox@post.harvard.edu);
                    letonalaw@gmail.com
**Cc:**             Tomio Narita; Jeffrey Topor; 'Ronald Wilcox Esq. (Ronaldwilcox@post.harvard.edu)';
                    Stephanie Schmitt
**Subject:**        Pintor - Cross-complaint
**Attachments:**    Cross-Complaint.pdf


Ron:

Please advise if your client will stipulate to the filing of the attached cross-complaint.  If we do not hear from
you before the end of the week, we will assume the answer is no and we will file a motion for leave to file it.

Thank you.

Tomio B. Narita
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, California  94104
Direct line (415) 283.1010
Mobile (415) 519.6093
Main Line (415) 283.1000
Fax (415) 352.2625
email:  tnarita@snllp.com
www.snllp.com

Exhibit D

1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:  (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6
   Attorneys for Defendants and Cross-Complainant
7  Credigy Services Corporation, and for Defendants
   Credigy Receivables, Inc. and
8  Credigy Solutions, Inc.

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12

13  MARTHA VASQUEZ PINTOR,          )  CASE NO.: C 07 06428 JF HRL
                                    )
14          Plaintiff,              )
                                    )
15      vs.                         )  **COUNTERCLAIM FOR**
                                    )  **VIOLATION OF CALIFORNIA**
16  CREDIGY SERVICES                )  **PENAL CODE § 632**
    CORPORATION, *et al*.           )
17                                  )
            Defendants.             )  **JURY TRIAL DEMANDED**
18  ────────────────────────────    )
                                    )
19  CREDIGY SERVICES                )
    CORPORATION,                    )
20                                  )
            Counterclaimant,        )
21                                  )
        vs.                         )
22                                  )
    MARTHA V. PINTOR and ROES 1     )
23  through 25,                     )
                                    )
24          Counterdefendants.      )
                                    )
25                                  )
                                    )
26  ────────────────────────────    )
27

28

PINTOR V. CREDIGY SERVICES CORP. ET AL. (CASE NO. C 07 06428 JF HRL)
COUNTERCLAIM

1    Defendant and counterclaimant CREDIGY SERVICES CORPORATION

2  ("CSC"), a Nevada Corporation, hereby alleges as follows:

3

4                              **THE PARTIES**

5    1.    CSC is a corporation organized and existing under the laws of the

6  State of Nevada, with its principal place of business located in Atlanta, Georgia.

7  During all times relevant to this action, CSC also maintained contractual

8  relationships by which it employed personnel located in offices in São Paulo,

9  Brazil.  Among its business activities, CSC attempts to collect past due financial

10  obligations on charged-off consumer accounts purchased by defendant Credigy

11  Receivables Inc.

12    2.    Plaintiff and counterdefendant MARTHA VASQUEZ PINTOR

13  ("Pintor") is an individual residing in Watsonville, California.

14    3.    CSC is ignorant of the true names and capacities of the

15  counterdefendants sued as ROES 1 through 25, inclusive, and therefore sues these

16  counterdefendants by such fictitious names.  CSC is informed and believes and

17  based thereon alleges, that each counterdefendant, including each fictitiously

18  named counterdefendant, encouraged, directly participated in, and/or ratified the

19  unlawful conduct described herein, and is responsible for the acts, occurrences and

20  injuries as alleged herein.  CSC will amend this countercomplaint to allege their

21  true names and capacities when ascertained.

22    4.    The term "Counterdefendants" as used herein shall mean Pintor and

23  Roes 1 through 25 collectively.

24

25                              **JURISDICTION**

26    5.    Jurisdiction of this Court arises under 28 U.S.C. § 1332 and

27  supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

28

1

**VENUE AND PARTIES**

2    6.    Venue in this judicial district is proper because the Pintor's complaint

3    against CSC is currently pending in this judicial district, and venue is proper under

4    28 U.S.C. § 1391(b), as Pintor resides in this district, and a substantial part of the

5    events or omissions giving rise to the claim occurred in this judicial district.

6

7    **FACTUAL ALLEGATIONS**

8    7.    Between December 2006 and during the year 2007, Pintor and CSC

9    employees had telephone conversations concerning a financial obligation owed to

10   defendant Credigy Receivables Inc.  Some of these conversations were initiated by

11   Pintor, while others were initiated by employees of CSC.  The CSC employees

12   believed in good faith that the debt was owed by Pintor, and that the conversations

13   with Pintor were covered by applicable laws concerning debt collection.  All of the

14   conversations were "confidential" within the meaning of section 632(c) of the

15   California Penal Code.

16   8.    On dates that are presently unknown to CSC, Pintor, while located in

17   the State of California, secretly recorded several of the telephone conversations,

18   without the consent of CSC or CSC's employees.

19   9.    On or about July 7, 2008, counsel for CSC was first provided copies

20   of the secretly recorded telephone conversations, which were produced in this

21   litigation by counsel for Pintor, Balam Letona.

22   10.    The tapes reveal that CSC and its employees were never informed

23   that the conversations were being recorded by Pintor.

24   11.    The tapes reveal that CSC and its employees were never informed

25   that the conversations were being recorded by Roes 1 through 25.

26   12.    Neither CSC nor its employees ever consented to the recording of the

27   conversations by Counterdefendants.

28

# FIRST CAUSE OF ACTION

## (Violation of Penal Code section 632)

13.     CSC realleges and incorporates by this reference each and every allegation in paragraphs 1 through 12 of this Countercomplaint as if fully stated herein.

14.     The Counterdefendants, and each of them, while located in the State of California, intentionally made secret recordings of telephone calls concerning confidential matters, without the knowledge or consent of the CSC employees who were parties to the call.

15.     The Counterdefendants' conduct violates section 632 of the California Penal Code.

16.     Section 637.2 of the California Penal Code section provides a civil remedy to CSC based upon the Counterdefendants' violation of California Penal Code section 632.

# PRAYER FOR RELIEF

Wherefore, CSC prays for relief as follows:

1.     For damages pursuant to California Penal Code sections 637.2(a)(1) and (2);

2.     For appropriate injunctive relief, prohibiting all Counterdefendants from making secret recordings of confidential telephone calls, pursuant to California Penal Code sections 637.2(b);

3.     For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5;

4.     For prejudgment interest as allowed by law;

5.     For costs of suit as allowed by law; and

6.     For such other and further relief as the Court may deem proper.

1    DATED:  August 18, 2008                    SIMMONDS & NARITA LLP
                                                TOMIO B. NARITA
2                                               JEFFREY A. TOPOR

3

4                                        By:   s/Tomio B. Narita
                                               Tomio B. Narita
5                                              Attorneys for Defendant and
                                               Countercomplainant Credigy Services
6                                              Corporation, and for Defendants
                                               Credigy Solutions Inc., Credigy
7                                              Receivables Inc.

8

9

10

11                         **<u>DEMAND FOR JURY TRIAL</u>**

12         PLEASE TAKE NOTICE that Countercomplainant Credigy Services

13   Corporation hereby demands a trial by jury of all triable issues of fact in the

14   above- captioned Counterclaim.

15

16   DATED:  August 18, 2008                    SIMMONDS & NARITA LLP
                                                TOMIO B. NARITA
17                                              JEFFREY A. TOPOR

18

19                                       By:   s/Tomio B. Narita
                                               Tomio B. Narita
20                                             Attorneys for Defendant and
                                               Countercomplainant Credigy Services
21                                             Corporation, and for Defendants
                                               Credigy Solutions Inc., Credigy
22                                             Receivables Inc.

23

24

25

26

27

28

PINTOR V. CREDIGY SERVICES CORP. ET AL. (CASE NO. C 07 06428 JF HRL)
COUNTERCLAIM                                                              4.