1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:   (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6  Attorneys for Defendants
   Credigy Services Corporation,
7  Credigy Receivables, Inc. and
   Credigy Solutions, Inc.

8

**\*ORDER E-FILED 8/25/2008\***

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

13  MARTHA VASQUEZ PINTOR,          )  CASE NO.: C 07 06428 JF HRL
                                    )
14        Plaintiff,                )
                                    )
15     vs.                         )
                                    )
16  CREDIGY SERVICES                )
    CORPORATION, CREDIGY            )  **AMENDED STIPULATION AND
17  RECEIVABLES INC., CREDIGY       )  [PROPOSED] PROTECTIVE
    SOLUTIONS INC., BRETT           )  ORDER**
18  BOYDE, MARK DOE and DOES        )
    1-10, inclusive,                )
19                                  )
                                    )
20        Defendants.               )
                                    )
21  ———————————————————  )

22

23

24

25

26

27

28

PINTOR V. CREDIGY SERVICES CORP., ET AL. (CASE NO. C 07 06428 JF HRL)
AMENDED [PROPOSED] PROTECTIVE ORDER

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  This Order does not confer blanket protections on all disclosures or responses to discovery and the protection that it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  This Protective Order, as set forth in Section 10, below, creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).  Counsel shall not designate discovery materials as "Confidential" without first making a good faith determination that protection is warranted.

2.4    "Highly Confidential - Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.  Counsel shall not designate discovery materials as "Highly Confidential" without first making a good faith determination that protection is warranted.

2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

2.8    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

2.9    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel: (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g. photocopying; videotaping; translating; class administration; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. This Court shall have jurisdiction to enforce the terms of this Order for a period of six months after final termination of the action.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the

1  material documents, items or communications for which protection is not

2  warranted are not swept unjustifiably withing the ambit of this Order.

3          Mass, indiscriminate, or routinized designations are prohibited.

4  Designations that are shown to be clearly unjustified, or that have been made for

5  an improper purpose (e.g. to unnecessarily encumber or retard the case

6  development process, or to impose unnecessary expenses and burdens on other

7  parties), expose the Designating Party to sanctions.

8          If it comes to a Party's or a non-party's attention that information or

9  items that it designated for protection do not quality for protection at all, or do not

10  quality for the level of protection initially asserted, that Party or non-party must

11  promptly notify all other parties that it is withdrawing the mistaken designation.

12          5.2    <u>Manner and Timing of Designations</u>: Except as otherwise

13  provided in this Order (see, e.g. second paragraph of section 5.2(a), below), or as

14  otherwise stipulated or ordered, material that qualifies for protection under this

15  Order must be clearly so designated before the material is disclosed or produced.

16          Designation in conformity with this Order requires:

17          (a) <u>for information in documentary form</u> (apart from transcripts

18  of depositions or other pretrial or trial proceedings), that the Producing Party affix

19  the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'

20  EYES ONLY" at the bottom of each page that contains protected material.  If only

21  a portion or portions of the material on a page qualifies for protection, the

22  Producing Party also must clearly identify the protected portion(s) (e.g., by making

23  appropriate markings in the margins) and must specify, for each portion, the level

24  of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

25  CONFIDENTIAL - ATTORNEYS' EYES ONLY").

26          A Party or non-party that makes original documents or

27  materials available for inspection need not designate them for protection until after

28

1  the inspecting Party has indicated which material it would like copied and

2  produced. During the inspection and before the designation, all of the material

3  made available for inspection shall be deemed "HIGHLY CONFIDENTIAL -

4  ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

5  document it wants copied and produced, the Producing Party must determine

6  which documents, or portions thereof, qualify for protection under this Order,

7  then, before producing the specified documents, the Producing Party must affix

8  the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

9  ATTORNEYS' EYES ONLY") at the bottom of each page that contains Protected

10  Material. If only a portion or portions of the material on a page qualifies for

11  protection, the Producing Party also must clearly identify the protected portion(s)

12  (e.g., by making appropriate markings in the margins) and must specify, for each

13  portion, the level of protection being asserted (either "CONFIDENTIAL" or

14  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

15          (b) for testimony given in deposition or in other pretrial or trial

16  proceedings, that the Party or non-party offering or sponsoring the testimony

17  identify on the record, before the close of the deposition, hearing, or other

18  proceeding, all protected testimony, and further specify any portions of the

19  testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

20  ONLY." When it is impractical to identify separately each portion of testimony

21  that is entitled to protection, and when it appears that substantial portions of the

22  testimony may qualify for protection, the Party or non-party that sponsors, offers,

23  or gives the testimony may invoke on the record (before the deposition or

24  proceeding is concluded) a right to have up to 20 days from the date of receipt of

25  the transcript to identify the specific portions of the testimony as to which

26  protection is sought and to specify that level of protection being asserted

27  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

28

1    ONLY"). Only those portions of the testimony that are appropriately designated

2    for protection within the 20 days shall be covered by the provisions of this

3    Protective Order.

4            Transcript pages containing Protected Material must be

5    separately bound by the court reporter, who must affix to the top of each such page

6    the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'

7    EYES ONLY," as instructed by the Party or non-party offering or sponsoring the

8    witness or presenting the testimony.

9            (c) <u>for information produced in some form other than</u>

10   <u>documentary, and for any other tangible items</u>, that the Producing Party affix in a

11   prominent place on the exterior of the container or containers in which the

12   information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

13   CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only portions of the

14   information or item warrant protection, the Producing Party, to the extent

15   practicable, shall identify the protected portions, specifying whether they qualify

16   as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

17           5.3    <u>Inadvertent Failures to Designate</u>: If timely corrected, an

18   inadvertent failure to designate qualified information or items as "Confidential" or

19   "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the

20   Designating Party's right to secure protection under this Order for such material.

21   If material is appropriately designated as "Confidential" or "Highly Confidential -

22   Attorneys' Eyes Only" after the material was initially produced, the Receiving

23   Party, on timely notification of the designation, must make reasonable efforts to

24   assure that the material is treated in accordance with the provisions of this Order.

25

26

27

28

1    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

2    6.1    <u>Timing of Challenges</u>: Unless a prompt challenge to a

3 Designating Party's confidentiality designation is necessary to avoid foreseeable

4 substantial unfairness, unnecessary economic burdens, or a later significant

5 disruption or delay of the litigation, a Party does not waive its right to challenge a

6 confidentiality designation by electing not to mount a challenge promptly after the

7 original designation is disclosed.

8    6.2    <u>Meet and Confer</u>: A Party that elects to initiate a challenge to a

9 Designating Party's confidentiality designation must do so in good faith and must

10 begin the process by conferring directly (in voice to voice dialogue; other forms of

11 communication are not sufficient) with counsel for the Designating Party.  In

12 conferring, the challenging Party must explain the basis for its belief that the

13 confidentiality designation was not proper and must give the Designating Party an

14 opportunity to review the designated material, to reconsider the circumstances,

15 and, if no change in designation is offered, to explain the basis for the chosen

16 designation.  A challenging Party may proceed to the next stage of the challenge

17 process only if it has engaged in this meet and confer process first.

18    6.3    <u>Judicial Intervention</u>: A party that elects to press a challenge to

19 a confidentiality designation after considering the justification offered by the

20 Designating Party may file and serve a motion under Civil Local Rule 7 (and in

21 compliance with Civil Local Rule 79-5, if applicable) that identifies the

22 challenged material and sets forth in detail the basis for the challenge.  Each such

23 motion must be accompanied by a competent declaration that affirms that the

24 movant has complied with the meet and confer requirements imposed in the

25 preceding paragraph and that sets forth with specificity the justification for the

26 confidentiality designation that was given by the Designating Party in the meet

27 and confer dialogue.

28

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has be terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for

1  this litigation and who signed the "Agreement to Be Bound by Protective Order"
2  (Exhibit A);

3          (c) experts (as defined in this Order) of the Receiving Party to
4  whom disclosure is reasonably necessary for this litigation and who have signed
5  the "Agreement to Be Bound by Protective Order" (Exhibit A);

6          (d) the Court and its personnel;

7          (e) court reporters, their staffs, and professional vendors to
8  whom disclosure is reasonably necessary for this litigation and who have signed
9  the "Agreement to Be Bound by Protective Order" (Exhibit A);

10          (f) during their depositions, witnesses in the action to whom
11  disclosure is reasonably necessary and who have signed the "Agreement to be
12  Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition
13  testimony or exhibits to depositions that reveal Protected Material must by
14  separately bound by the court reporter and may not be disclosed to anyone except
15  as permitted under this Protective Order.

16          (g) the author of the document or the original source of the
17  information.

18      7.3    Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS'
19  EYES ONLY" Information or Items. Unless otherwise ordered by the court or
20  permitted in writing by the Designating Party, a Receiving Party may disclose any
21  information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS'
22  EYES ONLY" only to:

23          (a) the Receiving Party's Outside Counsel of record in this
24  action, as well as employees of said Counsel to whom it is reasonably necessary to
25  disclose the information for this litigation and who have signed the "Agreement to
26  Be Bound by Protective Order" that is attached hereto as Exhibit A;

27

28

(b) House Counsel of a Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f) the author of the document or the original source of the information.

8.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

1    The purpose of imposing these duties is to alert the interested parties to the

2  existence of this Protective Order to afford the Designating Party in this case an

3  opportunity to try to protect its confidentiality interests in the court from which the

4  subpoena or order issued.  The Designating Party shall bear the burdens and the

5  expenses of seeking protection in that court of its confidential material - and

6  nothing in these provisions should be construed as authorizing or encouraging a

7  Receiving Party in this action to disobey a lawful directive from another court.

8

9    9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10    If a Receiving Party learns that, by inadvertence or otherwise, it has

11  disclosed Protected Material to any person or in any circumstance not authorized

12  under this Protective Order, the Receiving Party must immediately (a) notify in

13  writing the Designating Party of the unauthorized disclosures, (b) use its best

14  efforts to retrieve all copies of the Protected Material, (c) inform the person or

15  persons to whom unauthorized disclosures were made of all the terms of this

16  Order, and (d) request such person or persons to execute the "Acknowledgment

17  and Agreement to Be Bound" that is attached hereto as Exhibit A.

18

19    10.    FILING PROTECTED MATERIAL

20    Without written permission from the Designating Party or a court order

21  secured after appropriate notice to all interested persons, a Party may not file in

22  the public record in this action any Protected Material.  A Party that seeks to file

23  under seal any Protected Material must comply with Civil Local Rule 79-5.

24

25

26    11.    FINAL DISPOSITION

27

28

PINTOR V. CREDIGY SERVICES CORP., ET AL. (CASE NO. C 07 06428 JF HRL)
AMENDED [PROPOSED] PROTECTIVE ORDER                                              12.

1    Unless otherwise ordered or agreed in writing by the Producing Party,

2    within sixty (60) days after the final termination of this action, each Receiving

3    Party must return all Protected material to the Producing Party.  As used in this

4    subdivision, "all Protected Material" includes all copies, abstracts, compilations,

5    summaries or any other form of reproducing or capturing any of the Protected

6    Material.  With permission in writing from the Designating Party, the Receiving

7    Party may destroy some or all of the Protected Material instead of returning it.

8    Whether the Protected Material is returned or destroyed, the Receiving Party must

9    submit a written certification to the Producing Party (and, if not the same person

10   or entity, to the Designating Party) by the sixty day deadline that identifies (by

11   category, where appropriate) all the Protected material that was returned or

12   destroyed and that affirms that the Receiving Party has not retained any copies,

13   abstracts, compilations, summaries or other forms of reproducing or capturing any

14   of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

15   retain any archival copy of all pleadings, motion papers, transcripts, legal

16   memoranda, correspondence or attorney work product, even if such materials

17   contain Protected Material.  Any such archival copies that contain or constitute

18   Protected Material remain subject to this Protective Order as set forth in Section 4

19   (DURATION), above.

20

21   12.   MISCELLANEOUS

22        12.1   Right to Further Relief: Nothing in this Order abridges the right

23   of any person to seek its modification by the Court in the future.

24        12.2   Right to Assert Other Objections: The entry of this Order does

25   not affect any Party's right to object to disclosing or producing any information or

26   item on any ground not addressed in this Protective Order.  Similarly, no party

27

28

1  waives any right to object on any ground to use in evidence of any of the material

2  covered by this Protective Order.

3  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5  DATED: August 5, 2008               By: /s/ _____

6                                          Ronald Wilcox,
                                            Attorneys for Plaintiff
7

8
   DATED: August 5, 2008               By: /s/ _____
9                                          Balam O. Letona,
                                            Attorneys for Plaintiff
10

11
   DATED: August 5, 2008               By: /s/ _____
12                                          David Humphreys,
                                            Attorneys for Plaintiff
13

14
   DATED: August 5, 2008               By: /s/ _____
15                                          Tomio B. Narita,
                                            Attorneys for Defendants
16                                          Credigy Services Corporation,
                                            Credigy Receivables, Inc. and
17                                          Credigy Solutions, Inc.

18

19 DATED: August 5, 2008               By: /s/ _____
                                            David Kaminski,
20                                          Attorneys for Defendant
                                            Brett Boyde
21

22

23

24

25

26

27

28

1    PURSUANT TO THE STIPULATION OF THE PARTIES,

2    IT IS SO ORDERED.

3

4

5    DATED:    August 25, 2008                    _____

6                              Magistrate Judge of the United States District Court,
                                Northern District of California

7

8                                        Howard R. Lloyd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    EXHIBIT A

2    ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ (print or type full name), of

4    _____ (print or type full address), declare under penalty of perjury

5    that I have read in its entirety and understand the Protective Order that was issued

6    by the United States District Court for the Northern District of California on (date)

7    in the case of *Pintor v. Credigy Services Corp., et al.*, Case No. C 07 06428 JF

8    HRL. I agree to comply with and to be bound by all the terms of this Protective

9    Order and I understand and acknowledge that failure to so comply could expose

10   me to sanctions and punishment in the nature of contempt. I solemnly promise

11   that I will not disclose in any manner any information or item that is subject to this

12   Protective Order to any person or entity except in strict compliance with the

13   provisions of this Order.

14        I further agree to submit to the jurisdiction of the United States District

15   Court for the Northern District of California for the purpose of enforcing the terms

16   of this Protective Order, even if such enforcement proceedings occur after

17   termination of this action.

18        I hereby appoint _____ (print or type full

19   name) of _____ (print or type full address and

20   tel. number) as my California agent for service of process in connection with this

21   action or any proceedings related to enforcement of this Protective Order.

22

23   Date: _____

24   City and State where sworn and signed: _____

25   Printed Name: _____

26

27   Signature: _____

28   _____

PINTOR V. CREDIGY SERVICES CORP., ET AL. (CASE NO. C 07 06428 JF HRL)
AMENDED [PROPOSED] PROTECTIVE ORDER                                    16.