1  Balám O. Letona, Bar No. 229642
   LAW OFFICE OF BALÁM O. LETONA, INC.
2  1347 Pacific Avenue, Suite 203
   Santa Cruz, CA 95060-3940
3  Tel: 831-421-0200
   Fax: 831-621-9659
4  Email: letonalaw@gmail.com

5  Ronald Wilcox, Bar No. 176601
   LAW OFFIC OF RONALD WILCOX
6  2160 The Alameda, First Floor, Suite F
   San Jose, CA 95126
7  Tel: 408-296-0400
   Fax: 408-296-0486
8  Email: ronaldwilcox@post.harvard.edu

9  David Humphreys (pro hac vice)
   Humphreys Wallace Humphreys P.C.
10 9202 South Toledo Ave.
   Tulsa, Oklahoma 74137

11

12 Luke Wallace (pro hac vice)
   Humphreys Wallace Humphreys P.C.
13 9202 South Toledo Ave.
   Tulsa, Oklahoma 74137

14

   Attorneys for Plaintiffs

15

16 **U.S. DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA**
   **SAN JOSÉ DIVISION**

17 MARTHA VASQUEZ PINTOR,                    )
          Plaintiff,                          )  Case No.: C07-06428 JF HL
18                                            )
                                             )  **DECLARATION OF BALÁM O. LETONA**
19                                            )  **IN SUPPORT OF PLAINTIFF'S**
                                             )  **OPPOSITION TO DEFENDANTS'**
      v.                                     )  **MOTION FOR LEAVE TO FILE**
20                                            )  **COUNTERCLAIM**
21                                            )
   CREDIGY SERVICES CORPORATION,             )  **Date: September 26, 2008**
22 CREDIGY RECEIVABLES INC., CREDIGY )          **Time: 9:00 a.m.**
   SOLUTIONS INC., BRETT BOYDE,              )  **HON. JEREMY FOGEL**
23 MARK DOE and DOES 1-10, inclusive,        )
          Defendants.                         )  **U.S. DISTRICT COURT**
24 _____          )  **280 South First St.**
                                                **San Jose, CA**
25

I, Balám Letona, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. section 1746, that the following statements are true:

1. I am one of the Plaintiff's attorneys in the matter above-captioned.

2. I make this declaration in support of Plaintiff's Opposition to Defendant's Motion for Leave to File Counterclaim.

3. Attached as Exhibit 1 is a true and correct copy of Ms. Pintor's collection log provided by CSC and filed as sealed with this court.

4. Attached as Exhibit 2 is a true and correct copy of telephone calls made by CSC's agent, LiveVox Inc., to Ms. Pintor.

5. Attached as Exhibit 3 is a true and correct copy of CSC's 30(b)6 deposition transcript that occurred on April 23, 2008.

6. Attached as Exhibit 4 is a true and correct copy of CSC's 30(b)6 deposition transcript that occurred on April 22, 2008.

7. Attached as Exhibit 5 is a true and correct copy of the service agreement between CSC and Solucoes Brazil and filed as sealed with this court.

8. On April 22, 2008, the FRCP 30(b)6 testified at least twenty-eight (28) times that Solucoes Brazil provided its own employees to CSC. Also, the personnel files provided in discovery show that those individuals worked for Solucoes Brazil.

9. On April 23, 2008, the FRCP 30(b)6 testified at least six times that Solucoes Brazil provided its own employees to CSC.

10. Attached as Exhibit 6 is a true and correct copy of a letter sent from Defendants' counsel to Plaintiffs' counsel with respect to Mr. Ferrao and the other Defendants. In that letter, Defendant's counsel admits that Mr. Ferrao cannot be produced for deposition and that Defendant's counsel has no contact with him.

11. Mr. Fabiano Nascimiento Ferrao aka Mark Doe failed to appear at his duly noticed deposition and have failed to respond to discovery.

12. Attached as Exhibit 7 is a true and correct copy of an e-mail sent in April 2008 from Plaintiffs' counsel to Defendants' counsel with respect to the recordings.

13. Attached as Exhibit 7 is a true and correct copy of a letter sent from Defendants' counsel to Plaintiffs' counsel with respect to the other Defendants.

14. The parties have already battled several discovery motions in the other Credigy matter, two of which related to Defendants' (including these individual defendants mentioned herein) failures to appear at depositions. Nor did Mr. Ferrao respond to written discovery.

Respectfully submitted and executed this 5th day of September 2008,

/s/ Balám Letona

Balám Letona

## Calls to Martha Pintor (1/1/06 - 4/30/08)

| ACCT_TRANSACTION_ID | ACCOUNT | PATIENT_FIRSTNAME | PATIENT_LASTNAME | PATIENT_PHONE1 | CALL_START_TIME | CALL_FINISH_TIME | CALL_DURATION (Seconds) | TFH_RESULT |
|---|---|---|---|---|---|---|---|---|
| 346600370 | 10863899 | Martha | Pintor | 8312270352 | 6/13/2007 14:48 | 6/13/2007 14:49 | 43 | Machine, Left Message |
| 353834150 | 10863899 | Martha | Pintor | 8312270352 | 6/23/2007 14:01 | 6/23/2007 14:02 | - | Invalid Phone Number |
| 355747794 | 10863899 | Martha | Pintor | 8312270352 | 6/26/2007 19:52 | 6/26/2007 19:52 | - | Invalid Phone Number |
| 364538778 | 10863899 | Martha | Pintor | 8312270352 | 7/10/2007 19:44 | 7/10/2007 19:45 | - | Invalid Phone Number |
| 369148271 | 10863899 | Martha | Pintor | 8312270352 | 7/14/2007 15:06 | 7/14/2007 15:09 | - | No Answer |
| 369305230 | 10863899 | Martha | Pintor | 8312270352 | 7/14/2007 16:07 | 7/14/2007 16:10 | - | No Answer |
| 373079580 | 10863899 | Martha | Pintor | 8312270352 | 7/18/2007 18:19 | 7/18/2007 18:20 | - | Invalid Phone Number |
| 375960770 | 10863899 | Martha | Pintor | 8312270352 | 7/21/2007 13:24 | 7/21/2007 13:25 | - | Invalid Phone Number |
| 379497903 | 10863899 | Martha | Pintor | 8312270352 | 7/25/2007 15:25 | 7/25/2007 15:26 | 8 | Hung Up in Opening |
| 383332834 | 10863899 | Martha | Pintor | 8312270352 | 7/28/2007 12:49 | 7/28/2007 12:50 | 3 | Answering Machine (Hung Up) |
| 383373838 | 10863899 | Martha | Pintor | 8312270352 | 7/29/2007 11:04 | 7/29/2007 11:05 | 4 | Hung Up in Opening |
| 394856529 | 10863899 | Martha | Pintor | 8312270352 | 8/10/2007 18:15 | 8/10/2007 18:16 | 43 | Machine, Left Message |
| 395464942 | 10863899 | Martha | Pintor | 8312270352 | 8/11/2007 14:23 | 8/11/2007 14:23 | 8 | Hung Up in Opening |
| 402191879 | 10863899 | Martha | Pintor | 8312270352 | 8/18/2007 12:29 | 8/18/2007 12:30 | 8 | Hung Up in Opening |
| 405588791 | 10863899 | Martha | Pintor | 8312270352 | 8/22/2007 15:09 | 8/22/2007 15:09 | 6 | Hung Up in Opening |
| 406459883 | 10863899 | Martha | Pintor | 8312270352 | 8/23/2007 15:21 | 8/23/2007 15:21 | 6 | Machine, Left Message |
| 407076031 | 10863899 | Martha | Pintor | 8312270352 | 8/23/2007 19:41 | 8/23/2007 19:41 | 1 | Hung Up in Opening |
| 407678596 | 10863899 | Martha | Pintor | 8312270352 | 8/24/2007 13:43 | 8/24/2007 13:44 | 7 | Hung Up in Opening |
| 408350764 | 10863899 | Martha | Pintor | 8312270352 | 8/25/2007 14:27 | 8/25/2007 14:28 | 5 | Hung Up in Opening |
| 412829866 | 10863899 | Martha | Pintor | 8312270352 | 8/29/2007 13:50 | 8/29/2007 13:51 | 44 | Machine, Left Message |
| 413153385 | 10863899 | Martha | Pintor | 8312270352 | 8/29/2007 18:29 | 8/29/2007 18:30 | 3 | Answering Machine (Hung Up) |
| 414319224 | 10863899 | Martha | Pintor | 8312270352 | 8/30/2007 13:35 | 8/30/2007 13:36 | 3 | Answering Machine (Hung Up) |
| 414941542 | 10863899 | Martha | Pintor | 8312270352 | 8/30/2007 18:25 | 8/30/2007 18:25 | 3 | Answering Machine (Hung Up) |
| 415833815 | 10863899 | Martha | Pintor | 8312270352 | 8/31/2007 14:56 | 8/31/2007 14:57 | 3 | Answering Machine (Hung Up) |
| 416157484 | 10863899 | Martha | Pintor | 8312270352 | 9/1/2007 13:58 | 9/1/2007 13:59 | 44 | Machine, Left Message |
| 420804638 | 10863899 | Martha | Pintor | 8312270352 | 9/6/2007 13:50 | 9/6/2007 13:51 | 35 | Machine, Left Message |
| 421056546 | 10863899 | Martha | Pintor | 8312270352 | 9/6/2007 18:55 | 9/6/2007 18:56 | 4 | Answering Machine (Hung Up) |
| 421984459 | 10863899 | Martha | Pintor | 8312270352 | 9/7/2007 15:33 | 9/7/2007 15:35 | 66 | Listened |
| 422632863 | 10863899 | Martha | Pintor | 8312270352 | 9/8/2007 14:53 | 9/8/2007 14:54 | 44 | Machine, Left Message |
| 428509351 | 10863899 | Martha | Pintor | 8312270352 | 9/13/2007 12:53 | 9/13/2007 12:54 | 9 | Hung Up in Opening |
| 430035228 | 10863899 | Martha | Pintor | 8312270352 | 9/14/2007 18:12 | 9/14/2007 18:12 | 5 | Hung Up in Opening |
| 430595134 | 10863899 | Martha | Pintor | 8312270352 | 9/15/2007 12:47 | 9/15/2007 12:49 | 58 | Machine, Left Message |
| 430771290 | 10863899 | Martha | Pintor | 8312270352 | 9/15/2007 14:58 | 9/15/2007 14:59 | 4 | Hung Up in Opening |
| 431783645 | 10863899 | Martha | Pintor | 8312270352 | 9/17/2007 19:45 | 9/17/2007 19:46 | 8 | Machine, Left Message |
| 432154475 | 10863899 | Martha | Pintor | 8312270352 | 9/17/2007 20:28 | 9/17/2007 20:28 | - | Hung Up in Opening |
| 437061713 | 10863899 | Martha | Pintor | 8312270352 | 9/20/2007 15:00 | 9/20/2007 15:01 | 8 | Machine, Left Message |
| 437282546 | 10863899 | Martha | Pintor | 8312270352 | 9/20/2007 18:53 | 9/20/2007 18:53 | 3 | Answering Machine (Hung Up) |
| 439260503 | 10863899 | Martha | Pintor | 8312270352 | 9/22/2007 11:10 | 9/22/2007 11:11 | 4 | Hung Up in Opening |
| 440670107 | 10863899 | Martha | Pintor | 8312270352 | 9/24/2007 14:31 | 9/24/2007 14:32 | 8 | Machine, Left Message |
| 441200744 | 10863899 | Martha | Pintor | 8312270352 | 9/24/2007 19:08 | 9/24/2007 19:09 | 3 | Answering Machine (Hung Up) |
| 442268612 | 10863899 | Martha | Pintor | 8312270352 | 9/25/2007 13:42 | 9/25/2007 13:43 | 8 | Machine, Left Message |
| 442825387 | 10863899 | Martha | Pintor | 8312270352 | 9/25/2007 19:04 | 9/25/2007 19:05 | 3 | Answering Machine (Hung Up) |
| 449211055 | 10863899 | Martha | Pintor | 8312270352 | 9/29/2007 11:29 | 9/29/2007 11:30 | 58 | Machine, Left Message |
| 454645843 | 10863899 | Martha | Pintor | 8312270352 | 10/4/2007 13:46 | 10/4/2007 13:48 | 58 | Machine, Left Message |
| 456686540 | 10863899 | Martha | Pintor | 8312270352 | 10/6/2007 14:41 | 10/6/2007 14:41 | 1 | Hung Up in Opening |
| 457576796 | 10863899 | Martha | Pintor | 8312270352 | 10/8/2007 15:08 | 10/8/2007 15:08 | 1 | Hung Up in Opening |



EXHIBIT 2

CONDENSED TRANSCRIPT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION


MARTHA VASQUEZ PINTOR,

               Plaintiff(s),

        vs.                NO: C07-06428 JF-HRL

CREDIGY SERVICES CORPORATION,

CREDIGY RECEIVABLES, INC.,

CREDIGY SOLUTIONS, INC.,

BRETT BOYDE, MARK DOE and

DOES 1-10, inclusive,

               Defendant(s).

_____/


30(b)(c) DEPOSITION OF JASON S. WILLIAMS


DATE:          Wednesday, April 23, 2008

TIME:          9:05 A.M.

LOCATION:     TALTY COURT REPORTERS, INC.
               2131 The Alameda, Suite D
               San Jose, CA 95126

REPORTER:     Patricia Hope Sales, CRR
               CSR License Number C-4423

**EXHIBIT 3**

CONDENSED TRANSCRIPT

Page 2

```
 1   A P P E A R A N C E S :

 2

 3   For the Plaintiff(s):    RONALD WILCOX
                              Attorney at Law
 4                            2160 The Alameda
                              Suite F
 5                            San Jose, CA 95126-1122
                              (408) 296-0400
 6                            ronaldwilcox@yahoo.com

 7                            BALAM O. LETONA
                              Attorney at Law
 8                            1347 Pacific Avenue
                              Suite 203
 9                            Santa Cruz, CA 95060-3940
                              (831) 421-0200
10                            letonalaw@gmail.com

11

     For the Defendant(s):    CARLSON & MESSER LLP
12                            Attorneys at Law
                              5959 West Century Boulevard
13                            Suite 1214
                              Los Angeles, CA 90045
14                            (310) 242-2200
                              By: DAVID J. KAMINSKY, ESQ.
15

16   The Videographer:        BALAM O. LETONA
                              Attorney at Law
17                            1347 Pacific Avenue
                              Suite 203
18                            Santa Cruz, CA 95060-3940
                              (831) 421-0200
19                            letonalaw@gmail.com

20

21

22

23

24

25
```

**EXHIBIT 3**

CONDENSED TRANSCRIPT

```
  1                          I N D E X

  2                                                    Page

  3     Morning Session                                 5

  4     Afternoon Session                              111

  5

  6

  7                INDEX OF EXAMINATIONS

  8     By Mr. Wilcox                                    6

  9

 10

 11                 INDEX OF REQUESTS

 12     By Mr. Wilcox                                   38

 13

 14

 15              INDEX OF MARKED QUESTIONS

 16                    Page 90, line 10

 17                    Page 93, line 22

 18                    Page 106, line 2

 19                    Page 107, line 5

 20                    Page 107, line 19

 21                    Page 133, line 23

 22

 23

 24

 25
```

TALTY COURT REPORTERS, INC.                    (408) 244-1900    FAX:  (408) 244-1374

EXHIBIT 3

CONDENSED TRANSCRIPT

Page 4

1                              INDEX OF EXHIBITS

2    Deposition                                              Page

3    1        Tracking notes for Vasquez account, ten          6
              pages
4
     2        Tracking notes for Fausto account,              57
5             thirteen pages

6    3        Credigy Corporate Policies and Procedures       61
              Document entitled, "Dispute Resolution
7             Process dated 5-17-06, twenty-three pages

8    4        Document entitled, "Non-Negotiable             123
              Account" for Martha V. Pintor, one page
9
     5        Wells Fargo document entitled, "VISA or        126
10            MasterCard Customer Agreement and
              Disclosure Statement for Manuel G.
11            Fausto, five pages

12   6        Document entitled, "FSI Master File,"          128
              for Manuel G. Fausto account, one page
13
     7        Document entitled "Customer Service            145
14            Training, Instructor, Brian Siler,"
              twenty-three pages
15

16

17

18

19

20

21

22

23

24

25

EXHIBIT 3

CONDENSED TRANSCRIPT

1      Q.  A non-800 number.

2      A.  Oh, okay.  A non-800 number.

3          To my knowledge we generally, meaning Credigy

4   Services Corp, provide the 800 number to consumers.

5   It's -- it may -- on occasion there may be a local

6   number provided to a consumer to speak with someone in

7   particular, or a fax number, or something like that.

8   Generally it's the 800 number.

9      Q.  And in an account like Mrs. Vasquez does the

10  800 number go back to Brazil or to Atlanta?

11     A.  Again, as I indicated yesterday, inbound phone

12  calls received on the 800 number provided by Credigy

13  Services Corp are answered by the customer service

14  group of Credigy Services Corp.

15         At a point in time -- I'm not sure of the exact

16  date, but either towards the end of 2006 or beginning

17  2007 -- the customer service function for receiving

18  inbound calls was outsourced by Credigy Services Corp

19  under contract to Credigy Soluçoes Financeiras in Sao

20  Paolo.  After that point in time, inbound calls on the

21  800 number would have been routed and answered by an

22  employee of Credigy Soluçoes Financeiras.

23     Q.  In the fourth column for January 16, 2007 the

24  note entry says, "Call status:  Hung up in

25  opening."  Is that a fair reading of that?

CONDENSED TRANSCRIPT

1    that?

2        A.  In Exhibit 1, based on my reading of the

3    tracking notes, I believe that kervin -- the individual

4    associated with kervin activated the "dispute" flag on

5    account ID 10739155.

6        Q.  And in Exhibit 2 would that person who

7    activated the flag be lposton?

8        A.  Correct.

9            MR. WILCOX:  David, do you have another copy of

10   this dispute resolution process?  Do you have --

11           MR. KAMINSKI:  You got it?

12           (Discussion off the record.)

13           MR. WILCOX:  Yeah, it's just -- that's it right

14   there (indicating).

15           Why don't we mark that as Exhibit 3.

16           MR. KAMINSKI:  And, Ron, could we have the same

17   agreement that we had yesterday with respect to any

18   documents that are marked as an exhibit today, that we

19   will mark all of them "Confidential" for the sake of

20   expedience, and you and I will meet and confer before

21   any motion is filed whenever --

22           MR. WILCOX:  Yeah.

23           MR. KAMINSKI:  -- the document needs to be used

24   and work that out?

25           MR. WILCOX:  Yeah.  The stipulation we made

**EXHIBIT 3**

CONDENSED TRANSCRIPT

1    yesterday, that certain documents have been produced;

2    defendant has not marked them as "Confidential" as of

3    yet.

4          The document which we are marking now as

5    Exhibit 3, dispute resolution process, plaintiff

6    understands the defendant may still mark that as

7    "Confidential" pursuant to the protective order entered

8    in this case.

9          And also we agreed that the deposition of

10   yesterday and today could be used interchangeably in

11   the two cases so that we can save time here for

12   Mr. Williams.

13          MR. KAMINSKI:  Right.  Thank you.

14          MR. WILCOX:  Thank you.

15   BY MR. WILCOX:

16      Q.  Mr. Williams, I'm going to hand you --

17          MR. WILCOX:  Oh, it hasn't been marked yet.

18          (Exhibit marked for identification:

19          Deposition Exhibit Number 3.)

20   BY MR. WILCOX:

21      Q.  All right.  You have now been handed what's

22   marked as Exhibit 3.  Are you familiar with that

23   document?

24      A.  Yes.  Are we done, though, with Exhibit 1 and

25   2?  What's --

TALTY COURT REPORTERS, INC.                    (408) 244-1900    FAX: (408) 244-1374

**EXHIBIT 3**

Page 146

1      Q.  Are customer service employees debt

2   collectors?

3      A.  Generally the customer service employees are

4   just employees that handle inbound calls, and they are

5   not typically attempting to collect debt.

6      Q.  Where are they located?

7      A.  Again, I have indicated several times that the

8   customer service employees, until either late 2006 or

9   early 2007, were employed directly by Credigy Services

10  Corp at the Atlanta offices of Credigy Services Corp,

11  and after that time the customer service function

12  was -- the customer service function was outsourced to

13  Credigy Soluçoes in Sao Paolo.

14     Q.  Do you know what date this document was

15  created?

16     A.  I don't, no.

17     Q.  Do you know when it was put into use?

18     A.  I don't.

19     Q.  Do you know if it's currently in use?

20     A.  To my knowledge this is a current training

21  document that's used with customer service personnel

22  and potentially other personnel, yes.

23         MR. KAMINSKI:  Do you want to see something?

24         THE WITNESS:  It's 2:20.

25         MR. KAMINSKI:  Okay.

EXHIBIT 2

CONDENSED TRANSCRIPT

1          MR. WILCOX:  -- where we go from here in terms

2   of holding it open.

3          But thank you very much, Mr. Williams.  I hope

4   you enjoy your -- and have a safe trip back to Atlanta.

5          THE WITNESS:  All right.  Thanks very much,

6   guys.

7          (Whereupon, at 2:22 P.M. the

8          deposition of JASON S. WILLIAMS was

9          concluded.)

10

11

12

13          _____

14                          Signature

15

16

17          _____

18                          Date

19

20

21

22

23

24

25

EXHIBIT 3

CONDENSED TRANSCRIPT

Page 150

1                              CERTIFICATE

2          I, Patricia Hope Sales, a Certified Shorthand

3    Reporter, License Number 4423, hereby certify that the

4    witness in the foregoing deposition, JASON S. WILLIAMS,

5    was duly sworn by me to tell the truth in the

6    above-entitled cause; that said deposition was taken at

7    the time and place therein named; that the testimony of

8    said witness was reported by me, a disinterested

9    person, to the best of my ability, and was thereafter

10   transcribed by means of computer-aided transcription

11   under my direction and supervision.

12          IN WITNESS WHEREOF, I have hereunto set my hand.

13   Date:  May 13, 2008     _____

14          Signing of the deposition by the deponent was

15   waived by stipulation at the time of the taking of the

16   deposition.     _____

17          The deponent personally appeared on the _____ day

18   of _____, _____ and upon said date read and

19   signed the deposition. _____

20          Upon completion of the transcript of the

21   deposition, the deponent was notified that it was ready

22   for signature, but did not sign said deposition for the

23   following reason:

24   Date: _____     _____

25

TALTY COURT REPORTERS, INC.                    (408) 244-1900    FAX: (408) 244-1374

EXHIBIT 3

CONDENSED TRANSCRIPT

1

2                  UNITED STATES DISTRICT COURT

3      FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE

4

5    MANUEL G. FAUSTO and LUZ,           )
     FAUSTO,                             )
6                                        )
                    Plaintiffs,          )
7                                        )
                                         )
8        vs.                             )Case No. CO7 05658 JW (RS)
                                         )
9    CREDIGY SERVICES CORPORATION;)
     CREDIGY RECEIVABLES, INC.;          )
10   CREDIGY SOLUTIONS, INC.;            )
     RYAN MILLER; RICARDO VENTURA;)
11   BRETT BOYDE; PAULO PERES;           )
     THOMPSON; and DOES 1-10,            )
12   inclusive,                          )
                                         )
13                  Defendants.          )
     _____)

14

15

                 DEPOSITION OF JASON SEAN WILLIAMS
16

17          BE IT REMEMBERED:  That pursuant to Notice of

18   Taking Deposition and on Tuesday, the 22nd day of 2008,

19   commencing at the hour of 9:13 a.m. of said day, before

20   me, Lisa Solomon, C.S.R., License Number CSR-8058,

21   personally appeared JASON SEAN WILLIAMS, called as a

22   witness herein, at the offices of Talty Court Reporters,

23   2131 The Alameda, Suite D, San Jose, California, and

24   being by me first duly affirmed, was examined as a

25   witness in said cause.

TALTY COURT REPORTERS, INC.                    (408) 244-1900    FAX: (408) 244-1374



EXHIBIT 4

CONDENSED TRANSCRIPT

```
 1               A P P E A R A N C E S                    Page 2

 2

 3   For the Plaintiffs:      LAW OFFICE OF RONALD WILCOX

 4                            2160 The Alameda

 5                            Suite F

 6                            San Jose, CA  95126

 7                       BY:  RONALD WILCOX, ESQ.

 8                                 and

 9                            BALAM O. LETONA, ESQ.

10

11

12   For the Defendants:      DAVID J. KAMINSKI, ESQ.

13                            5959 W. Century Boulevard

14                            Suite 1214

15                            Los Angeles, CA  90045

16

17

18   Videographer:            Balam O. Letona

19

20

21

22

23

24

25
```



EXHIBIT

CONDENSED TRANSCRIPT

Page 3

1                        INDEX OF EXHIBITS

2

3    Plaintiffs'                                              Page

4    No. 1              Group of documents Bate
                        stamped FA00001 to FA0014        94
5
     No. 2              Wells Fargo MasterCard
6                       Customer Agreement and
                        Disclosure Statement            209
7
     No. 3              Letter dated November 28,
8                       2006 with attachments           221

9
     No. 4              FDCP Review                      245
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

TALTY COURT REPORTERS, INC.                    (408) 244-1900   FAX: (408) 244-1374


EXHIBIT 4

CONDENSED TRANSCRIPT

1    on FA2.  Over in the right column there's a column

2    header "Collector," and then below that is "eisilva,"

3    S-i-l-v-a.  Do you see that?

4        A    I do.

5        Q    Is eisilva a debt collector in the Brazil

6    Credigy location?

7        A    To my knowledge, eisilva is a debt collector in

8    the Brazilian location maintained by Credigy Solucoes

9    under contract to Credigy Services Corp.

10       Q    How do you know that?

11       A    Well, for one, the -- at this point in time we

12   did not at Credigy Services Corp. have any or many

13   internal collectors at Credigy Services Corp. in Atlanta

14   remain.

15           So at this point in time, December 3rd, 2007,

16   most all -- and it could have been all, I'd have to

17   double check, of the calls that Credigy Service Corp.

18   were made were being handled by contracted employees

19   provided by Credigy Solucoes.

20           I also would have to look back at the notes and

21   I can determine -- for example, looking on FA04 on the

22   date of April 10, 2007, that a letter was issued with

23   the letter code DD02 CSC BZ, which indicates to me that

24   at that time this account was being worked by the

25   personnel provided by Credigy Solucoes.

EXHIBIT 4

CONDENSED TRANSCRIPT

1         And what I was looking for -- again, on

2    December 22nd, 2006, there is another indication there

3    was a letter template that's on FA06 generated.  It has

4    the BZ code, so the account was being worked by

5    personnel provided by Credigy Solucoes at that time.

6         And let me -- here we go.  When I was looking

7    back on August 18th, 2006, on FA08, there's a note

8    halfway down the page marked as a systems event and

9    identified in column 3 as public, that the particular

10   account number we're talking about here was moved

11   between portfolios by Mariam Arakawa Irie's request.

12        So I could state definitively at this point in

13   time that August 18th, 2006, that this account was

14   certainly being worked by personnel provided by Credigy

15   Solucoes to Credigy Services Corp.

16   Q    Okay.

17   A    So again, a review of the notes -- tracking

18   notes related to the case.

19   Q    Did Ulysses Rodrigues ever talk to eisilva

20   about the Fausto account?

21   A    I have no idea.

22   Q    Did Vinicius ever talk to eisilva about the

23   Fausto account?

24        MR. KAMINSKI:  Objection.  Calls for

25   speculation.  Lacks foundation.

EXHIBIT 4

CONDENSED TRANSCRIPT

Page 252

1    STATE OF CALIFORNIA   )

2    COUNTY OF SANTA CLARA)

3                        CERTIFICATE

4         I, Lisa R. Smith, a Certified Shorthand

5    Reporter, License No. CSR-8058, certify that the witness

6    in the foregoing deposition, JASON SEAN WILLIAMS, was

7    duly sworn by me to tell the truth in the within

8    entitled cause.  Said deposition was reported by me, a

9    Certified Shorthand Reporter and a disinterested person,

10   to the best of my ability, and thereafter transcribed

11   into typewriting under my direction and supervision.

12   Date:  5/13/08

13                        _____

14                        Lisa R. Smith, C.S.R.
                           License No. CSR-8058

15        The signing of the deposition by the deponent

16   was waived by stipulation at the time of the taking of

17   the deposition. _____

18        The deponent personally appeared on

19   the_____day of_____2008, and upon said date read

20   and signed the deposition. _____

21        Upon completion of the deposition, the deponent

22   was notified that it was ready for signature, but did

23   not sign said deposition for the following

24   reason:_____

25

# CARLSON & MESSER LLP
### LAWYERS

JEFFERY J. CARLSON
CHARLES R. MESSER
DAVID J. KAMINSKI
LARISSA G. NEFULDA
EDGAR N. DE VERA
J. GRACE FELIPE
MARTIN SCHANNONG
STEPHEN A. WATKINS
MICHAEL P. LAVIGNE

5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045
TELEPHONE (310) 242-2200
FAX (310) 242-2222
WWW.CMTLAW.COM
E-MAIL: CMT@CMTLAW.COM

OF COUNSEL

JOSEPH R. ZAMORA *
JEANNE L. ZIMMER

*CERTIFIED APPELLATE
LAW SPECIALIST
THE STATE BAR OF
CALIFORNIA
BOARD OF LEGAL
SPECIALIZATION

June 18, 2008

## VIA E-MAIL AND FACSIMILE

Ronald Wilcox, Esq.
2160 The Alameda
First Floor, Suite F
San Jose, CA 95126

Re:  Fausto, Manuel & Luz Fausto v. Credigy Services Corp.; Credigy Receivables, Inc.; et al.
Case No.: C07-05658 JW RS
Our File No. 05712.00

Dear Ron:

This letter will address the discovery issues in this case. As you know, we spoke and discussed these issues today.

On June 13, 2008, you sent me an e-mail at approximately 2:35 p.m. that day. Please note that I was out of State and had no access to e-mail. In that e-mail, you requested deposition dates for the depositions of Luis Renato Silva Nunes, Ricardo Ventura, Paulo Peres, Rita Goncalves, Fabiano Nasciemiento Ferrao for August 13, 14th and 15th, 2008. With regard to these depositions, and as you know, my office has only filed Answers to Plaintiff's Complaint in *Fausto* on behalf of Nunes and Peres. My office does not represent Ventura, Goncalves or Ferrao (Pintor case). As you know, my office has also filed Motions to Withdraw from the Stipulation that was entered into between the parties to respond on behalf of Ventura, Goncalves and Ferrao. Those Motions are set for July 25, 2008 in *Pintor* and September 22, 2008 in *Fausto*. My office has been unable to get in contact with these individuals in any regard, as they are former employees of Credigy, and therefore, I have absolutely no ability of any kind to produce them for a deposition. Therefore, I cannot provide any deposition dates for deponents Ventura, Goncalves and Ferrao.

With respect to Luis Renato Silva Nunes, he has a scheduled Visa interview for September 2, 2008 at 9:30 a.m. in Brazil. I am informed that the interview is a prerequisite to the issuance of a Visa. The interview does not guarantee that Mr. Nunes will be granted a Visa, but we will likely know the status of the Visa within 10-15 days thereafter. We will report to you as soon after September 2, 2008 when we obtain information concerning the results of the Visa interview with Nunes. In light of the fact that Mr. Nunes' Visa interview does not take place until September 2, 2008, we cannot produce him for a deposition in the United States in August 2008. We also cannot provide you with a deposition date until such time as we learn that he has been actually granted a Visa.

05712.00:145273



**EXHIBIT 6**

Ronald Wilcox, Esq.
Re:  Fausto, Manuel & Luz Fausto v. Credigy Services Corp.; Credigy Receivables, Inc.; et al.
June 18, 2008
Page 2

With regard to Paulo Peres, I was just recently informed that Mr. Peres recently left the employment of Credigy. I am in the process of attempting to get in touch with him immediately. I will get back to you with regard to Mr. Peres' status as soon as possible.

On June 16, 2008, your office served a first set of discovery in the *Pintor* case on Fabiano Ferrao, a first set of discovery in the *Fausto* case on Rita Goncalves, and a first set of discovery in the *Fausto* case on Ricardo Ventura. As set forth above, my office never represented these individuals, they are former Credigy employees, they have never appeared in this action, we have never been able to contact them, and therefore my office has no authority or ability to respond the discovery as to these individuals. As set forth above, and as you know, Motions to Withdraw from Stipulations as to these individuals are currently set for July 25, 2008 and September 22, 2008, in the *Pintor* and *Fausto* cases, respectively.

As you know, Credigy has provided you with the last known address and employee information, to the extent available, with respect to Ventura, Goncalves and Ferrao.

If you have any questions or if you wish to further discuss the matters herein, please do not hesitate to contact me at your earliest convenience.

Very truly yours,

David J. Kaminski
CARLSON & MESSER LLP

DJK:dan

cc:     Tomio Narita, Esq.
        Jeff Topor, Esq.

05712.00:145273

EXHIBIT 

**From:** Ronald Wilcox <ronaldwilcox@mac.com>
**Subject: Fausto v. Credigy, Stipulation regarding recordings**
**Date:** April 16, 2008 7:02:10 PM PDT
**To:** "David J. Kaminski" <KAMINSKD@cmtlaw.com>
▶   1 Attachment, 151 KB



Dear David,

Plaintiffs are working on their discovery responses.  I see Defendants have requested the recordings I mentioned to you. As mentioned before, we would be happy to enter into a stipulation regarding the timing of turnover of the recordings- to occur after Defendants' depositions. As you know Judges on San Jose have already ruled similarly on the issue. See *Renteria v. Collectorp.,* 2005 U.S. Dist. LEXIS 41769 (N.D. CA. 2005).  Please call me so we can discuss the stipulation.


Thank you,

Ronald Wilcox
Attorney at Law
2160 The Alameda, First Floor
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@mac.com




Renteria v. C....pdf (151 KB)



**EXHIBIT 7**